1

**MORGAN, LEWIS & BOCKIUS LLP**
Molly Moriarty Lane, Bar No. 149206
molly.lane@morganlewis.com
Christina Chen, Bar No. 294921
christina.chen@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

2

3

4

5

6

*Attorneys for Defendant*
*HP Inc.*

7

8

9

10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

11

12

13

GARY FREUD and WAYNE MCMATH,
individually and on behalf of all others similarly
situated,

Plaintiff,

v.

HP INC., d/b/a HP COMPUTING AND
PRINTING INC., Delaware corporation,
Defendant.

14

15

16

17

18

19

Case No. 5:22-cv-03794-BLF

**DEFENDANT HP INC.'S NOTICE OF
MOTION AND MOTION TO DISMISS
PLAINTIFFS' CLASS ACTION
COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT THEREOF**

*[Filed Concurrently with the [Proposed]
Order]*

Hearing Date:  January 5, 2023
Hearing Time: 9:00 am

Judge:         Honorable Beth L. Freeman
Court:         Courtroom 3 – 5th Floor

20

21

22

23

24

25

26

27

28

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2023, at 9:00 am or as soon thereafter as the matter may be heard in Courtroom 3 of the San Jose Courthouse of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California, Defendant HP Inc., will and hereby does move this Court for an order dismissing Plaintiffs Gary Freund and Wayne McMath's Class Action Complaint ("Complaint"), pursuant to 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure.

This case should be dismissed because Plaintiffs fail to meet Rule 9(b)'s heightened pleading requirements with respect to their fraud-based claims, and additionally fail to plead adequately certain elements of their claims under California's False Advertising Law and Unfair Competition Law, Minnesota's Deceptive Trade Practices Act and False Advertising Law, and their negligent misrepresentation claim. Plaintiffs' negligent misrepresentation claim should also be dismissed because it is barred by the economic loss rule, and their claims for breach of express warranty should be dismissed because Plaintiffs have failed to allege sufficiently an actual breach. Plaintiffs' claims for equitable relief under their unjust enrichment and consumer statute claims should also be dismissed because Plaintiffs have failed to allege inadequate remedies at law. Plaintiffs also lack standing to assert claims for the printers they did not purchase, and to assert any allegations regarding the fax functions of HP's All-in-One Printers.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, and the complete files and records in this action, and such other argument and evidence as may be presented at or before the hearing of this matter.

Dated: September 15, 2022

**MORGAN, LEWIS & BOCKIUS LLP**

By */s/ Molly Moriarty Lane*
Molly Moriarty Lane
Christina Chen

Attorneys for Defendant HP Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 3

I.      INTRODUCTION ........................................................................................... 3

II.     STATEMENT OF FACTS ............................................................................. 4

        A.      The Parties............................................................................................. 4

        B.      Plaintiffs' Purchase of the Products in Question..................................... 4

        C.      Plaintiffs' Claims ................................................................................... 5

III.    LEGAL STANDARD ..................................................................................... 6

IV.     ARGUMENT .................................................................................................. 7

        A.      Plaintiffs' Fraud-Based Claims Must Be Dismissed Because Plaintiffs
                Have Not Pled Specific Facts To Support Their Claims, Their Claims Are
                Contradicted By the Articles on Which They Rely, Plaintiffs Fail to Plead a
                Duty to Disclose, and Plaintiffs Fail to Plead Particular Elements of Their
                Claims ................................................................................................... 7

                1.      Plaintiffs Fail to Plead Facts Supporting Their Claims With The
                        Required Particularity ................................................................. 7

                2.      Plaintiffs' Allegations About the Printers' Inability to Scan or Fax
                        are Contradicted by Websites Referenced in the Complaint ......... 9

                3.      Plaintiffs' Failure to Allege a Duty to Disclose is Fatal to their
                        Fraud-Based Claims .................................................................. 11

                4.      As a Separate Basis for Dismissal, Plaintiffs Also Fail to Plead
                        Elements of Their Fraud-Based Claims ..................................... 12

                        (i) FAL Claim………………………..…………………………...12

                        (ii) UCL Claim………..………………..……………………...12

                        (iii) Negligent Misrepresentation Claim, Minnesota False
                             Statement in Advertising Act, Minnesota Uniform
                             Deceptive Trade Practices Act………………………….....14

                        (iv) Plaintiffs cannot rely on generalized and irrelevant
                             allegations about industry practice to in lieu of actual
                             factual allegations…………………………………………...14

        B.      Plaintiffs Negligent Misrepresentation Claim Should Also be Dismissed
                Because It is Barred by the Economic Loss Doctrine............................. 13

        C.      Plaintiffs' Claim for Breach of Express Warranty Fails Because Plaintiffs
                Have Failed to Allege Sufficiently that an Actual Breach Occurred ................... 15

i

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

D.    Plaintiffs' Claims for Equitable and Injunctive Relief  Should Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law ...................... 16

E.    Plaintiffs' Claim for Unjust Enrichment Should Also be Dismissed................... 20

F.    Plaintiffs Lack Standing to Assert Claims Relating to the Non-Purchased Printers and the Printers' Faxing Function............................................................ 21

　　　1.    Plaintiffs Lack Standing to Assert Claims for Non-Purchased Printers ................................................................................................... 21

　　　2.    2. Plaintiffs Lack Standing to Assert  Allegations Regarding Fax Functions that Did Not Cause Plaintiffs Harm ........................................... 23

V.    CONCLUSION ............................................................................................. 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Alamilla v. Hain Celestial Grp., Inc.*
   30 F. Supp. 3d 943 (N.D. Cal. 2014) ................................................................. 10

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ............................................................................................ 24

*Avila v. Countrywide Home Loans*
   No. 10-CV-05485-LHK, 2011 WL 1192999 (N.D. Cal. March 29, 2011) ........... 10

*Barclay v. Icon Health & Fitness, Inc.*
   No. 19-CV-2970, 2022 WL 486999 (D. Minn. Feb. 17, 2022) ............................ 17

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) .............................................................................................. 7

*Bhatia v. 3M Co.*
   323 F. Supp. 3d 1082 (D. Minn. 2018) ................................................................. 8

*Blum v. Yaretsky*
   457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) ...................................... 22

*Brothers v. Hewlett-Packard Co.*
   No. C-06-02254 RMW, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007) ................. 16

*Bruce Martin Const., Inc. v. CTB, Inc.*
   735 F.3d 750 (8th Cir. 2013) ............................................................................... 18

*Burchfield v. Prestige Consumer Healthcare, Inc.*
   534 F. Supp. 3d 1192 (C.D. Cal. 2021) ............................................................... 11

*Bureerong v. Uvawas*
   922 F.Supp. 1450 (C.D. Cal. 1996) ..................................................................... 15

*Carrillo v. BMW of N. Am., LLC*
   No. CV198702DSFGJSX, 2020 WL 12028896 (C.D. Cal. June 8, 2020) ........... 12

*Chin v. Gen. Mills, Inc.*
   No. CIV. 12-2150MJD/TNL, 2013 WL 2420455 (D. Minn. June 3, 2013) ...... 8, 21

*Clancy v. The Bromley Tea Co.*
   308 F.R.D. 564 (N.D. Cal. 2013) ........................................................................ 22

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

*Clark v. Am. Honda Motor Co.*
    528 F. Supp. 3d 1108 (C.D. Cal. 2021)...................................................................... 18

*Cleveland v. Whirlpool Corp.*
    550 F. Supp. 3d 660 (D. Minn. 2021) ........................................................................ 20

*Cooper v. Pickett*
    137 F.3d 616 (9th Cir. 1997)........................................................................................ 8

*Coto Settlement v. Eisenberg*
    593 F.3d 1031 (9th Cir. 2010)..................................................................................... 20

*Davidson v. Apple, Inc.*
    No. 16-CV-4942-LHK, 2017 WL 3149305 (N.D. Cal. July 25, 2017) ................................. 18

*Davis v. Fed. Election Comm'n*
    554 U.S. 724, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) ....................................... 8, 12

*Davis v. HSBC Bank Nevada N.A.*
    691 F.3d 1152 (9th Cir. 2012)..................................................................................... 22

*Eisen v. Porsche Cars N. Am., Inc.*
    No. CV 11-9405 CAS FEMX, 2012 WL 841019 (C.D. Cal. Feb. 22, 2012) ......................... 8

*Falk v. Nissan N. Am., Inc.*
    No. 17-CV-04871-HSG, 2018 WL 2234303 (N.D. Cal. May 16, 2018)................................ 11

*Falk v. Gen. Motors Corp.*
    496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) ......................................................... 20

*Ferrari v. Best Buy Co.*,
    No. CIV. 14-2956MJD/FLN, 2015 WL 2242128 (D. Minn. May 12, 2015) ....................... 21

*Figy v. Frito-Lay N. Am., Inc.*
    67 F. Supp. 3d 1075 (N.D. Cal. 2014) ....................................................................... 22

*Frenzel v. AliphCom*
    *76 F. Supp. 3d 999 (N.D. Cal. 2014)* ......................................................................... 8

*Frye v. Wine Library, Inc.*
    06–5399 SC, 2006 WL 3500605 (N.D. Cal. Dec. 4, 2006) ................................... 17

*Gisairo v. Lenovo (United States) Inc.*
    516 F. Supp. 3d 880, 894 (D. Minn. 2021) .............................................................. 21

*Hadley v. Kellogg Sales Co.*
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..................................................................... 13

*Herron v. Best Buy Co. Inc.*
    924 F. Supp. 2d 1161, 1174 (E.D. Cal. 2013) .......................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

*Hodsdon v. Mars, Inc.*
    162 F. Supp. 3d 1016 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ....................... 11

*In re Gilead Scis. Sec. Litig.*
    536 F.3d 1049 (9th Cir. 2008) ......................................................................................... 7

*Johns v. Bayer Corp.*
    No. 09CV1935 DMS (JMA), 2010 WL 476688, 2010 U.S. Dist. LEXIS 10926 (S.D. Cal. Feb.
    9, 2010) ............................................................................................................... 22

*Kearns v. Ford Motor Co.*
    567 F.3d 1120 (9th Cir. 2009) ......................................................................................... 8

*Lazy Y Ranch Ltd. v. Behrens*
    546 F.3d 580 (9th Cir. 2008) ........................................................................................ 10

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) .......................................................................................... 7

*Lewis v. Casey*
    518 U.S. 343 (1996) ................................................................................................ 21, 22

*Loomis v. U.S. Bank Home Mortg.*
    912 F. Supp. 2d 848 (D. Ariz. 2012) ............................................................................. 13

*Lorentzen v. Kroger Co.*
    532 F. Supp. 3d 901 (C.D. Cal. 2021) ........................................................................... 23

*Lorenz v. Sauer*
    807 F.2d 1509 (9th Cir. 1987) ......................................................................................... 8

*Lozano v. Bowmar Nutrition LLC*
    No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660 (C.D. Cal. Aug. 19, 2021) ................... 23

*Maloney v. Indymac Mortgage Servs.*
    No. CV 13-04781 DDP AGRX, 2014 WL 6453777 (C.D. Cal. Nov. 17, 2014) .................. 21

*Martell v. Gen. Motors LLC*
    492 F. Supp. 3d 1131 (D. Or. 2020) ............................................................................... 18

*Nelson v. Am. Fam. Mut. Ins. Co.*
    262 F. Supp. 3d 835 (D. Minn. 2017), *aff'd*, 899 F.3d 475 (8th Cir. 2018) ..................... 20

*Oestreicher v. Alienware Corp.*
    544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ............... 8

*Palomares v. Bear Stearns Residential Mortg.*
    07-cv-01899, 2008 WL 686683 (S.D. Cal. Mar. 13, 2008) .............................................. 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

*Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*
   491 F. Supp. 3d 738 (S.D. Cal. 2020) .................................................................. 24

*Reese v. BP Expl. (Alaska) Inc.*
   643 F.3d 681 (9th Cir. 2011) .............................................................................. 7

*Sanders v. Apple Inc.*
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................... 18

*Schroeder v. United States*
   569 F.3d 956 (9th Cir. 2009) ............................................................................... 19

*Sciacca v. Apple*, Inc.,
   362 F. Supp. 3d 787 (N.D. Cal. 2019) ................................................................. 9

*Smith v. Ygrene Energy Fund, Inc.*
   No. 17-CV-01258-LB, 2017 WL 3168519 (N.D. Cal. July 26, 2017) .................... 20

*Smith v. Ford Motor Co.*
   749 F. Supp. 2d 980, 987 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011). .......... 11

*Soil Retention Prod., Inc. v. Brentwood Indus., Inc.*
   521 F. Supp. 3d 929 (S.D. Cal. 2021) ................................................................. 16

*Sonner v. Premier Nutrition Corp.*
   971 F.3d 834 (9th Cir. 2020) ............................................................................... 19

*Tharpe v. Hyundai* Motor Am., Inc.,
   No. SACV2101428DOCJDE, 2022 WL 3137453 (C.D. Cal. July 12, 2022); ..................... 18

*United Guar. Mortgage Indem. Co. v. Countrywide Fin. Corp.*
   660 F.Supp.2d 1163 (C.D. Cal. 2009) ................................................................. 17

*United States ex rel. Joshi v. St. Luke's Hospital, Inc.*
   441 F.3d 552 (8th Cir. 2006) ............................................................................... 8

*United States v. Bame*
   721 F.3d 1025 (8th Cir. 2013) ............................................................................. 19

*Vavak v. Abbott Laboratories, Inc.*
   2011 WL 10550065 (C.D. Cal. June 17, 2011) .................................................... 17

*Wallace v. SharkNinja Operating, LLC*
   No. 18-CV-05221-BLF, 2020 WL 1139649 (N.D. Cal. Mar. 9, 2020) .................... 12

*Walters v. Vitamin Shoppe Indus., Inc.*
   701 F. App'x 667 (9th Cir. 2017) ........................................................................ 21

*Williams v. Apple, Inc.*
   No. 19-CV-04700-LHK, 2020 WL 6743911 (N.D. Cal. Nov. 17, 2020) .................. 19, 20

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vi

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

*Williams v. Gerber Prods. Co.*
 552 F.3d 934 (9th Cir. 2008) ................................................................................................ 8

*Yagman v. Gen. Motors*
 Co., No. CV-14-4696-MWFAGRX, 2014 WL 4177295 (C.D. Cal. Aug. 22, 2014) .............. 9

**CALIFORNIA CASES**

*Aas v. Superior Court*
 24 Cal.4th 627, 101 Cal.Rptr.2d 718, 12 P.3d 1125 (2000) ................................................ 16

*Aleksick v. 7-Eleven, Inc.*
 205 Cal. App. 4th 1176 (2012) ............................................................................................ 13

*Chapman v. Skype Inc.*
 220 Cal. App. 4th 217 (2013) .......................................................................................... 7, 8

*Lazar v. Hertz Corp.*
 69 Cal. App. 4th 1494 (1999) ............................................................................................. 13

*Robinson Helicopter Co. v. Dana Corp.*
 34 Cal. 4th 979 (2004) ....................................................................................................... 17

**STATE STATUTES**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ................................................................................. 6

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ............................................................................. 6, 7

Cal. Civ. Code § 1770(a)(13) ................................................................................................... 7

Minn. Stat. § 325D.44 ........................................................................................................ 6, 14

Minn. Stat. § 325F.67 ......................................................................................................... 6, 14

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. Proc. 9(b) ................................................................................................... *passim*

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................ 1, 3, 6, 14

Fed. R. Civ. Proc. 12(f) ......................................................................................................... 15

**OTHER AUTHORITIES**

*Can I scan without ink cartridges?,* https://h30434.www3.hp.com/ t5/Scanning-Faxing-
 Copying/Can-I-scan-without-ink-cartridges/td-p/726720 ............................................... 5, 10

https://www.amazon.com/HP-DeskJet-2655-Compact-Replenishment/dp/B06XHYMHJQ?th=1 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vii

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

*Does Scanning use toner? - Tricks to Make a Scanner Work on All-in-One Machines When Out of Ink*, Levi Alston, SCANNERSZONE, https://scannerszone.com/does-scanning-use-toner/#:~:text=However%2C%20they%20have%20a%20design,ink%20in%20the ... 6, 10, 16

*Printer ink: Tired of feeding the cash cow*?, Lamont Wood, COMPUTERWORLD (Mar. 28, 2012), https://www.computerworld.com/article/2503134/printer-ink--tired-of-feeding-the-cash-cow-.html ................................................................................................................. 15

*Why Is Printer Ink So Expensive?*, CONSUMER REPORTS (September 15, 2018)), Tercius Bufete,  https://www.consumerreports.org/printers/why-is-printer-ink-so-expensive-a2101590645/.
................................................................................................................................ 15, 16

*Why printer ink is so expensive*, Jack Houston and Irene Anna Kim, INSIDER (Updated Mar. 2, 2021), https://www.businessinsider.com/why-printer-ink-so-expensive-2019-8 .................. 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

viii

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2       Defendant HP Inc. ("HP") moves to dismiss all of the claims alleged by Plaintiffs Gary

3   Freund ("Plaintiff Freund") and Wayne McMath ("Plaintiff McMath," and together with Freund, the

4   "Plaintiffs") in Plaintiffs' Class Action Complaint (or the "Complaint"), pursuant to Rules 9(b) and

5   12(b)(6) of the Federal Rules of Civil Procedure.

6   **I.      INTRODUCTION**

7       By way of their Complaint, Plaintiffs Gary Freund and Wayne McMath allege claims against

8   HP, Inc. based on a non-existent "Design Flaw" that they contend exists in the HP printers they

9   purchased.  Specifically, Plaintiffs contend that the scanning and faxing features in HP's "all-in-one"

10  printers—which permit users to print, copy, scan and fax—do not function as represented when the

11  printer's ink cartridges are too low or depleted.  The fundamental flaw with Plaintiffs' allegations is

12  that they are not true.[1]  Even the articles to which Plaintiffs cite in their Complaint in an effort to

13  prop up their allegations contradict Plaintiffs' claims.  Although the invalidity of Plaintiffs'

14  allegations cannot be challenged by way of this motion, it permeates the entirety of Plaintiffs'

15  Complaint.  For example, Plaintiffs do not plead their fraud-based claims, *i.e.,* their claims for

16  violations of California's False Advertising and Unfair Competition Law, and under Minnesota's

17  Deceptive Trade Practices Act and False Advertising Law, and their claim for negligent

18  misrepresentation, with the specificity that Federal Rule of Civil Procedure 9(b) requires.  Although

19  required to do so, Plaintiffs do not plead the details of the "Design Flaw," such as what happens to

20  the printers when ink cartridges are low or depleted, how exactly the printers' scanning and faxing

21  functions are affected by ink availability, HP's knowledge of the defect, and HP's failure to disclose

22  the purported defect to consumers.  Instead, Plaintiffs allege only, in one identical and conclusory

23  sentence each, that the printers that they purchased do not scan if the ink cartridges are low or empty.

24  Such an allegation is not sufficient to sustain Plaintiffs' fraud-based claims.

25      Plaintiffs' claims should be dismissed for multiple additional reasons.  For example:

26  _____

[1] Indeed, it is unclear how Plaintiffs could make their allegations after any reasonable investigation

27  given that there is, in fact, no such "Design Flaw" or blocking of scanning or faxing function.

28

1    •    Plaintiffs' negligent misrepresentation claim is barred by the economic loss rule because

2         Plaintiffs seek to recover only economic loss.

3    •    Plaintiffs have not alleged sufficiently their claims for breach of warranty because they

4         have failed to plead that the printers did not operate as warranted.

5    •    Plaintiffs' request for equitable relief pursuant to their claims for unjust enrichment and

6         violations of consumer protection statutes must be dismissed because Plaintiffs have

7         failed to allege that their remedies at law are inadequate.

8    •    Plaintiffs' claim for unjust enrichment should also be dismissed, because it is (i) premised

9         solely on their inadequately pled claims for violations of the UCL, FAL, and Minnesota's

10        Deceptive Trade Practices Act and False Advertising Law; and (ii) precluded by

11        Plaintiffs' inconsistent contract and breach of warranty allegations.

12   •    Plaintiffs do not have standing to assert claims in connection with the printers they did

13        not purchase or for issues relating to the fax feature of the printers that they have not

14        alleged they experienced.

15        Based on the foregoing, and as discussed in greater detail below, the entirety of Plaintiffs'

16   Complaint should be dismissed.

17        II.    **STATEMENT OF FACTS**

18        A.    **The Parties**

19        Plaintiff Gary Freund alleges that he is, and has been at all relevant times of this action, a

20   resident of San Francisco, California.  Complaint, ¶ 14.  Plaintiff Wayne McMath alleges that he is,

21   and has been at all relevant times during this action, a resident of Minneapolis, Minnesota.  *Id.* at

22   ¶ 15.  HP is a manufacturer of printers, computers, and other products, and sells these products on its

23   website, HP.com, as well as through authorized resellers.  *Id.* at ¶¶ 16-18.

24        B.    **Plaintiffs' Purchase of the Products in Question**

25        Plaintiff Freund alleges that, on July 30, 2021, he purchased an HP Envy 6455e All-in-One

26   Wireless Color Printer ("Envy Printer"), from amazon.com.  Complaint, ¶ 65.  Plaintiff McMath

27   alleges that, on September 2019, he purchased an HP Deskjet 2655 All-In-One Compact Printer

28   ("Desktop Printer") (together with the Envy Printer, "Purchased Printers") from an online

4    NOT. OF MOT. AND MOT. TO DISMISS
     PLAINTIFFS' CLASS ACTION COMPLAINT

unidentified retailer. *Id.* at ¶ 74.  Plaintiffs allege that HP represented that both the Envy Printer and the Desktop Printer would scan but did not disclose that the scanning feature would not work if the ink cartridge levels were low or depleted.  *Id.* at ¶¶ 67, 78.

### C.   Plaintiffs' Claims

Plaintiffs allege that, after purchasing and using their devices, they discovered that their printers "did not function as a scanner if the ink cartridges are low or empty."  Complaint, ¶¶ 67-70, 76-79.  Plaintiffs allege that this is a "Design Flaw" inherent in all of HP's All-In-One Printers, and that the scanning function does not work when ink levels are low or empty, despite HP's representations that the printers can print, copy, scan, and in some cases, fax documents. *Id.* at ¶¶ 5-6.  Plaintiffs further allege that HP purposely designed the printers so that they would not scan if the ink cartridges were low or empty in order to require consumers to purchase "additional overpriced and unnecessary ink cartridges."  *Id.* at ¶ 12.  Plaintiffs also accuse HP of "failing to warn consumers about the Design Flaw," and falsely advertising the functionality of the All-in-One Printers.  *E.g., Id.* at ¶¶ 97-99.

Although Plaintiffs allege that users are unable to scan or fax when printer ink is low or depleted due to the Design Flaw, Plaintiffs' own Complaint references web pages that explicitly contradict Plaintiffs' allegations.  For example, in footnote 14 of the Complaint, Plaintiffs cite to an HP discussion forum in which users discuss, how to clear an error message allegedly trigged by the absence of an ink cartridge and run a scan.[2]  In footnote 15 of the Complaint, the author offers "several tips and tricks to overcome this issue . . . by surpassing the error message," to proceed to

---

[2]   *See* HP Community Page, "*Can I scan without ink cartridges?,* https://h30434.www3.hp.com/t5/Scanning-Faxing-Copying/Can-I-scan-without-ink-cartridges/td-p/7267206 ( E.g., "I just checked with a USB cable. I can scan without any cartridges, so that is good. […]. I also did a factory reset on the device before and changed the interface language to English. Now it tells me that I must install the cartridges, but using the Printer Assistant software I am still able to scan").

scan.[3]  The websites to which Plaintiffs cite in their Complaint directly contravene their allegations that users cannot scan and fax when the devices are low or depleted of ink, and that users can only resolve this issue by "purchas[ing] ink cartridges." Complaint, ¶¶ 43-45.

Plaintiffs also assert that the printers' faxing capabilities are impaired by low or depleted ink levels, but neither Plaintiff Freund nor Plaintiff McMath allege that they had any issues with the faxing functions of the printers they purchased.  Additionally, despite the fact that Plaintiffs Freund and McMath purchased only two of HP's All-in-One Printer models, Plaintiffs identify ten additional printers they seek to include in their claims that they did not purchase: the HP Deskjet 2755e;  HP DeskJet 3755; HP DeskJet 4155e; HP ENVY 6055e; HP ENVY 6075;  HP ENVY Pro 6475; HP OfficeJet 250 Mobile; HP OfficeJet Pro 7740 Wide Format; HP OfficeJet Pro 8025; HP DeskJet 2622 (the "Non-Purchased Printers") (together with the Purchased Printers, the "All-in-One Printers").  Complaint, fn. 5.

Based on these allegations, Plaintiffs filed a Class Action Complaint (or "Complaint") that asserts eight claims: (1.) negligent misrepresentation; (2.) unjust enrichment; (3.) breach of express warranty under California law; (4.) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*., or California's Unfair Competition Law ("UCL"); (5.) violation of Cal. Bus. & Prof. Code §§ 17500, *et seq*., or California's False Advertising Law ("FAL"); (6.) breach of express warranty under Minnesota law; (7.) violations of Minnesota's Deceptive Trade Practices Act (or "MDTPA"), Minn. Stat. § 325D.44, *et seq*.; (8.) violations of Minnesota's False Advertising Law, Minn. Stat. § 325F.67, *et seq*.  For the reasons set forth below, HP respectfully requests that the Court dismiss all of Plaintiffs' claims without leave to amend.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires claims to be dismissed if they fail to state a claim upon which relief can be granted. When determining whether a claim has been stated, the

---

[3] *Does Scanning use toner? - Tricks to Make a Scanner Work on All-in-One Machines When Out of Ink*, Levi Alston, SCANNERSZONE, https://scannerszone.com/does-scanning-use-toner/.

1   Court must accept as true all well-pled factual allegations and construe them in the light most

2   favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  The

3   Court need not, however, "accept as true allegations that contradict matters properly subject to

4   judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

5   unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

6   (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual

7   allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

8   is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

9   *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw

10  the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

11       In ruling on a motion to dismiss, a court may consider certain materials, such as documents

12  attached to the complaint, documents incorporated by reference in the complaint, or matters of

13  judicial notice, without converting the motion to dismiss into a motion for summary judgment.  *Lee*

14  *v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

15  **IV.   ARGUMENT**

16  **A.   Plaintiffs' Fraud-Based Claims Must Be Dismissed Because Plaintiffs Have Not**

17  **Pled Specific Facts To Support Their Claims, Their Claims Are Contradicted By**

18  **the Articles on Which They Rely, Plaintiffs Fail to Plead a Duty to Disclose, and**

19  **Plaintiffs Fail to Plead Particular Elements of Their Claims**

20  **1.   Plaintiffs Fail to Plead Facts Supporting Their Claims With The**

21  **Required Particularity**

22       Plaintiffs assert a number of claims that involve fraud or fraudulent misrepresentations, *i.e.*

23  their claims for violations of California's FAL and UCL, Minnesota's Deceptive Trade Practices Act

24  and False Advertising Law, and negligent misrepresentation (collectively referred to as the "Fraud-

25  Based Claims").

26       Plaintiffs' Fraud-Based Claims are all subject to the heightened pleading standards of Rule

27  9(b).  To plead claims for violations of the UCL and FAL, Plaintiffs must allege a false or

28  misleading statement. *See* Cal. Bus. & Prof. Code § 17500; Cal. Civ. Code § 1770(a)(13); *Chapman*

NOT. OF MOT. AND MOT. TO DISMISS
                                                    PLAINTIFFS' CLASS ACTION COMPLAINT

1  *v. Skype Inc.*, 220 Cal. App. 4th 217, 226 (2013); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938

2  (9th Cir. 2008); *Davis v. HSBC Bank Nevada N.A.*, 691 F.3d 1152, 1161-62 (9th Cir. 2012).  These

3  claims thus "sound in fraud" and are governed by the heightened pleading requirements of Rule 9(b).

4  *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009); *Frenzel v. AliphCom,* 76 F.

5  Supp. 3d 999, 1010 (N.D. Cal. 2014).  The same is true for Plaintiffs' claims under Minnesota's

6  Deceptive Trade Practices Act and Minnesota's False Advertising Law, *Bhatia v. 3M Co*., 323 F.

7  Supp. 3d 1082, 1093 (D. Minn. 2018) (Rule 9(b) pleading requirements applicable to MDTPA); *see*

8  *also Chin v. Gen. Mills, Inc*., No. CIV. 12-2150 MJD/TNL, 2013 WL 2420455, at *8 (D. Minn. June

9  3, 2013), *quoting Cox v. Mortgage Elec*. Registration Sys., Inc., 685 F.3d 663, 672–73 (8th Cir.

10  2012) ("Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of

11  fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud

12  which must be pled with particularity"), and their claim for negligent misrepresentation.  *Lorenz v.*

13  *Sauer*, 807 F.2d 1509, 1511–12 (9th Cir. 1987).

14        Rule 9(b) requires a complaint to allege, in detail, "the who, what, when, where, and how" of

15  the alleged fraudulent conduct, and "set forth an explanation as to why the statement or omission

16  complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *see*

17  *also United States ex rel. Joshi v. St. Luke's Hospital, Inc*., 441 F.3d 552, 556 (8th Cir. 2006)

18  (citations omitted).  "[C]onclusory allegations that a defendant's conduct was fraudulent and

19  deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co*., 298 F.3d 736, 746 (8th Cir. 2002)

20  (quoting *Commercial Prop. v. Quality Inns Int'l*, Inc., 61 F.3d 639, 644 (8th Cir. 1995).  Courts have

21  repeatedly dismissed claims based on a defendant manufacturer's alleged failure to disclose design

22  defects where, as here, plaintiffs have failed to allege why the product is defective, what happens

23  when the product fails, how the defendant manufacturer discovered the defect, the steps it took to

24  conceal the defect, and how the defect harmed plaintiffs.  *See Oestreicher v. Alienware Corp*., 544 F.

25  Supp. 2d 964, 971 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) (dismissing UCL and

26  FAL claims that conclusorily alleged that the manufacturer knew of the alleged defect but failed to

27  disclose it to consumers); *Eisen v. Porsche Cars N. Am., Inc*., No. CV 11-9405 CAS FEMX, 2012

28  WL 841019, at *3 (C.D. Cal. Feb. 22, 2012) (dismissing plaintiffs' inadequately alleged claims,

which simply alleged that a defective shaft "fails" without explaining *how* the shaft fails and how the shaft affects the vehicle).  Plaintiffs do not come close to pleading fraud with the particularity Rule 9(b) requires.

Plaintiffs here allege only, in one identical and conclusory sentence each in their 199-paragraph Complaint, that after purchasing and using their printers, they "discovered that the device did not function as a scanner if the ink cartridges are low or empty."[4]  *Id.* at ¶¶ 70, 79.  Plaintiffs do not specifically allege facts as to: (1) what happens when they try to scan or fax when an ink cartridge is low or empty; (2) whether, as the websites to which Plaintiffs cite suggest, they can clear and bypass error messages to allow scanning and faxing functions to proceed (as described further below); or (3) any other circumstances of the alleged defect.  Nor does the Complaint identify the cause of the alleged defect with specificity—*e.g.*, that scan and fax functions become impaired when ink cartridges fall below certain levels, that the printer enters an error state which cannot be cleared without the installation of a new ink cartridge, or that error messages regarding low ink levels prevent a user from pressing a scan or fax button.  Plaintiffs' scant and conclusory claim of a defect is insufficient to satisfy Rule 9(b) and the Court should dismiss the fraud-based claims for failure to plead them. *E.g., Sciacca v. Apple, Inc*., 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019) (court dismissed UCL and FAL claims because plaintiff alleged that the screens of purchasers' Apple Watches "were detaching, cracking, or shattering," but these were only consequences of the alleged defect, and plaintiff did not specify what caused damage to the screen and what the actual defect was); *Yagman v. Gen. Motors* Co., No. CV-14-4696-MWF AGRX, 2014 WL 4177295, at *3 (C.D. Cal. Aug. 22, 2014) (plaintiff merely alleged "that his vehicle's engine stopped working" and "his vehicle experienced a total electrical failure").

**2.** **Plaintiffs' Allegations About the Printers' Inability to Scan or Fax are Contradicted by Websites Referenced in the Complaint**

---

[4] Discovery will show that the scanning and faxing functions of HP's All-in-One Printers are not affected by the availability of printer ink and that the alleged "Design Flaw" does not exist.

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

1    Plaintiffs' Fraud-Based Claims must also be dismissed because the allegations on which they

2    are based are contradicted by the articles to which Plaintiffs cite in their Complaint, demonstrating

3    that HP did not make any misrepresentations of fact or omissions.

4        The Court need not accept as true allegations that contradict documents referenced in the

5    complaint.  *Alamilla v. Hain Celestial Grp., Inc.,* 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014); *Lazy Y*

6    *Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).  Plaintiffs allege that HP's All-in-One

7    Printers "by default" do not scan or fax documents when the devices have low or empty ink

8    cartridges.  *E.g.* Complaint, ¶¶ 7, 12, 43, 62, 89, 97, 175, 178.  As noted above, the web pages to

9    which Plaintiffs cite in their Complaint, however, advise that when printers appear to enter into an

10   "error" state because of low or depleted ink, a user can use a variety of methods to run a scan

11   without further issue, including checking the USB cable or pressing the Scan function.[5]  The

12   websites that Plaintiffs include in their Complaint thus *<u>contradict</u>* the very allegations upon which

13   their Complaint hinges, *i.e.*, that the scanning and faxing functions of the All-in-One Printers are

14   disabled by low or empty ink cartridges or that users cannot scan or fax without buying and inserting

15   new cartridges.  Because the Court must disregard the allegations that are contradicted by the

16   materials that Plaintiffs have referenced, Plaintiffs have not sufficiently alleged that any of HP's

17   representations and advertisements regarding the scanning and functionality of the All-in-One

18   Printers are false or misleading.

19       As such, the Court cannot credit the contradicted allegations and should dismiss the entirety

20   of Plaintiffs' Complaint as unsupported.  *Alamilla v. Hain Celestial Grp*., Inc., 30 F. Supp. 3d 943

21

22   [5]    *See* HP Community Page, "*Can I scan without ink cartridges?,*

23   https://h30434.www3.hp.com/t5/Scanning-Faxing-Copying/Can-I-scan-without-ink-cartridges/td-

24   p/7267206 ; ScannersZone, *Does scanning use toner? – Tricks To Make A Scanner Work On All-In-*

25   *One Machines When Out Of Ink*, https://scannerszone.com/does-scanning-use-

26   toner/#:~:text=However%2C%20they%20have%20a%20design,ink%20in%20the%20printer%20car

27   tridge.&text=Due%20to%20the%20design%20flaw,or%20cartridges%20replaced%20for%20scanni

28   ng.

(N.D. Cal. 2014) (court dismissed claims where articles cited by plaintiffs did not support their conclusions and demonstrated that they have no claim).

### 3.   Plaintiffs' Failure to Allege a Duty to Disclose is Fatal to their Fraud-Based Claims

Because Plaintiff's Fraud-Based Claims are premised upon an omission rather than an alleged misrepresentation, Plaintiffs must allege that HP had a duty do disclose the allegedly omitted facts.  *See, e.g. Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192, 1202 (C.D. Cal. 2021); *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016), *aff'd*, 891 F. 3d 857 (9th Cir. 2018).  A duty to disclose in the fraudulent omission context arises in only four instances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively concealed a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.  *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011).

In their Complaint, Plaintiffs conclusorily allege that HP actively concealed certain facts and made partial representations while suppressing material facts with respect to only two of their Fraud-Based Claims.  Complaint, ¶¶ 137, 138, 181, 182.  Plaintiffs make generalized allegations that "Defendant conceals a material fact from consumers and makes partial representations but also suppresses some material fact . . .," and "conceal [] material information," but fail to specify what material information HP should have disclosed; qualifying facts that should have been included in any alleged partial representations; HP's affirmative acts in suppressing or concealing these facts; and other facts to support allegations that HP had a duty to disclose.  Because Plaintiffs' allegations in this respect are also wholly deficient, Plaintiffs' Fraud-Based Claims must be dismissed.  *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1174 (E.D. Cal. 2013) (dismissing UCL claims for plaintiffs' failure to allege specific facts regarding defendants' active concealment of material facts); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (failure to plead a duty of disclose due to insufficiently plead allegations of partial representations).

1

2

**4.** <u>**As a Separate Basis for Dismissal, Plaintiffs Also Fail to Plead Elements**</u>
<u>**of Their Fraud-Based Claims**</u>

3

4

5

6

7

As a result of their failure to plead with particularity, and to allege sufficiently that HP made false or misleading statements, Plaintiffs also fail to plead adequately certain elements of their claims for violations of their Fraud-Based Claims.  The Court should dismiss Plaintiffs' Fraud-Based Claims on the additional, independent ground that Plaintiffs have failed to plead specific elements of these claims.

8

(i)   *FAL Claim*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

California's FAL, for instance, makes it unlawful for any person to 'induce the public to enter into any obligation' based on a statement that is 'untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.'" *Davis v. HSBC Bank Nevada, N.A*., 691 F.3d 1152, 1161 (9th Cir. 2012).  Even if Plaintiffs had sufficiently alleged any Design Flaw (which they do not), this claim still fails because Plaintiffs do not allege with specificity HP's knowledge of any alleged Design Flaw, or that HP made untrue or misleading representations about the All-in-One Printers' scan and fax functions with knowledge of the alleged defect.  *Compare Carrillo v. BMW of N. Am., LLC*, No. CV198702DSFGJSX, 2020 WL 12028896, at \*4 (C.D. Cal. June 8, 2020) (plaintiff sufficiently pled that defendant's knowledge of the engine defect through preproduction testing data, aggregate warranty data from dealer network, and other sources at a date "no later than June 2008"); *Wallace v. SharkNinja Operating, LLC*, No. 18-CV-05221-BLF, 2020 WL 1139649, at \*2 (N.D. Cal. Mar. 9, 2020) (plaintiffs pled that defendant was aware of a defect in its blenders based on  "pre-release testing data, early consumer complaints, high failure rates and replacement part sales data, and other internal sources").  Without sufficient allegations that HP knew about the alleged Design Flaw, and that HP's statements about the functionality of the All-in-One Printers are untrue or misleading, Plaintiffs' FAL claim fails.

25

(ii)   *UCL Claim*

26

27

28

Plaintiffs' claims under the "unlawful," "fraudulent," and "unfair" prongs of the UCL also fail.  First, Plaintiffs' "unlawful" UCL claim is derivative of the FAL claim and fails because Plaintiffs' FAL claim fails. To state a cause of action based on an "unlawful" act or practice under

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *See Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).  Under California law, "[w]hen a statutory claim fails, a derivative UCL claim also fails." *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012). The alleged violation of law that form the basis for Plaintiffs' "unlawful" UCL claim is a violation of the FAL (Complaint, ¶ 141) , which, for the reasons stated above, Plaintiffs fail to allege sufficiently.  *See id.*; *see also Avila v. Countrywide Home Loans*, No. 10-CV-05485-LHK, 2011 WL 1192999, at *6 (N.D. Cal. March 29, 2011) (dismissing UCL claim premised on violation of underlying law for which plaintiff failed to state claim).

Second, Plaintiffs' "fraudulent" UCL claim is also defectively pled.  Plaintiffs' allegation that HP's conduct is "fraudulent" is based on HP's purported misrepresentations about the functionality of its All-in-One-Printers, which, as discussed above, Plaintiffs have not sufficiently pled to be false.

Third, Plaintiffs' "unfair" UCL claim overlaps with the business practices that are the subject of Plaintiffs' inadequately pled claims for allegedly "unfair" business practices.  Complaint, ¶ 131. Because Plaintiffs' "unlawful" UCL claim warrants dismissal, Plaintiffs' "unfair" UCL claim should also be dismissed.  *Hadley v. Kellogg Sales Co.,* 243 F. Supp. 3d 1074, 1104-1105 (N.D. Cal. 2017) (holding "unfair" UCL claim cannot survive where business practices alleged under the "unfair" prong overlap entirely with defective "unlawful" UCL claim, and are based on the same factual contentions regarding defendants' conduct).

Additionally, Plaintiffs have not alleged sufficient facts regarding any "unfair business practice" that "undermines a legislatively declared policy or threatens competition, or a practice that has an impact on its alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer," as is required to assert an "unfair" UCL claim. *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1085 (S.D. Cal. 2019).  The courts have assessed the following factors to determine whether an act or practice or unfair: (1) whether the consumer injury is substantial; (2) whether the injury is outweighed by any countervailing interests; and (3) whether the injury is one that consumers themselves could not reasonably have avoided.  *Id.*  Plaintiff state in support of their "unfair" UCL claim that HP's manufacturing, advertisement, and sale of HP's All-

1   in-One-Printers without disclosing the Design Flaw resulted in the devices not operating as

2   advertised, causing consumers to be "unable to make informed choices when purchasing the

3   devices" and "spend additional money" on ink cartridges.  Complaint ¶ 138.  For the same reasons

4   addressed above, however, Plaintiffs have not alleged with particularity the circumstances of the

5   alleged design defect, and the falsity of any representations regarding the functionality of the All-in-

6   One Printers.  Without pleading sufficient facts that the devices did not operate as represented, or

7   that HP's representations were even false, Plaintiffs' "unfair" UCL claim should be dismissed.

8           (iii)    *Negligent Misrepresentation Claim, Minnesota False Statement in Advertising Act,*

9                   *Minnesota Uniform Deceptive Trade Practices Act*

10        Plaintiffs' claim for negligent misrepresentation must likewise be dismissed given Plaintiffs'

11   failure to plead adequately a design defect, and resulting failure to plead the falsity of HP's

12   representations.  To state a claim for negligent misrepresentation, Plaintiffs must allege an actionable

13   misrepresentation of fact.  *Palomares v. Bear Stearns Residential Mortg.*, 07-cv-01899, 2008 WL

14   686683, at *4 (S.D. Cal. Mar. 13, 2008).  Similarly, Minnesota False Statement in Advertisement

15   statute, Minn. Stat. § 325F.67, *et seq.* applies only to the dissemination of any statements that are

16   "untrue, deceptive, or misleading."  The Minnesota Uniform Deceptive Trade Practices Act, Minn.

17   Stat. § 325D.44, similarly requires allegations of "deceptive representations," "false or misleading

18   statements" and misrepresentations, or "conduct which creates a likelihood of confusion or of

19   misunderstanding."  Those allegations are not sufficiently pled here.  Plaintiffs have not alleged

20   sufficient facts to support their conclusion that HP's representations were false, deceptive,

21   confusing, or misleading and thus Plaintiffs' claims for negligent misrepresentation and Minnesota's

22   false advertising statute and the Uniform Deceptive Trade Practices Act should be dismissed.

23           (iv)    *Plaintiffs cannot rely on generalized and irrelevant allegations about industry*

24                   *practice to in lieu of actual factual allegations.*

25        In their Complaint, Plaintiffs cite extensively to articles that assert broadly that printer

26   manufacturers have conspired to offer printers at cheap prices while overpricing printer ink.  Those

27   articles, however, are irrelevant and insufficient to plead Plaintiffs' claims.  They criticize the printer

28

industry for "do[ing] everything they can to keep you buying official ink cartridges,"[6] for creating a "cash cow" in overpricing inkjet refills,[7] and engaging in a "classic razor-and-blade business model where the manufacturer sells the goods at a low price to help increase the sales of accessories."[8] None of the articles cited in the Complaint mention the Envy Printer or the Deskjet Printer, or even relate to Plaintiffs' claims that low or depleted ink cartridges result in the blocking of a printer's scanning and faxing functions.  No reference is made to the All-In-One-Printer models that Plaintiffs have identified in their Complaint, nor are the articles focused solely on HP.[9]  In fact, the articles

---

[6] *Why printer ink is so expensive*, Jack Houston and Irene Anna Kim, INSIDER (Updated Mar. 2, 2021), https://www.businessinsider.com/why-printer-ink-so-expensive-2019-8.

[7] *Printer ink: Tired of feeding the cash cow?*, Lamont Wood, COMPUTERWORLD (Mar. 28, 2012), https://www.computerworld.com/article/2503134/printer-ink--tired-of-feeding-the-cash-cow-.html

[8] *Why Is Printer Ink So Expensive?*, CONSUMER REPORTS (September 15, 2018), Tercius Bufete, https://www.consumerreports.org/printers/why-is-printer-ink-so-expensive-a2101590645/.

[9] HP requests that the Court disregard the following irrelevant allegations set forth in the Complaint:

- Paragraphs 1, 2, 57-64.

- Paragraph 3, at the first sentence, "The loss leader approach is particularly acute with all-in-one printers."

- Paragraph 12, at the second sentence, "The end goal is to increase the sales of one HP's largest profit makers, ink cartridges, by any and all means."

- Footnotes 1, 2, 17-20.

Alternatively, HP requests that the Court strike this material as irrelevant under Federal Rule of Civil Procedure Rule 12(f), which enables the Court to strike "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Proc. 12(f); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996).  These articles are not pertinent or material to any of Plaintiffs' actual claims alleging that HP's All-in-One Printers do not scan when there is no or low ink.  Rather, these unsubstantiated

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

1  mention companies and products other than HP's such as printers "marketed by Epson, Canon, and

2  HP,"[10] and sold by Samsung and Brother.[11]  Plaintiffs attempt to impute the alleged industry-wide

3  conduct to HP and, in turn, assert incorrectly and without any factual basis, that HP has deliberately

4  designed its All-in-One Printers to be defective to force customers to make unnecessary ink

5  purchases.  *E.g.,* Complaint, ¶¶ 62-64.  Plaintiffs' generalized discussion and speculation regarding

6  printer industry practices cannot form the basis of liability as to HP in this lawsuit.

7  **B.**      **Plaintiffs' Negligent Misrepresentation Claim Should Also be Dismissed Because**

8  **It is Barred by the Economic Loss Doctrine**

9         In addition to failing to plead their negligent misrepresentation claim with sufficient

10  particularity under Rule 9(b), Plaintiffs' claim for negligent misrepresentation is barred by the

11  economic loss doctrine.  The economic loss doctrine generally bars tort claims for contract breaches,

12  thereby limiting contracting parties to contract damages.  *Aas v. Superior Court*, 24 Cal.4th 627,

13  643, 101 Cal.Rptr.2d 718, 12 P.3d 1125 (2000) ( "A person may not ordinarily recover in tort for the

14  breach of duties that merely restate contractual obligations."); *Soil Retention Prod., Inc. v.*

15  *Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 954 (S.D. Cal. 2021).  The doctrine encompasses

16  economic losses that consist of "damages for inadequate value, costs of repair and replacement of

17  the defective product or consequent loss of profits—without any claim of personal injury or damages

18

19  articles vaguely and generally accuse printer manufacturers, including third party manufacturers of

20  other non-relevant printers of manipulating the price and consumption of ink cartridges.

21  [10] *Does Scanning use toner? - Tricks to Make a Scanner Work on All-in-*

22  *One Machines When Out of Ink*, Levi Alston, SCANNERSZONE, https://scannerszone.com/does-

23  scanning-use-toner/#:~:text=However%2C%20they%20have%20a%20design,ink%20in%20the

24  %20printer%20cartridge.&text=Due%20to%20the%20design%20flaw,or%20cartridges%20

25  replaced%20for%20scanning.

26  [11] *Why Is Printer Ink So Expensive?,* Tercius Bufete, CONSUMER REPORTS (Sept. 15, 2018),

27  https://www.consumerreports.org/printers/why-is-printer-ink-so-expensive-a2101590

28  645/.

1   to other property." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). "Where a

2   purchaser's expectations in a sale are frustrated because the product he bought is not working

3   properly, his remedy is said to be in contract alone, for he has suffered only economic losses." *Id.*

4   (internal quotation marks and citations omitted).

5          Plaintiffs' claims for pure economic losses are precisely the type to which the economic loss

6   doctrine applies.  Here, Plaintiffs do not allege personal injury, physical damage, or seek damages

7   that are any different from what they seek by way of their contractual breach of express warranty

8   claim.  By way of their claim for negligent misrepresentation, Plaintiffs seek damages only for

9   economic losses.  See, Complaint, ¶¶ 97-102.  Furthermore, Plaintiffs' allegations are based solely

10  on representations that allegedly induced them into purchasing their printers.  Such claims are barred

11  by the economic loss doctrine.  *Frye v. Wine Library, Inc.,* 06–5399 SC, 2006 WL 3500605 (N.D.

12  Cal. Dec. 4, 2006) (dismissal warranted because "[a]s Plaintiff's negligent misrepresentation claim

13  can be characterized as relating to Defendant's inducement of Plaintiff to contract, there is also no

14  question of it being barred by the economic loss rule"); *United Guar. Mortgage Indem. Co. v.

15  Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1184–85 (C.D. Cal. 2009) (finding negligence and

16  negligent misrepresentation claims barred by economic loss rule where "the alleged

17  misrepresentations are not conceptually distinct from the contract")*; Vavak v. Abbott Laboratories,

18  Inc.,* 2011 WL 10550065 (C.D. Cal. June 17, 2011) (negligent misrepresentation claim barred by the

19  economic loss rule because "[w]here damages are purely economic, recovery may only be in

20  contract").

21      **C.   Plaintiffs' Claim for Breach of Express Warranty Fails Because Plaintiffs Have

22             Failed to Allege Sufficiently that an Actual Breach Occurred**

23          To plead an action for breach of express warranty under Minnesota law, a plaintiff must

24  allege: (1) the existence of a warranty, (2) breach of the warranty, and (3) causation of damages.

25  *Barclay v. Icon Health & Fitness, Inc.*, No. 19-CV-2970 (ECT/DTS), 2022 WL 486999, at *5 (D.

26  Minn. Feb. 17, 2022).  Similarly, to prevail on a breach of express warranty claim under California

27  law, a plaintiff must prove that: (1) the seller's statements constitute an affirmation of fact or promise

28  or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the

warranty was breached.  *Clark v. Am. Honda Motor Co*., 528 F. Supp. 3d 1108, 1117 (C.D. Cal. 2021).  Plaintiffs have failed to plead sufficiently that a warranty was actually breached.  The articles on which Plaintiffs rely in their Complaint negate their allegations that scanning functions are inoperable when ink levels are low or depleted in HP's All-in-One Printers. Complaint, fn. 14 and 15.  Plaintiffs also fail to allege any impairment of the faxing functions in the printers they purchased.  Because Plaintiffs have failed to allege sufficient facts of an actual breach, Plaintiff's claims for breach of an express warranty fails.  *Sanders v. Apple Inc*., 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (granting motion to dismiss breach of warranty claim, in part because plaintiffs failed to allege that actual breach of warranty occurred).

Additionally, breach of warranty claims do not apply to "design defects," like the Design Flaw alleged in the Complaint.  Courts in both the Eighth and Ninth Circuits have held that express warranties only apply to "manufacturing defects," and not "design defects."  *See, e.g. Bruce Martin Const., Inc. v. CTB, Inc.,* 735 F.3d 750, 754 (8th Cir. 2013) (express warranty only covers manufacturing defects, not design defects) ; *Tharpe v. Hyundai* Motor Am., Inc., No. SACV2101428DOCJDE, 2022 WL 3137453, at *3 (C.D. Cal. July 12, 2022); *Davidson v. Apple, Inc*., No. 16-CV-4942-LHK, 2017 WL 3149305, at *20-22 (N.D. Cal. July 25, 2017).  A manufacturing defect occurs when a manufacturer constructs a single product in a substandard manner, generally resulting in a deviation from the manufacturer's intended result or from other seemingly identical products. *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1139 (D. Or. 2020).  A design defect, however, occurs when a manufacturer builds a product exactly how it was designed, but the design itself is defective.  *Id.*  Throughout the Complaint, Plaintiffs only allege that the purported blocking of fax and scanning in HP's All-in-One Printers is an inherent (and allegedly intentional) design defect, and not an unintended manufacturing deviation.

HP also only offers a limited warranty that its printers will be free from manufacturing "materials and workmanship" defects, and not design defects like the alleged Design Flaw.[12]  *See*

---

[12]*See, e.g.* HP printer limited warranty statement available under the "Warranty and Support" section of the Amazon product listing for the Desktop Printer cited in footnote 21 of the Complaint

*Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2007 WL 485979, at *2, 4 (N.D. Cal. Feb. 12, 2007) (holding that the limited warranty at issue, which warranted that the products were "free from defects in material and workmanship," did not "guarantee against design defects").  Because express warranties only cover manufacturing defects, and not design defects like the type that Plaintiffs have asserted, Plaintiffs' breach of express warranty claim should be dismissed.  *See, id.* at 1141 (dismissing plaintiff's express warranty claim with prejudice because warranty on vehicle does not cover design defects).

> ### D.   Plaintiffs' Claims for Equitable and Injunctive Relief  Should Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law

Plaintiffs' requests for equitable remedies in connection with their claims for restitution and injunctive relief under the UCL, FAL, MDTPA, Minnesota False Advertising Law, and unjust enrichment should also be dismissed because Plaintiffs have not alleged that they do not have adequate remedies at law.  In the Ninth Circuit, a federal court cannot grant equitable relief if plaintiffs have an adequate remedy at law.  *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020) (dismissing UCL and FAL claims, which sought equitable relief, because breach of contract claim provided an adequate remedy at law).  "[A] federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for claims arising under state law."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020).  One limit on a federal court's equitable powers is that "equitable relief is not appropriate where an adequate remedy exists at law."  *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009).  Similarly, in the Eighth Circuit, a party may not obtain equitable relief where there is an adequate remedy at law available.  *United States v. Bame*, 721 F.3d 1025, 1030 (8th Cir. 2013) (dismissing unjust enrichment claim because it is an equitable remedy that is not available where

---

https://www.amazon.com/HP-DeskJet-2655-Compact-Replenishment/dp/B06XHYMHJQ?th=1 (limited warranty to end-user that product will be free from materials and workmanship defects for 1 year).

1    there is an adequate legal remedy).  Thus, Plaintiffs must plead facts demonstrating that they lack an

2    adequate remedy at law to maintain their equitable restitution claims.  *See id.* at 837.

3          Plaintiffs assert a claim for breach of express warranty, which permit them to recover

4    monetary damages, and "[m]onetary damages are a remedy at law."  *See Williams*, 2020 WL

5    6743911, at *9; *see also Falk v. Nissan N. Am., Inc*., No. 17-CV-04871-HSG, 2018 WL 2234303, at

6    *10 (N.D. Cal. May 16, 2018) (breach of express warranty claim affords plaintiffs an adequate

7    remedy at law).  In addition, the Complaint does not allege how Plaintiffs' claims for breach of

8    express warranty and negligent misrepresentation—which are based on the same factual predicates

9    as their claims for equitable relief—"are any less prompt, certain, or efficient than restitution."

10   *Sonner*, 971 F.3d at 844 n.8.  Because Plaintiffs seek, and may be entitled to, compensatory

11   damages, their claims for equitable monetary and injunctive relief must be dismissed.

12         The Court should also dismiss Plaintiffs' claim for Minnesota Uniform Deceptive Trade

13   Practices Act because injunctive relief is the sole remedy under the Act.  *See* Minn. Stat. § 325D.45

14   subdiv. 1; *Nelson v. Am. Fam. Mut. Ins. Co*., 262 F. Supp. 3d 835, 862 (D. Minn. 2017), *aff'd,* 899

15   F.3d 475 (8th Cir. 2018); *see also, Cleveland v. Whirlpool Corp*., 550 F. Supp. 3d 660, 671 (D.

16   Minn. 2021) (under Minnesota law, an equitable claim does not lie when an adequate legal remedy

17   exists).

18         **E.**     **Plaintiffs' Claim for Unjust Enrichment Should Also be Dismissed**

19         Because Plaintiffs' UCL, FAL, MDPTA, and Minnesota False Advertising Law claims

20   should be dismissed, the Court should also dismiss Plaintiffs' claim for unjust enrichment.  Once a

21   plaintiff's underlying fraud-based claims have been dismissed, the plaintiff "has no basis for its

22   unjust enrichment claim." *See Oestreicher,* 544 F. Supp. 2d at 975 (granting motion to dismiss

23   plaintiff's unjust enrichment claim, "since plaintiff's fraud-based [CLRA, UCL, FAL, and fraudulent

24   concealment] claims have been dismissed"); *see also*, *Smith v. Ygrene Energy Fund, Inc*., No. 17-

25   CV-01258-LB, 2017 WL 3168519, at *11 (N.D. Cal. July 26, 2017) (unjust enrichment claim must

26   be dismissed because it is merely "superfluous" of the plaintiffs' other statutory and tort claims);

27   *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1041 (9th Cir. 2010) ("[u]njust enrichment is

28   essentially another way of stating a tort claim and, consequently, once the underlying tort claim is

dismissed, so is the unjust enrichment claim"). Accordingly, the Court should also dismiss Plaintiffs'

claim for unjust enrichment.

Plaintiffs' unjust enrichment claim should be dismissed on the separate basis that a plaintiff "recover on an unjust enrichment or quasi contract claim if the parties have an enforceable agreement covering the same subject matter." *Maloney v. Indymac Mortgage Servs.*, No. CV 13-04781 DDP AGRX, 2014 WL 6453777, at *7 (C.D. Cal. Nov. 17, 2014); *see also Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667, 669 (9th Cir. 2017) (once it is determined that a valid contract exists, an unjust enrichment claim must fail); *Gisairo v. Lenovo (United States) Inc.*, 516 F. Supp. 3d 880, 894 (D. Minn. 2021) (unjust enrichment claim barred by manufacturer's limited express warranty, because limited express warranty is an enforceable contract that governed party's rights and provided adequate legal remedy).  Because Plaintiffs allege an express contract with HP (Complaint at ¶¶ 119-120, 125, 165-166, 171), Plaintiffs' unjust enrichment claim is precluded.

**F.** **Plaintiffs Lack Standing to Assert Claims Relating to the Non-Purchased Printers and the Printers' Faxing Function.**

**1.** **Plaintiffs Lack Standing to Assert Claims for Non-Purchased Printers**

Plaintiffs do not have standing to assert claims for the Non-Purchased Printers because Plaintiffs did not suffer any injury relating to those printers.  "That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996).  In the Eighth Circuit, a plaintiff cannot seek relief relating to products that the plaintiff never purchased or advertising that the plaintiff never saw or relied upon.  *Ferrari v. Best Buy Co.*, No. CIV. 14-2956 MJD/FLN, 2015 WL 2242128, at *9 (D. Minn. May 12, 2015) (concluding that plaintiff lacks standing to assert claims on behalf of the class for televisions that he did not purchase or advertising that he did not see or rely upon, even though the other products were smaller sizes of the same television, because "a litigant must only assert his or own legal rights and interests"); *Chin v. Gen. Mills, Inc.*, No. CIV. 12-2150 MJD/TNL, 2013 WL

1   2420455, at *3 (D. Minn. June 3, 2013) (dismissing claims as to products that named plaintiffs did

2   not purchase).

3          In the Ninth Circuit, the courts have split as to whether plaintiffs can assert claims for

4   substantially similar products that they did not purchase.  Some district courts have held that a

5   plaintiff may assert claims relating to "substantially similar" products even if they did not purchase

6   them. *See Figy v. Frito-Lay N. Am., Inc*., 67 F. Supp. 3d 1075, 1083 (N.D. Cal. 2014) (courts "look

7   to a series of factors including whether the challenged products are of the same kind, comprised of

8   largely the same ingredients, and whether each of the challenged products bears the same alleged

9   mislabeling").  Others have concluded that, absent economic injury, a plaintiff's claims for products

10  that he or she did not purchase must be either dismissed for lack of standing or addressed at the class

11  certification phase of the case.  *Johns v. Bayer Corp*., No. 09CV1935 DMS (JMA), 2010 WL

12  476688 at *5, 2010 U.S. Dist. LEXIS 10926 at *13 (S.D. Cal. Feb. 9, 2010) ("[Plaintiff] cannot

13  expand the scope of his claims to include a product he did not purchase or advertisements relating to

14  a product that he did not rely upon. The statutory standing requirements of the UCL and CLRA are

15  narrowly prescribed and do not permit such generalized allegations."); *Clancy v. The Bromley Tea*

16  *Co*., 308 F.R.D. 564, 569 (N.D. Cal. 2013).  More recently, courts in the Ninth Circuit have cast

17  doubt on the "substantial similarity" analysis as undermining the principles of standing:

18          But the "substantial similarity" analysis appears to be inconsistent with the basic concept of

19          standing. The standing requirement extends to each claim and each remedy sought. *Davis v.*

20          *Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008). The

21          similarity of a product, by itself, says nothing about whether a party suffered an injury

22          traceable to the allegedly wrongful conduct of another. A plaintiff who is falsely led to buy a

23          product may claim injury resulting from that purchase; the same plaintiff, however, cannot

24          claim injury from similarly false advertising upon which he or she did not injuriously rely

25          (by buying a similar product or otherwise). Article III "standing is not dispensed in gross."

26          *Lewis v. Casey*, 518 U.S. 343, 358 n.6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *see also*

27          *Blum v. Yaretsky*, 457 U.S. 991, 999, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) ("Nor does a

28          plaintiff who has been subject to injurious conduct of one kind possess by virtue of that

1    injury the necessary stake in litigating conduct of another kind, although similar, to which he

2    has not been subject."). Importing a "substantial similarity" test into the principle of standing

3    overlooks this point and invites an analysis that is both difficult to apply and unrelated to its

4    objective.

5    *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021); *Lozano v. Bowmar Nutrition*

6    *LLC*, No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660, at *4 (C.D. Cal. Aug. 19, 2021) (finding

7    that plaintiff's contentions regarding the substantial similarity of unpurchased products are

8    insufficient, and dismissing her claims as to products that she did not purchase because she did not

9    allege that she suffered injury in fact with respect to defendant's conduct for these products).

10        Regardless of whether the substantial similarity analysis applies, Plaintiffs fail to establish

11   standing to pursue claims concerning products they did not purchase.  Plaintiffs have presumably

12   identified the additional, ten Non-Purchased Printers as at-issue in this action because they are also

13   referred to as "All-in-One Printers."  But Plaintiffs do not allege that the faxing and scanning

14   functions of the Non-Purchase Printers were impacted by low or empty ink cartridges – nor could

15   they.  The simple labeling of the Non-Purchased Printers as all-in-one devices does not support an

16   assumption that their faxing and scanning capabilities are impacted by ink availability.  Plaintiffs

17   have failed to plead, as they are required to, for purposes of their claims for violations of the UCL

18   and FAL, that that they suffered an injury in fact, or lost any money property as a result of any

19   advertisements or use of any of the Non-Purchased Printers.

20        **2.    Plaintiffs Lack Standing to Assert  Allegations Regarding Fax Functions that**

21            **Did Not Cause Plaintiffs Harm**

22        Also notably absent from Plaintiffs' Complaint are any allegations that Plaintiffs themselves

23   encountered problems with the faxing functions of their own or any All-in-One Printers.  The

24   Complaint alleges that HP's All-in-One Printers do not fax without ink.  *E.g.,* Complaint, ¶ 10, 43,

25   64, 89, 97, 175.  Plaintiffs do not allege, however, that they experienced any issues with the faxing

26   performance of any printers, or that the fax functionality of any All-In-One Printers are affected by

27   low or empty ink cartridges (or even if their printers even have faxing capabilities).  Because

28   Plaintiffs did not directly suffer any injury with respect to the fax capabilities of the All-in-One

Printers, Plaintiffs lack standing to assert allegations relating to the products' faxing features. Plaintiffs' claims about the fax functions of the All-in-One Printers are factually unsupported and should be dismissed from the Complaint for this additional reason.  *Ashcroft*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

## II.    **CONCLUSION**

Because the Complaint fails to set forth facts to support Plaintiffs' causes of action under Rule 12(b)(6) and Rule 9(b), HP respectfully requests that Plaintiffs' Class Action Complaint be dismissed in its entirety without leave to amend.  *See Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) (leave to amend should be denied if the proposed amended complaint is futile).

Dated: September 15, 2022

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Molly Moriarty Lane*
     Molly Moriarty Lane
     Christina Chen

     Attorneys for Defendant
     HP Inc.

NOT. OF MOT. AND MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT