UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY FREUD and WAYNE MCMATH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC., d/b/a HP COMPUTING AND PRINTING INC., Delaware corporation,<br>Defendant. | Case No. 5:22-cv-03794-BLF<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT HP INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Action Filed: June 24, 2022<br>Judge: Hon. Beth Labson Freeman |

Defendant HP Inc.'s ("HP") Motion to Dismiss Plaintiffs Gary Freund and Wayne McMath's Class Action Complaint (or "Motion"), in this matter came on regularly for hearing before this Court on December 15, 2022. Having considered the parties' arguments presented in the briefing on the Motion and oral argument, the Court hereby **GRANTS** HP's Motion to Dismiss.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires claims to be dismissed if they fail to state a claim upon which relief can be granted. When determining whether a claim has been stated, the Court must accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). The Court need not, however, "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.  DISCUSSION

### A.  **Plaintiffs' Fraud-Based Claims Are Dismissed Because Plaintiffs Have Not Pled Specific Facts To Support Their Claims, Their Claims Are Contradicted By the Articles on Which They Rely, Plaintiffs Fail to Plead a Duty to Disclose, and Plaintiffs Fail to Plead Particular Elements of Their Claims**

#### 1.  **Plaintiffs Fail to Plead Facts Supporting Their Claims With The Required Particularity**

Plaintiffs assert a number of claims that involve fraud or fraudulent misrepresentations, *i.e.* their claims for violations of California's FAL and UCL, Minnesota's Deceptive Trade Practices Act and False Advertising Law, and negligent misrepresentation (collectively referred to as the "Fraud-Based Claims").

1   Plaintiffs' Fraud-Based Claims are all subject to the heightened pleading standards of Rule 9(b).  To plead claims for violations of the UCL and FAL, Plaintiffs must allege a false or misleading statement. *See* Cal. Bus. & Prof. Code § 17500; Cal. Civ. Code § 1770(a)(13); *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226 (2013); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Davis v. HSBC Bank Nevada N.A.*, 691 F.3d 1152, 1161-62 (9th Cir. 2012).  These claims thus "sound in fraud" and are governed by the heightened pleading requirements of Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Frenzel v. AliphCom,* 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014).  The same is true for Plaintiffs' claims under Minnesota's Deceptive Trade Practices Act and Minnesota's False Advertising Law, *Bhatia v. 3M Co.*, 323 F. Supp. 3d 1082, 1093 (D. Minn. 2018) (Rule 9(b) pleading requirements applicable to MDTPA); *see also Chin v. Gen. Mills, Inc.*, No. CIV. 12-2150 MJD/TNL, 2013 WL 2420455, at *8 (D. Minn. June 3, 2013), and their claim for negligent misrepresentation.  *Lorenz v. Sauer*, 807 F.2d 1509, 1511–12 (9th Cir. 1987).

Rule 9(b) requires a complaint to allege, in detail, "the who, what, when, where, and how" of the alleged fraudulent conduct, and "set forth an explanation as to why the statement or omission complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *see also United States ex rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted).  "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Commercial Prop. v. Quality Inns Int'l*, Inc., 61 F.3d 639, 644 (8th Cir. 1995).  Courts have repeatedly dismissed claims based on a defendant manufacturer's alleged failure to disclose design defects where, as here, plaintiffs have failed to allege why the product is defective, what happens when the product fails, how the defendant manufacturer discovered the defect, the steps it took to conceal the defect, and how the defect harmed plaintiffs.  *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 971 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) (dismissing UCL and FAL claims that conclusorily alleged that the manufacturer knew of the alleged defect but failed to disclose it to consumers); *Eisen v. Porsche Cars N. Am., Inc.*, No. CV 11-9405 CAS FEMX, 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012) (dismissing plaintiffs' inadequately alleged claims,

which simply alleged that a defective shaft "fails" without explaining *how* the shaft fails and how the shaft affects the vehicle). Plaintiffs do not come close to pleading fraud with the particularity Rule 9(b) requires.

Plaintiffs here allege only, in one identical and conclusory sentence each in their 199-paragraph Complaint, that after purchasing and using their printers, they "discovered that the device did not function as a scanner if the ink cartridges are low or empty." *Id.* at ¶¶ 70, 79. Plaintiffs do not specifically allege facts as to: (1) what happens when they try to scan or fax when an ink cartridge is low or empty; (2) whether, as the websites to which Plaintiffs cite suggest, they can clear and bypass error messages to allow scanning and faxing functions to proceed (as described further below); or (3) any other circumstances of the alleged defect. Nor does the Complaint identify the cause of the alleged defect with specificity—*e.g.*, that scan and fax functions become impaired when ink cartridges fall below certain levels, that the printer enters an error state which cannot be cleared without the installation of a new ink cartridge, or that error messages regarding low ink levels prevent a user from pressing a scan or fax button. Plaintiffs' scant and conclusory claim of a defect is insufficient to satisfy Rule 9(b) and Plaintiffs' fraud-based claims are dismissed for their failure to plead them. *E.g., Sciacca v. Apple*, *Inc.*, 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019) (court dismissed UCL and FAL claims because plaintiff alleged that the screens of purchasers' Apple Watches "were detaching, cracking, or shattering," but these were only consequences of the alleged defect, and plaintiff did not specify what caused damage to the screen and what the actual defect was); *Yagman v. Gen. Motors* Co., No. CV-14-4696-MWF AGRX, 2014 WL 4177295, at *3 (C.D. Cal. Aug. 22, 2014) (plaintiff merely alleged "that his vehicle's engine stopped working" and "his vehicle experienced a total electrical failure").

### 2. Plaintiffs' Allegations About the Printers' Inability to Scan or Fax are Contradicted by Websites Referenced in the Complaint

Plaintiffs' Fraud-Based Claims are also dismissed because the allegations on which they are based are contradicted by the articles to which Plaintiffs cite in their Complaint, demonstrating that HP did not make any misrepresentations of fact or omissions.

The Court need not accept as true allegations that contradict documents referenced in the complaint. *Alamilla v. Hain Celestial Grp., Inc.,* 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Plaintiffs allege that HP's All-in-One Printers "by default" do not scan or fax documents when the devices have low or empty ink cartridges. *E.g.* Complaint, ¶¶ 7, 12, 43, 62, 89, 97, 175, 178. The web pages to which Plaintiffs cite, however, advise that when printers appear to enter into an "error" state because of low or depleted ink, a user can use a variety of methods to run a scan without further issue, including checking the USB cable or pressing the Scan function.[1] The websites that Plaintiffs include in their Complaint thus <u>contradict</u> the very allegations upon which their Complaint hinges, *i.e.*, that the scanning and faxing functions of the All-in-One Printers are disabled by low or empty ink cartridges or that users cannot scan or fax without buying and inserting new cartridges. Because the Court must disregard the allegations that are contradicted by the materials that Plaintiffs have referenced, Plaintiffs have not sufficiently alleged that any of HP's representations and advertisements regarding the scanning and functionality of the All-in-One Printers are false or misleading.

As such, the Court cannot credit the contradicted allegations and dismisses the entirety of Plaintiffs' Complaint as unsupported. *Alamilla v. Hain Celestial Grp*., Inc., 30 F. Supp. 3d 943 (N.D. Cal. 2014) (court dismissed claims where articles cited by plaintiffs did not support their conclusions and demonstrated that they have no claim).

### 3. **Plaintiffs' Failure to Allege a Duty to Disclose is Fatal to their Fraud-Based Claims**

---

[1] *See* HP Community Page, "*Can I scan without ink cartridges?,* https://h30434.www3.hp.com/t5/Scanning-Faxing-Copying/Can-I-scan-without-ink-cartridges/td-p/7267206 ; ScannersZone, *Does scanning use toner? – Tricks To Make A Scanner Work On All-In-One Machines When Out Of Ink*, https://scannerszone.com/does-scanning-use-toner/#:~:text=However%2C%20they%20have%20a%20design,ink%20in%20the%20printer%20cartridge.&text=Due%20to%20the%20design%20flaw,or%20cartridges%20replaced%20for%20scanning.

      Because Plaintiff's Fraud-Based Claims are premised upon an omission rather than an alleged misrepresentation, Plaintiffs must allege that HP had a duty do disclose the allegedly omitted facts. *See, e.g. Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192, 1202 (C.D. Cal. 2021); *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018). A duty to disclose in the fraudulent omission context arises in only four instances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively concealed a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011).

      In their Complaint, Plaintiffs conclusorily allege that HP actively concealed certain facts and made partial representations while suppressing material facts with respect to only two of their Fraud-Based Claims. Complaint, ¶¶ 137, 138, 181, 182. Plaintiffs make generalized allegations that "Defendant conceals a material fact from consumers and makes partial representations but also suppresses some material fact . . .," and "conceal [] material information," but fail to specify what material information HP should have disclosed; qualifying facts that should have been included in any alleged partial representations; HP's affirmative acts in suppressing or concealing these facts; and other facts to support allegations that HP had a duty to disclose. Because Plaintiffs' allegations in this respect are also wholly deficient, Plaintiffs' Fraud-Based Claims are dismissed. *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1174 (E.D. Cal. 2013).

      **4.**    <u>**As a Separate Basis for Dismissal, Plaintiffs Also Fail to Plead Elements of Their Fraud-Based Claims**</u>

      As a result of their failure to plead with particularity, and to allege sufficiently that HP made false or misleading statements, Plaintiffs also fail to plead adequately certain elements of their claims for violations of their Fraud-Based Claims.

      (i)    *FAL Claim*

      California's FAL makes it unlawful for any person to 'induce the public to enter into any obligation' based on a statement that is 'untrue or misleading, and which is known, or which by the

exercise of reasonable care should be known, to be untrue or misleading.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012).  Even if Plaintiffs had sufficiently alleged any Design Flaw (which they do not), this claim still fails because Plaintiffs do not allege with specificity HP's knowledge of any alleged Design Flaw, or that HP made untrue or misleading representations about the All-in-One Printers' scan and fax functions with knowledge of the alleged defect.  *Compare Wallace v. SharkNinja Operating, LLC*, No. 18-CV-05221-BLF, 2020 WL 1139649, at *2 (N.D. Cal. Mar. 9, 2020) (plaintiffs pled that defendant was aware of a defect in its blenders based on "pre-release testing data, early consumer complaints, high failure rates and replacement part sales data, and other internal sources").  Without sufficient allegations that HP knew about the alleged Design Flaw, and that HP's statements about the functionality of the All-in-One Printers are untrue or misleading, Plaintiffs' FAL claim fails.

  (ii) *UCL Claim*

  Plaintiffs' claims under the "unlawful," "fraudulent," and "unfair" prongs of the UCL also fail.  First, Plaintiffs' "unlawful" UCL claim is derivative of the FAL claim and fails because Plaintiffs' FAL claim fails. To state a cause of action based on an "unlawful" act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *See Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).  Under California law, "[w]hen a statutory claim fails, a derivative UCL claim also fails." *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012). The alleged violation of law that form the basis for Plaintiffs' "unlawful" UCL claim is a violation of the FAL (Complaint, ¶ 141), which, for the reasons stated above, Plaintiffs fail to allege sufficiently.  *See id.*; *see also Avila v. Countrywide Home Loans*, No. 10-CV-05485-LHK, 2011 WL 1192999, at *6 (N.D. Cal. March 29, 2011) (dismissing UCL claim premised on violation of underlying law for which plaintiff failed to state claim).

  Second, Plaintiffs' "fraudulent" UCL claim is also defectively pled.  Plaintiffs' allegation that HP's conduct is "fraudulent" is based on HP's purported misrepresentations about the functionality of its All-in-One-Printers, which, as discussed above, Plaintiffs have not sufficiently pled to be false.

  Third, Plaintiffs' "unfair" UCL claim overlaps with the business practices that are the subject

of Plaintiffs' inadequately pled claims for allegedly "unfair" business practices. Complaint, ¶ 131. Because Plaintiffs' "unlawful" UCL claim warrants dismissal, Plaintiffs' "unfair" UCL claim is also dismissed. *Hadley v. Kellogg Sales Co.,* 243 F. Supp. 3d 1074, 1104-1105 (N.D. Cal. 2017). Additionally, Plaintiffs have not alleged sufficient facts regarding any "unfair business practice" that "undermines a legislatively declared policy or threatens competition, or a practice that has an impact on its alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer," as is required to assert an "unfair" UCL claim. *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1085 (S.D. Cal. 2019). Plaintiff state in support of their "unfair" UCL claim that HP's manufacturing, advertisement, and sale of HP's All-in-One-Printers without disclosing the Design Flaw resulted in the devices not operating as advertised, causing consumers to be "unable to make informed choices when purchasing the devices" and "spend additional money" on ink cartridges. Complaint, ¶ 138. Plaintiffs have not, however, alleged with particularity the circumstances of the alleged design defect, and the falsity of any representations regarding the functionality of the All-in-One Printers. Plaintiffs' "unfair" UCL claim is dismissed.

   (iii) *Negligent Misrepresentation Claim, Minnesota False Statement in Advertising Act, Minnesota Uniform Deceptive Trade Practices Act*

Plaintiffs' claim for negligent misrepresentation must likewise be dismissed given Plaintiffs' failure to plead adequately a design defect, and resulting failure to plead the falsity of HP's representations. To state a claim for negligent misrepresentation, Plaintiffs must allege an actionable misrepresentation of fact. *Palomares v. Bear Stearns Residential Mortg.*, 07-cv-01899, 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008). Similarly, Minnesota False Statement in Advertisement statute, Minn. Stat. § 325F.67, *et seq.* applies only to the dissemination of any statements that are "untrue, deceptive, or misleading." The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, similarly requires allegations of "deceptive representations," "false or misleading statements" and misrepresentations, or "conduct which creates a likelihood of confusion or of misunderstanding." Those allegations are not sufficiently pled here. Plaintiffs have not alleged sufficient facts to support their conclusion that HP's representations were false, deceptive, confusing, or misleading and thus Plaintiffs' claims for negligent misrepresentation and Minnesota's

false advertising statute and the Uniform Deceptive Trade Practices Act are dismissed.

   (iv) *Plaintiffs cannot rely on generalized and irrelevant allegations about industry practice to in lieu of actual factual allegations.*

   In their Complaint, Plaintiffs cite extensively to articles that assert broadly that printer manufacturers have conspired to offer printers at cheap prices while overpricing printer ink.  Those articles, however, are irrelevant and insufficient to plead Plaintiffs' claims.  They criticize the printer industry for "do[ing] everything they can to keep you buying official ink cartridges,"[2] for creating a "cash cow" in overpricing inkjet refills,[3] and engaging in a "classic razor-and-blade business model where the manufacturer sells the goods at a low price to help increase the sales of accessories."[4] None of the articles cited in the Complaint mention the Envy Printer or the Deskjet Printer, or even relate to Plaintiffs' claims that low or depleted ink cartridges result in the blocking of a printer's scanning and faxing functions.  No reference is made to the All-In-One-Printer models that Plaintiffs have identified in their Complaint, nor are the articles focused solely on HP.[5]  In fact, the articles

---

[2] *Why printer ink is so expensive*, Jack Houston and Irene Anna Kim, INSIDER (Updated Mar. 2, 2021), https://www.businessinsider.com/why-printer-ink-so-expensive-2019-8.

[3] *Printer ink: Tired of feeding the cash cow?*, Lamont Wood, COMPUTERWORLD (Mar. 28, 2012), https://www.computerworld.com/article/2503134/printer-ink--tired-of-feeding-the-cash-cow-.html

[4] *Why Is Printer Ink So Expensive?*, CONSUMER REPORTS (September 15, 2018), Tercius Bufete, https://www.consumerreports.org/printers/why-is-printer-ink-so-expensive-a2101590645/.

[5] The Court disregard the following irrelevant allegations set forth in the Complaint:

- Paragraphs 1, 2, 57-64.
- Paragraph 3, at the first sentence, "The loss leader approach is particularly acute with all-in-one printers."
- Paragraph 12, at the second sentence, "The end goal is to increase the sales of one HP's largest profit makers, ink cartridges, by any and all means."
- Footnotes 1, 2, 17-20.

mention companies and products other than HP's such as printers "marketed by Epson, Canon, and HP,"[6] and sold by Samsung, and Brother.[7] Plaintiffs' generalized discussion and speculation regarding printer industry practices cannot form the basis of liability as to HP in this lawsuit.

### B. Plaintiffs' Negligent Misrepresentation Claim Is Also Dismissed Because It is Barred by the Economic Loss Doctrine

In addition to failing to plead their negligent misrepresentation claim with sufficient particularity under Rule 9(b), Plaintiffs' claim for negligent misrepresentation is barred by the economic loss doctrine. The economic loss doctrine generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages. *Aas v. Superior Court*, 24 Cal.4th 627, 643, 101 Cal.Rptr.2d 718, 12 P.3d 1125 (2000) ( "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations."); *Soil Retention Prod., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 954 (S.D. Cal. 2021). The doctrine encompasses economic losses that consist of "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). "Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses." *Id.* (internal quotation marks and citations omitted).

---

[6] *Does Scanning use toner? - Tricks to Make a Scanner Work on All-in-One Machines When Out of Ink*, Levi Alston, SCANNERSZONE, https://scannerszone.com/does-scanning-use-toner/#:~:text=However%2C%20they%20have%20a%20design,ink%20in%20the%20printer%20cartridge.&text=Due%20to%20the%20design%20flaw,or%20cartridges%20replaced%20for%20scanning.

[7] *Why Is Printer Ink So Expensive?,* Tercius Bufete, CONSUMER REPORTS (Sept. 15, 2018), https://www.consumerreports.org/printers/why-is-printer-ink-so-expensive-a2101590645/.

Plaintiffs' claims for pure economic losses are precisely the type to which the economic loss doctrine applies. Here, Plaintiffs do not allege personal injury, physical damage, or seek damages that are any different from what they seek by way of their contractual breach of express warranty claim. By way of their claim for negligent misrepresentation, Plaintiffs seek damages only for economic losses. See, Complaint, ¶¶ 97-102. Furthermore, Plaintiffs' allegations are based solely on representations that allegedly induced them into purchasing their printers. Such claims are barred by the economic loss doctrine. *Frye v. Wine Library, Inc.,* 06–5399 SC, 2006 WL 3500605 (N.D. Cal. Dec. 4, 2006).

### C. Plaintiffs' Claim for Breach of Express Warranty Fails Because Plaintiffs Have Failed to Allege Sufficiently that an Actual Breach Occurred

To plead an action for breach of express warranty under Minnesota law, a plaintiff must allege: (1) the existence of a warranty, (2) breach of the warranty, and (3) causation of damages. *Barclay v. Icon Health & Fitness, Inc.*, No. 19-CV-2970 (ECT/DTS), 2022 WL 486999, at *5 (D. Minn. Feb. 17, 2022). Similarly, to prevail on a breach of express warranty claim under California law, a plaintiff must prove that: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached. *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1117 (C.D. Cal. 2021). Plaintiffs have failed to plead sufficiently that a warranty was actually breached. The articles on which Plaintiffs rely in their Complaint negate their allegations that scanning functions are inoperable when ink levels are low or depleted in HP's All-in-One Printers. Complaint, fn. 14 and 15. Plaintiffs also fail to allege any impairment of the faxing functions in the printers they purchased. Because Plaintiffs have failed to allege sufficient facts of an actual breach, Plaintiff's claims for breach of an express warranty fails.

Additionally, breach of warranty claims do not apply to "design defects," like the Design Flaw alleged in the Complaint. Courts in both the Eighth and Ninth Circuits have held that express warranties only apply to "manufacturing defects," and not "design defects." *See, e.g. Bruce Martin Const., Inc. v. CTB, Inc.,* 735 F.3d 750, 754 (8th Cir. 2013) (express warranty only covers manufacturing defects, not design defects). A manufacturing defect occurs when a manufacturer

constructs a single product in a substandard manner, generally resulting in a deviation from the manufacturer's intended result or from other seemingly identical products. *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1139 (D. Or. 2020). A design defect, however, occurs when a manufacturer builds a product exactly how it was designed, but the design itself is defective. *Id.* Throughout the Complaint, Plaintiffs only allege that the purported blocking of fax and scanning in HP's All-in-One Printers is an inherent (and allegedly intentional) design defect, and not an unintended manufacturing deviation. Because express warranties only cover manufacturing defects, and not design defects like the type that Plaintiffs have asserted, Plaintiffs' breach of express warranty claim is dismissed.

### D. **Plaintiffs' Claims for Equitable and Injunctive Relief Are Dismissed Because Plaintiffs Have an Adequate Remedy at Law**

Plaintiffs' requests for equitable remedies in connection with their claims for restitution and injunctive relief under the UCL, FAL, MDTPA, Minnesota False Advertising Law, and unjust enrichment are also dismissed because Plaintiffs have not alleged that they do not have adequate remedies at law. In the Ninth Circuit, a federal court cannot grant equitable relief if plaintiffs have an adequate remedy at law. *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020). Similarly, in the Eighth Circuit, a party may not obtain equitable relief where there is an adequate remedy at law available. *United States v. Bame*, 721 F.3d 1025, 1030 (8th Cir. 2013) (dismissing unjust enrichment claim because it is an equitable remedy that is not available where there is an adequate legal remedy). Thus, Plaintiffs must plead facts demonstrating that they lack an adequate remedy at law to maintain their equitable restitution claims. *See id.* at 837.

Plaintiffs assert a claim for breach of express warranty, which permit them to recover monetary damages, and "[m]onetary damages are a remedy at law." *See Williams*, 2020 WL 6743911, at *9; *see also Falk v. Nissan N. Am., Inc.*, No. 17-CV-04871-HSG, 2018 WL 2234303, at *10 (N.D. Cal. May 16, 2018) (breach of express warranty claim affords plaintiffs an adequate remedy at law). In addition, the Complaint does not allege how Plaintiffs' claims for breach of express warranty and negligent misrepresentation—which are based on the same factual predicates

as their claims for equitable relief—"are any less prompt, certain, or efficient than restitution." *Sonner*, 971 F.3d at 844 n.8. Because Plaintiffs seek, and may be entitled to, compensatory damages, their claims for equitable monetary and injunctive relief are dismissed.

Plaintiffs' claim for Minnesota Uniform Deceptive Trade Practices Act is also dismissed because injunctive relief is the sole remedy under the Act. *See* Minn. Stat. § 325D.45 subdiv. 1; *Nelson v. Am. Fam. Mut. Ins. Co.*, 262 F. Supp. 3d 835, 862 (D. Minn. 2017), *aff'd,* 899 F.3d 475 (8th Cir. 2018).

### E.  Plaintiffs' Claim for Unjust Enrichment Is Dismissed

Because Plaintiffs' UCL, FAL, MDPTA, and Minnesota False Advertising Law claims are dismissed, the Court also dismisses Plaintiffs' claim for unjust enrichment. Once a plaintiff's underlying fraud-based claims have been dismissed, the plaintiff "has no basis for its unjust enrichment claim." *See Oestreicher,* 544 F. Supp. 2d at 975 (granting motion to dismiss plaintiff's unjust enrichment claim, "since plaintiff's fraud-based [CLRA, UCL, FAL, and fraudulent concealment] claims have been dismissed"); *see also*, *Smith v. Ygrene Energy Fund, Inc.*, No. 17-CV-01258-LB, 2017 WL 3168519, at *11 (N.D. Cal. July 26, 2017) (unjust enrichment claim must be dismissed because it is merely "superfluous" of the plaintiffs' other statutory and tort claims). The Court dismisses Plaintiffs' claim for unjust enrichment on this basis. Plaintiffs' unjust enrichment claim is also dismissed on the separate basis that a plaintiff "recover on an unjust enrichment or quasi contract claim if the parties have an enforceable agreement covering the same subject matter." *Walters v. Vitamin Shoppe Indus., Inc.*, 701 F. App'x 667, 669 (9th Cir. 2017); *Gisairo v. Lenovo (United States) Inc.*, 516 F. Supp. 3d 880, 894 (D. Minn. 2021). Because Plaintiffs allege an express contract with HP (Complaint at ¶¶ 119-120, 125, 165-166, 171), Plaintiffs' unjust enrichment claim is precluded.

### F.  Plaintiffs Lack Standing to Assert Claims Relating to the Non-Purchased Printers and the Printers' Faxing Function.

#### 1.  Plaintiffs Lack Standing to Assert Claims for Non-Purchased Printers

Plaintiffs do not have standing to assert claims for the Non-Purchased Printers because Plaintiffs did not suffer any injury relating to those printers. "That a suit may be a class action ...

adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996). In the Eighth Circuit, a plaintiff cannot seek relief relating to products that the plaintiff never purchased or advertising that the plaintiff never saw or relied upon. *Chin v. Gen. Mills, Inc.*, No. CIV. 12-2150 MJD/TNL, 2013 WL 2420455, at *3 (D. Minn. June 3, 2013) (dismissing claims as to products that named plaintiffs did not purchase).

In the Ninth Circuit, the courts have split as to whether plaintiffs can assert claims for substantially similar products that they did not purchase. Some district courts have held that a plaintiff may assert claims relating to "substantially similar" products even if they did not purchase them. *See Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1083 (N.D. Cal. 2014) (courts "look to a series of factors including whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling"). Others have concluded that, absent economic injury, a plaintiff's claims for products that he or she did not purchase must be either dismissed for lack of standing or addressed at the class certification phase of the case. *Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 476688 at *5, 2010 U.S. Dist. LEXIS 10926 at *13 (S.D. Cal. Feb. 9, 2010) ("[Plaintiff] cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon."); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 569 (N.D. Cal. 2013). More recently, courts in the Ninth Circuit have cast doubt on the "substantial similarity" analysis as undermining the principles of standing: *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021) (the "substantial similarity" analysis appears to be inconsistent with the basic concept of standing); *Lozano v. Bowmar Nutrition LLC*, No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660, at *4 (C.D. Cal. Aug. 19, 2021).

Regardless of whether the substantial similarity analysis applies, Plaintiffs fail to establish standing to pursue claims concerning products they did not purchase. Plaintiffs have presumably identified the additional, ten Non-Purchased Printers as at-issue in this action because they are also referred to as "All-in-One Printers." The simple labeling of the Non-Purchased Printers as all-in-one

devices does not support an assumption that their faxing and scanning capabilities are impacted by ink availability.  Plaintiffs have failed to plead, as they are required to, for purposes of their claims for violations of the UCL and FAL, that that they suffered an injury in fact, or lost any money property as a result of any advertisements or use of any of the Non-Purchased Printers.

### 2. Plaintiffs Lack Standing to Assert Allegations Regarding Fax Functions that Did Not Cause Plaintiffs Harm

Also absent from Plaintiffs' Complaint are any allegations that Plaintiffs themselves encountered problems with the faxing functions of their own or any All-in-One Printers.  The Complaint alleges that HP's All-in-One Printers do not fax without ink.  *E.g.,* Complaint, ¶ 10, 43, 64, 89, 97, 175.  Plaintiffs do not allege, however, that they experienced any issues with the faxing performance of any printers, or that the fax functionality of any All-In-One Printers are affected by low or empty ink cartridges (or even if their printers even have faxing capabilities).  Because Plaintiffs did not directly suffer any injury with respect to the fax capabilities of the All-in-One Printers, Plaintiffs lack standing to assert allegations relating to the products' faxing features.

\* \* \*

Accordingly, the Court hereby **GRANTS** HP's Motion in its entirety, and dismisses with prejudice Plaintiffs' claims for negligent misrepresentation; unjust enrichment; breach of express warranty under California law; violation of California's Unfair Competition Law; violation of California's False Advertising Law; breach of express warranty under Minnesota law; violations of Minnesota's Deceptive Trade Practices Act; and violations of Minnesota's False Advertising Law.

**IT IS SO ORDERED.**

Dated: _____    By: _____
                                         The Honorable Beth L. Freeman
                                         United States District Judge