Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
401 West C St., Suite 1760
San Diego, CA 92101
Tel: (714) 651-8845
tkashima@milberg.com

*Pro Hac Vice* Application Forthcoming

[Additional Counsel on Signature Page]

*Attorneys for Plaintiffs and the Class*

**MORGAN, LEWIS & BOCKIUS LLP**
Molly Moriarty Lane (SBN 149206)
molly.lane@morganlewis.com
Christina Chen (SBN 294921)
christina.chen@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

*Attorneys for Defendants*
*HP, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **GARY FREUND and WAYNE MCMATH,** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**HP INC., d/b/a HP COMPUTING AND PRINTING INC., Delaware corporation,**<br><br>Defendant. | Case No: 5:22-cv-03794-BLF<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>Hearing date: October 10, 2022<br>Time:          11:00 a.m.<br>Judge:         Hon. Beth Labson Freeman |

Pursuant to Federal Rule of Civil Procedure 26(f), Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Court's June 28, 2022 and July 7, 2022 Orders, Plaintiffs Gary Freund and Wayne McMath ("Plaintiffs") join Defendant HP Inc. ("HP" or "Defendant"), to submit the following Joint Rule 26(f) Report setting forth the matters to which the parties agree and their respective views as to the issues of disagreement.

## JURISDICTION AND SERVICE

Plaintiffs filed this lawsuit in the United States District Court for the Northern District of California on June 27, 2022. Defendant HP was served on July 19, 2022.

ThisCourt has jurisdiction over this dispute pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1446, and 1453 ("CAFA"). Venue is proper because pursuant to 28 U.S.C. § 1391(b)(1), HP is headquartered in this District, and pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events giving rise to the claims asserted occurred in this District.. HP does not contest personal jurisdiction in this action.

## FACTS

### A. Plaintiffs' Statement

Plaintiffs bring this class action lawsuit against HP to redress HP's false and misleading marketing and advertising, which induced Plaintiffs and the proposed class to purchase HP's "All-in-One" printer under the reasonable belief that the printer could fax and scan documents without requiring non-depleted ink cartridges.[1]

Defendant HP designs, develops, manufactures, and sells personal computers, tablet computers, monitors, printers, workstations and accessories. In the marketing and advertising of one its products, the All-in-One Printer, HP represents the printer to have three core functions: printing, copying, and scanning. HP further proclaims that "these [All-in-One] printers are convenient because you don't have to buy a separate device for each task." The cost of printer ink is a key factor for any consumer in the printer market, given that printer ink is more expensive than silver, caviar, and champagne. However, HP did not disclose that its "All-in-One" printers require ink cartridges (with sufficient ink for each color) in order to utilize two of the printers' three functions—scanning

---

[1] HP's "All-in-One" printer is also known as a Multi-Functional Printer.

and faxing—despite printer ink not being a necessary component for the functions. Thus, if consumers wish to use either of two of the main functions of the device, HP forces the consumers to purchase ink cartridges or be deprived of several of the core functions of their supposedly All-in-One printing devices.

Plaintiffs and proposed Class Members bought HP's All-in-One Printer due to Defendant's representations that the printer could fax and scan documents without ink cartridges, and misled Plaintiffs and Class Members to believe they were purchasing a multi-functional printer that could complete its ink-less functions without ink cartridges. Because of HP's misrepresentations, consumers were unable to make informed choices when purchasing the devices.

Plaintiffs allege in their Complaint that HP concealed and omitted material facts regarding the All-in-One Printer's true nature, including its Design Flaw, and misled Plaintiffs and Class Members to believe they were purchasing a multi-functional printer, without the Design Flaw, capable of faxing and scanning documents, without first purchasing costly ink cartridges.

**B.    HP's Statement**

By way of their Complaint, Plaintiffs Gary Freund and Wayne McMath allege claims against HP, Inc. based on a non-existent "Design Flaw" that they contend exists in the HP printers they purchased. Plaintiffs contend that the scanning and faxing features in HP's "all-in-one" printers—which permit users to print, copy, scan and fax—do not function as represented when the printer's ink cartridges are too low or depleted. The fundamental flaw with Plaintiffs' allegations is that they are not true. It is unclear how Plaintiffs could make these allegations, after any reasonable investigation given that there is in fact, no such "Design Flaw" or blocking of the scanning or faxing functions of HP's All-One-Printers.

Although Plaintiffs allege that users are unable to scan or fax when printer ink is low or depleted due to the Design Flaw, Plaintiffs' own Complaint references web pages that explicitly contradict Plaintiffs' allegations. For example, in footnote 14 of their Complaint, Plaintiffs cite to an HP discussion forum in which users discuss, how to clear an error message allegedly trigged by the absence of an ink cartridge and run a scan.[2] In footnote 15 of the Complaint, the author offers

---

[2]    See HP Community Page, "Can I scan without ink cartridges?,

"several tips and tricks to overcome this issue . . . by surpassing the error message," to proceed to scan.

Although HP cannot challenge the invalidity of Plaintiff's allegations by way of its motion to dismiss, the lack of factual support for Plaintiffs' allegations permeates their Complaint. For instance, Plaintiffs fail to plead their fraud-based claims in their Complaint, *i.e.* their claims for violations of California's False Advertising and Unfair Competition Law, and under Minnesota's Deceptive Trade Practices Act and False Advertising Law, and their claim for negligent misrepresentation, with the specificity that Federal Rule of Civil Procedure 9(b) requires. Although they are required to do so, Plaintiffs do not plead the details of the "Design Flaw," such as what happens to the printers when ink cartridges are low or depleted, how exactly the printers' scanning and faxing functions are affected by ink availability, HP's knowledge of the defect, and HP's failure to disclose the purported defect to consumers. Instead, Plaintiffs allege only, in one identical and conclusory sentence each, that the printers that they purchased do not scan if the ink cartridges are low or empty. Such an allegation is not sufficient to sustain Plaintiffs' fraud-based claims.

HP's motion to dismiss Plaintiffs' Complaint also addresses additional grounds for dismissal of Plaintiffs' claims, including Plaintiffs' inadequate pleading of their claims for breach of warranty; their failure to allege that their remedies at law are inadequate which is fatal to their requests for equitable relief pursuant to their unjust enrichment and consumer protection claims; their lack of standing to assert claims in connection with the printers that they did not purchase, or issues relating to faxing that they did not allege that they have experienced; the fact that their claim for unjust enrichment is solely premised on insufficiently plead claims and precluded by their inconsistent contract and breach of warranty allegations; and that Plaintiffs' negligent misrepresentation claim should be dismissed because it is barred by the economic loss rule.

Plaintiffs will also be unable to prove that they were damaged in any way or that they are entitled to any of the relief asserted. The entirety of this action should be dismissed.

---

https://h30434.www3.hp.com/t5/Scanning-Faxing-Copying/Can-I-scan-without-ink-cartridges/td-p/7267206 ( E.g., "I just checked with a USB cable. I can scan without any cartridges, so that is good. […]. I also did a factory reset on the device before and changed the interface language to English. Now it tells me that I must install the cartridges, but using the Printer Assistant software I am still able to scan").

## LEGAL ISSUES

### A. Plaintiffs' Statement

Plaintiffs anticipate the following legal disputes:

- Whether a reasonable consumer would be misled into believing that HP All-in-One Printers function as a scanner with low or empty ink;
- Whether a reasonable consumer would be misled into believing that Whether HP All-in-One Printers function as a fax machine with low or empty ink;
- Whether HP's misrepresentations were a violation of Cal. Bus. Prof. Code, sections 17200 *et seq.* and 17500 *et seq.*;
- Whether HP's misrepresentations were a violation of Minn. Stat. § 325D.44, *et seq.* and 325F.67, *et seq.*;
- Whether HP breached its express warranties;
- Whether HP has been unjustly enriched as a result of its conduct and practices as described here;
- Whether this action is appropriate for class certification;
- The proper measure of restitution and damages associated with Defendant's misrepresentations; and
- Whether Plaintiffs and member of the proposed Class are entitled to equitable or injunctive relief and, if so, the nature of such relief.

### B. HP's Statement

HP disagrees with the issues that Plaintiffs have identified above because they mischaracterize the facts and improperly assume that the "Design Flaw" exists, and that the scanning and faxing features of HP's All-One-Printers are affected by ink levels. At this early pleadings stage, HP believes that the primary legal dispute is whether Plaintiffs have properly pled their claims for (1.) negligent misrepresentation; (2.) unjust enrichment; (3.) breach of express warranty under California law; (4.) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, or California's Unfair Competition Law; (5.) violation of Cal. Bus. & Prof. Code §§ 17500, et seq., or California's False Advertising Law; (6.) breach of express warranty under Minnesota law; (7.) violations of

Minnesota's Deceptive Trade Practices Act, Minn. Stat. § 325D.44, *et seq.*; (8.) violations of Minnesota's False Advertising Law, Minn. Stat. § 325F.67, *et seq.*

HP also identifies the issue of whether Plaintiffs have standing to assert claims for the printers they did not purchase, and to assert allegations regarding fax functions that did not cause Plaintiffs harm, as key legal disputes. Plaintiffs do not have standing to assert claims for the printers they did not buy because Plaintiffs did not suffer any injury relating to those printers. The same is true for Plaintiffs' claims regarding the faxing functions of HP's printers, as Plaintiffs did not allege that they themselves experienced any issues with the faxing performance of their printers, or that fax functionality of the All-In-One Printers are affected by low or empty ink cartridges.

## MOTIONS

### A. Status of Pending Motions

On September 15, 2022, Defendant filed a Motion to Dismiss Plaintiffs' Class Action Complaint, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). ECF No. 14. Plaintiffs intend to oppose. This matter is set for hearing on January 5, 2023, at 9:00 am before the Honorable Beth L. Freeman.

### B. Anticipated Motions

Plaintiffs intend to file a motion for class certification. Counsel for the parties will meet and confer regarding a briefing schedule before filing the class certification motion and any related motions. Plaintiffs also anticipate filing motion(s) for summary judgment, and/or summary adjudication, after class certification, if necessary.

HP anticipates filing a motion for summary judgment and other dispositive motions as appropriate.

## AMENDMENTS OF PLEADINGS

### A. Plaintiffs' Statement

Plaintiffs may amend their pleadings based on the positions taken in Defendant's Motion to Dismiss and/or to additional parties or claims. Pursuant to Federal Rule of Civil Procedure 15(a): "A party may amend its pleading once as a matter of course within… 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

B.     HP's Statement

HP reserves the right to seek dismissal of all or part of any further amended pleadings.

**EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have met and conferred under Rule 26(f) regarding evidence preservation, and are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evidence in this action.

**DISCLOSURES**

The parties will exchange their Rule 26(a)(1) initial disclosures fourteen (14) days following the ruling on Defendant's Motion to Dismiss.

**DISCOVERY**

A.     **Discovery Taken to Date**

At this time, no discovery has been taken.

B.     **Production of Documents and Electronically Stored Information**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI. Additionally, the parties understand that this case may involve significant ESI discovery. Following the Court's decision on Defendant's Motion to Dismiss, the parties will meet and confer regarding an ESI and general document production Protocol.

C.     **Non-Waiver of Protection and Stipulated Protective Order**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Pursuant to Fed. R. Evid. 502(d), any party's production of documents covered by an applicable privilege or protection shall not constitute a waiver of the privilege or protection with respect to those documents or the subject matter of those documents in this case or any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

The parties will submit a proposed protective order (the "Protective Order") to protect

confidential and commercially sensitive information, following the Court's decision on Defendant's Motion to Dismiss. Within the Protective Order, the parties will agree to a mechanism regarding the unintentional disclosure of protected documents.

### D. Discovery Subjects

<u>Plaintiffs' Statement</u>

Initially, Plaintiffs intend to propound targeted class certification discovery to satisfy the elements of Rule 23. Plaintiffs are also likely to seek documentary discovery concerning, and is likely to depose, among others, current and former officers and management personnel of Defendant that have information concerning:

(1) Representations made on Defendant's packaging, marketing, and website regarding the All-in-One Printers;

(2) Information regarding the functionality of the All-in-One Printers;

(3) Defendant's information technology and marketing policies, procedures, and training;

(4) Information regarding the sales and distribution of the All-in-One Printers;

(5) Information regarding the pricing of the All-in-One Printers;

(6) Consumer complaints regarding the All-in-One Printers;

(7) Defendant's affirmative defenses, if any are pled; and

(8) All other issues raised in the pleadings.

Plaintiffs to not agree to limitations on deposition, beyond those provide by Federal Rule of Civil Procedure 30(a)(2) at this time.

<u>HP's Statement</u>

HP anticipates seeking discovery from the named Plaintiffs including depositions, requests for admissions, interrogatories, and requests for production of documents.  HP intends to propound fact discovery regarding both Plaintiffs' alleged review and reliance on the subject advertisements and representations on box packaging in purchasing the at-issue printers.  HP also plans to serve discovery to obtain information regarding Plaintiffs' purported discovery of, and any ongoing issues with, the inability of their printers to scan if their ink cartridges are low or empty.  Specifically, HP will seek information regarding the exact circumstances of the alleged Design Flaw, such as what

happens to the printers when ink cartridges are low or depleted, and how exactly the scanning and faxing functions of HP's All-in-One Printers are affected by ink availability.

HP believes it is appropriate to impose a 35-hour limitation on depositions for each party, which is the equivalent of five depositions given the FRCP limit of 7 hours. Given the nature of the case, Plaintiffs will not need a significant number of depositions as there is likely be overlap between 30(b)(6) designees and other fact witnesses.

### E. Potential Witnesses

Plaintiffs' Statement

Due to the early stage of this litigation, Plaintiffs have not identified individuals (by name or job title) that may have relevant information regarding this case. However, Plaintiffs intend to take Defendant's deposition, pursuant to Rule 30(b)(6) on one or more of the topics identified in the preceding section. Additionally, Plaintiffs may depose current/former officers, directors, and employees of Defendant or any related entity likely have relevant knowledge or information concerning one or more of the topics identified in the preceding section.

HP's Statement

HP intends to take written discovery and depositions of the named Plaintiffs in this case, and additional parties if they are added to Plaintiffs' amended pleadings or identified otherwise.

### F. Limitations on Discovery

The parties agree to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules should this case move forward.

## CLASS ACTIONS

### A. Plaintiffs' Statement

Plaintiffs bring this case pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), individually and on behalf of the following Nationwide Class:

> All persons in the United States who purchased or acquired a HP All-in-One Printer, in the United States or its territories, for the personal/household use, at any time within the applicable statute of limitations (the "Nationwide Class").

Plaintiff Freund brings this action individually and on behalf of the following California subclass:

> All persons residing in California who purchased a HP All-in-One Printer for personal/household use, at any time within the applicable statute of limitations (the "California subclass").

Plaintiff McMath brings this action individually and on behalf of the following Minnesota subclass:

> All persons residing in Minnesota who purchased a HP All-in-One Printer for personal/household use, at any time within the applicable statute of limitations (the "Minnesota subclass").

Plaintiffs believe that a class certification is proper because the putative class's legal and factual disputes stem from the same misrepresentations regarding scanning and faxing functionalities made by Defendant. Accordingly, liability is capable of single stroke resolution for the entire class.

### B. HP's Statement

HP contends that class certification is not appropriate, and denies that this case meets any of the criteria for class treatment. HP submits that it is premature to address class certification until the Court rules on the motion to dismiss Plaintiffs' Class Action Complaint, and any subsequent pleading motions, as needed.

## RELATED CASES

At this time, the parties are unaware of any related cases.

## RELIEF

Plaintiffs seek injunctive relief, equitable relief (including restitution), damages, putative damages, statutory damages, civil penalties, prejudgment interest, costs, and attorneys' fees in an amount of be proven at trial.

Defendant denies that Plaintiffs are entitled to damages or any other relief.

## SETTLEMENT AND ADR

The parties have met and conferred under ADR Local Rule 3-5 and have filed their ADR Certifications.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties did not agree to the Magistrate Judge hearing this matter for all purposes.

## OTHER REFERENCES

At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

The Parties agree there are no issues that can be narrowed at this time.

## EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is suitable for an expedited trial.

## SCHEDULING

The parties respectively propose the following pretrial schedule:

| Matter | Parties' Proposed Deadline |
|---|---|
| Rule 26 Disclosures | Fourteen (14) days following the Court Order on Defendant's Motion to Dismiss |
| Deadline for Plaintiffs to amend Complaint | November 25, 2022 |
| Plaintiff's Motion for Class Certification / Plaintiff's Initial Expert Witness Disclosure and Reports | October 16, 2023 |
| Plaintiffs to Produce Class Certification Experts for Deposition | November 20, 2023 |
| Defendant's Response in Opposition to Plaintiff's Motion for Class Certification / Defendant's Initial Expert Witness Disclosure and Reports | December 21, 2023 |
| Plaintiff's Reply in Support of Motion for Class Certification / Rebuttal Expert Witness Disclosures | January 22, 2024 |
| Deadline for Filing Dispositive Motions | To Be Set After Ruling on Plaintiff's Motion for Class Certification |
| Final Pre-trial Conference | To be determined. |
| Trial Date | To be determined. |

After the class certification hearing, the parties request that the Court hold a status conference to set further deadlines, including the close of fact discovery, expert deadlines, motions for summary judgment, *Daubert* motions, and other deadlines.

## TRIAL

Plaintiffs request a jury trial. Plaintiffs presently estimate that trial in this action will be approximately five (5) days. HP respectfully submits that the trial date, trial length estimate, and other pretrial deadlines be addressed after the Court has made a determination on class certification.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**A.      Plaintiffs' Statement**

As noted in Certification of Interested Parties (ECF No. 10), Plaintiffs are aware of no interested entities or parties, other than absent class members, that may be affected by the outcome of the proceeding, at this time.

**B.      HP's Statement**

Pursuant to Civil Local Rule 3-15, the undersigned attorneys for HP certify that, as of this date, they are not aware of additional non-party interested entities or persons, other than HP.

**PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**OTHER MATTERS AS MAY FACILITATE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties agree that service of all papers not served via CM/ECF (e.g., discovery requests and responses) may be accomplished electronically. No regular mail service will be required.

Respectfully submitted,

Dated: October 13, 2022

/s/ *Trenton Kashima*
Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
401 West C St., Suite 1760
San Diego, CA 92101
Tel: (714) 651-8845
tkashima@milberg.com

Nick Suciu*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
Email: nsuciu@milberg.com

|   |   |
|---|---|
|   | Gary Klinger*<br>Russell Busch*<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>Tel.: (866) 252-0878<br>Email: gklinger@milberg.com<br>rbusch@milberg.com<br><br>*Attorneys for Plaintiffs and the Class* |
| Dated: October 13, 2022 | /s/ Christina Chen<br>Molly Moriarity Lane<br>Christina Chen<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market<br>Spear Street Tower<br>San Francisco, CA  94105-1596<br>Tel:    +1.415.442.1000<br>Fax:   +1.415.442.1001<br>molly.lane@morganlewis.com<br>christina.chen@morganlewis.com<br><br>*Attorneys for Defendant HP, Inc.* |

- 13 -
JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT                    Case No: 5:22-cv-03794-BLF

**ATTESTATION OF SIGNATURES**

Pursuant to Civil Local Rule 5-1(i)(3), I, Trenton Kashima, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: October 13, 2022

*/s/ Trenton Kashima*
Trenton R. Kashima (SBN 291405)

- 14 -

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT          Case No: 5:22-cv-03794-BLF