**MORGAN, LEWIS & BOCKIUS LLP**
Molly Moriarty Lane, Bar No. 149206
molly.lane@morganlewis.com
Christina Chen, Bar No. 294921
christina.chen@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:      +1.415.442.1000
Fax:     +1.415.442.1001

*Attorneys for Defendant*
*HP Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GARY FREUND and WAYNE MCMATH, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>HP INC., d/b/a HP COMPUTING AND PRINTING INC., Delaware corporation,<br>        Defendant. | Case No. 5:22-cv-03794-BLF<br><br>**DEFENDANT HP INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Hearing Date:  January 5, 2023<br>Hearing Time:  9:00 am<br><br>Judge:         Honorable Beth L. Freeman<br>Court:         Courtroom 3 – 5th Floor |

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 1

    A.  Plaintiffs' Fraud-Based Claims Are Not Pled With the Required Particularity ..... 1

        1.  Plaintiffs' Claims Are Premised Upon HP's Alleged Failure to Disclose a Design Defect, Not any Affirmative Misrepresentation. ........................... 1

        2.  Plaintiffs' Efforts to Distinguish HP's Authorities Requiring a Defect to Be Pled With Particularity Is Unavailing.. ...................................................... 2

        3.  Plaintiffs Fail to Allege a Duty to Disclose. ............................................... 5

        4.  Plaintiffs Also Fail to Plead the Required Elements of Their Fraud-Based Claims ................................................................................................... 7

        5.  Plaintiffs Cherry-Pick Extrinsic Materials that Purportedly Support Their Complaint but Ask the Court to Disregard Those Which They Now Realize Contravene Their Allegations ....................................................... 9

    B.  Plaintiffs' Negligent Misrepresentation Claim Is Precluded by the Economic Loss Doctrine ........................................................................................ 10

    C.  Plaintiffs' Breach of Warranty Claims Should be Dismissed ............................ 12

    D.  Plaintiffs Fail to Plead That They Have An Inadequate Remedy at Law and Therefore Are Not Entitled to Equitable Remedies ................................................ 13

    E.  Plaintiffs' Claim for Unjust Enrichment Should Also be Dismissed ................... 13

    F.  Plaintiffs Lack Standing to Assert Claims Relating to the Non-Purchased Printers and Claims about the Printers' Faxing Functions .................................... 14

III. CONCLUSION ................................................................................................ 15

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4
5

*Ahern v. Apple Inc.*,
411 F. Supp. 3d 541 (N.D. Cal. 2019) ................................................................6

6
7

*Alamilla v. Hain Celestial Grp., Inc.*,
30 F. Supp. 3d 943 (N.D. Cal. 2014) .................................................................9

8

*Barker v. Lull Eng'g Co.*,
20 Cal.3d 413 .....................................................................................................12

9
10

*Berryman v. Merit Prop. Mgmt., Inc.*,
152 Cal. App. 4th 1544 (2007) ...........................................................................5

11

*Beyer v. Symantec Corp.*,
333 F. Supp. 3d 966 (N.D. Cal. 2018) ...............................................................7

12
13

*Bruce Martin Const., Inc. v. CTB, Inc.*,
735 F.3d 750 (8th Cir. 2013) ...........................................................................12

14
15

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163, 973 P.2d 527 (1999) ................................................................8

16

*Cordes v. Boulder Brands USA, Inc.*,
No. CV 18-6534 PSG (JCX), 2019 WL 1002513 (C.D. Cal. Jan. 30, 2019) ...........14

17
18

*Daugherty v. American Honda Motor Co.*,
144 Cal. App. 4th 824 (Ct. App. 2006).........................................................5, 6

19
20

*Davis v. Ford Motor Credit Co. LLC*,
179 Cal. App. 4th 581 (2009) ............................................................................8

21

*Dawood v. Gamer Advantage LLC*,
No. 222CV00562WBSKJN, 2022 WL 3108846 (E.D. Cal. Aug. 4, 2022) ...........10

22
23

*Elias v. Hewlett-Packard Co.*,
950 F. Supp. 2d 1123 (N.D. Cal. 2013) ......................................................5, 6, 7

24
25

*Gisairo v. Lenovo (United States) Inc.*,
516 F. Supp. 3d 880 (D. Minn. 2021) ...............................................................14

26

*Glenn v. Hyundai Motor Am.*,
No. SACV152052DOCKESX, 2016 WL 7507766 (C.D. Cal. Nov. 21, 2016) ...........13

27
28

*Guthrie v. Transamerica Life Ins. Co.*,
561 F. Supp. 3d 869 (N.D. Cal. 2021) ...............................................................13

*Herron v. Best Buy Co. Inc.*,
   924 F. Supp. 2d 1161 (E.D. Cal. 2013)................................................................6

*Hunter v. Ford Motor Co.*,
   No. CIV. 08-4980 ...............................................................................................5

*Johnson v. Bobcat Co.*,
   175 F. Supp. 3d 1130 (D. Minn. 2016).............................................................5

*Johnson v. Trumpet Behav. Health*,
   LLC, No. 3:21-CV-03221-WHO, 2022 WL 74163 (N.D. Cal. Jan. 7, 2022) ........................13

*Kearns v. Ford Motor Co.*,
   567 F. 3d 1120 (9th Cir. 2009) ........................................................................4

*Kowalsky v. Hewlett-Packard Co.*,
   771 F. Supp. 2d 1156 (N.D. Cal. 2011) ........................................................7, 8

*Lazy Y Ranch Ltd. v. Behrens*,
   546 F.3d 580 (9th Cir. 2008) ...........................................................................10

*Lorentzen v. Kroger Co.*,
   532 F. Supp. 3d 901 (C.D. Cal. 2021) .............................................................14

*Lozano v. Bowmar Nutrition LLC*,
   No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660 (C.D. Cal. Aug. 19, 2021) ......................14

*Maloney v. Indymac Mortgage Servs.*,
   No. CV 13-04781 DDP..................................................................................14

*Martell v. Gen. Motors LLC*,
   492 F. Supp. 3d 1131 (D. Or. 2020) ...............................................................12

*McCoy v. Nestle USA, Inc*,
   173 F. Supp. 3d 954 (N.D. Cal. 2016), *aff'd sub nom. McCoy v. Nestle USA, Inc.*,
   730 F. App'x 462 (9th Cir. 2018)......................................................................5

*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) .............................................................15

*Mish v. TForce Freight, Inc.*,
   No. 21-CV-04094-EMC, 2021 WL 4592124 (N.D. Cal. Oct. 6, 2021) .................................13

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ..............10, 11

*In re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*,
   9 F. 4th 793 (8th Cir. 2021) ............................................................................15

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

*Sciacca v. Apple, Inc.*,
  362 F. Supp. 3d 787 (N.D. Cal. 2019) ............................................................... 3, 4

*Sheen v. Wells Fargo Bank, N.A.*,
  12 Cal. 5th 905 (2022) ..................................................................................... 11

*Sims v. Campbell Soup Co.*,
  No. EDCV18668PSGSPX, 2018 WL 7568640 (C.D. Cal. Sept. 24, 2018) ......................... 14

*Smith v. Ford Motor Co.*,
  749 F. Supp. 2d 980 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011) ....................... 5

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ............................................................................. 13

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010).............................................................. 7, 8

*Stephenson v. Neutrogena Corp.*,
  No. C 12-0426 PJH, 2012 WL 8527784 (N.D. Cal. July 27, 2012) ......................................... 14

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prod. Liab. Litig.*,
  754 F. Supp. 2d 1208 (C.D. Cal. 2010) ............................................................... 12

*Wallace v. ConAgra Foods, Inc.*,
  747 F. 3d 1025 (8th Cir. 2014) .......................................................................... 15

*Wilson v. Hewlett-Packard Co.*,
  668 F. 3d 1136 (9th Cir. 2012) .................................................................... 3, 5, 7

*Yagman v. Gen. Motors Co.*,
  No. CV-14-4696-MWF AGRX, 2014 WL 4177295 (C.D. Cal. Aug. 22, 2014) .................. 3, 4

**Statutes**

Cal. Com. Code § 2313 ................................................................................... 12

Federal Trade Commission Act section 5 ............................................................. 8

Minn. Stat. § 336.2-313 ................................................................................... 12

Minnesota Uniform Deceptive Trade Practices Act ............................................... 8

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ........................................................................3, 4, 7

HP Community Page, "Can I scan without ink cartridges?,
    https://h30434.www3.hp.com/t5/Scanning-Faxing-Copying/Can-I-scan-without-
    ink-cartridges/td-p/7267206 ..............................................................................9

Tricks To Make A Scanner Work On All-In-One Machines When Out Of Ink,
    https://scannerszone.com/does-scanning-use-
    toner/#:~:text=However%2C%20they%20have%20a%20design,ink%20in%20the
    %20printer%20cartridge.&text=Due%20to%20the%20design%20flaw,or%20cart
    ridges%20replaced%20for%20scanning ..............................................................9

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

1

## I.   INTRODUCTION

Apparently recognizing that they have failed to plead sufficiently the claims alleged in their Complaint, in their Opposition to HP's Motion to Dismiss, Plaintiffs attempt to (1) re-cast their fraud-based claims as based on affirmative misrepresentations rather than omissions, but still fail to identify any misrepresentation, (2) distance themselves from the third party materials they explicitly relied on, but that actually contradict the allegations of their Complaint, and (3) rely on inapposite cases that are not relevant to Plaintiffs' allegations or claims.  Plaintiffs' efforts do not save their claims from dismissal for the reasons already set forth in HP's Motion.

The crux of Plaintiffs' claims is that, although the All-in-One printers at issue in their Complaint *do* print, scan, and fax (if sold with fax capability), they allegedly do not scan if ink is low or depleted. Plaintiffs do *not* allege that HP represented that the printers would scan or fax without ink (although they do scan and fax without ink).  Instead, Plaintiffs claim only that the (nonexistent) inability to scan or fax without ink constitutes a "Design Flaw" that HP did not disclose.  They provide no allegations to support their naked assertion of a Design Flaw or their conclusory allegation that HP had some duty to disclose it.  The supposed Design Flaw does not exist and Plaintiffs' inability to point to or provide additional factual support for their allegations underscores this fact.  As discussed in greater detail below, Plaintiffs' claims should be dismissed in their entirety.

## II.   ARGUMENT

### A.   Plaintiffs' Fraud-Based Claims Are Not Pled With the Required Particularity

#### 1.   Plaintiffs' Claims Are Premised Upon HP's Alleged Failure to Disclose a Design Defect, Not any Affirmative Misrepresentation.

Rather than answer for the fact that they do not adequately plead fraud by omission in their Complaint, Plaintiffs now argue, contrary to their own allegations, that their fraud-based claims are based on an affirmative misrepresentation, not any omission.  Plaintiffs do not identify any such alleged affirmative misrepresentation in their Complaint.  Instead, Plaintiffs allege only that HP represents that the "All-in-One Printers" are "all-in-one" devices that print, scan and fax.  But this is true and Plaintiffs nowhere explain how it is or could be false.  To the contrary, in their Complaint,

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

Plaintiffs **admit** that the All-in-One Printers combine "the capabilities of several separate devices into one machine, specifically, print, scanning, copying and (depending on the model) faxing." Complaint, ¶ 3.  Given this admission, Plaintiffs cannot seriously contend that HP affirmatively misrepresented that its All-in-One Devices print, scan and fax.

Plaintiffs do not (because they cannot) allege that HP affirmatively represents or advertises anywhere that its All-in-One products scan *without* ink (although the products *do* scan without ink). Instead, the crux of Plaintiffs' complaints about the All-in-One Printers is that "[n]one of HP's advertising or marketing materials disclose the basic fact that its All-in-One Printers do not scan documents when the devices have low or empty ink cartridges."  Complaint, ¶ 7.  As a result, Plaintiffs' fraud-based claims are premised solely upon an asserted (but inadequately alleged) omission, not any affirmative misrepresentation.  Plaintiffs were, therefore, required to allege that HP had a duty to disclose the allegedly omitted information *and* the nature or cause of any alleged Design Flaw. They did neither, as set forth in the Motion and below.

2.     **Plaintiffs' Efforts to Distinguish HP's Authorities Requiring a Defect to Be Pled With Particularity Is Unavailing.**

In their Opposition, Plaintiffs attempt to distinguish the myriad authorities in which courts have dismissed fraud-based and other claims based on an alleged defect because plaintiffs failed to specify the nature of or the representations relating to that defect.  Plaintiffs' efforts are unavailing. For example, in *Eisen v. Porsche Cars N. Am., Inc.*, the court granted the defendant's motion to dismiss the plaintiff's fraud-based claims on the ground that plaintiffs' allegations lacked the required particularity in that plaintiff "simply allege[d] that the IMS shaft 'fails' without explaining *how* the shaft fails and how that failure affects the vehicle." No. CV 11-9405 CAS FEMX, 2012 WL 841019, at *3, 4 (C.D. Cal. Feb. 22, 2012) (plaintiffs alleged defect caused "engine failure," but did not clarify whether that meant the vehicle's steering, braking, or other control system was impaired, etc.).  As in *Eisen,* Plaintiffs here do not plead facts to explain what caused the alleged (but nonexistent) failure to scan and fax without ink.

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

Likewise, in *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019), the Court granted Apple's motion to dismiss on the grounds that plaintiff failed to satisfy Rule 9(b) in connection with his fraud-based claims by failing to specify the alleged defect in his Apple watch screen that served as the basis for his claims. As the Court in *Sciacca* explained:

Here, Plaintiff alleges that "the screens of [purchasers'] Watches were detaching, cracking, or shattering," AC at ¶ 43, and that the defect is allegedly present in all series, models, and sizes of the Watches, *id.* at ¶ 44. Aside from this description of the consequences of the alleged defect, Plaintiff fails to identify *what* is the actual defect; namely, what is the defect that causes the screens to allegedly detach, crack, or shatter. Rather, Plaintiff merely asserts that "[t]he Watches all contain the same defect and/or flaw, which causes the screens on the Watches to crack, shatter, or detach from the body of the Watch...." *Id.* at ¶ 3. As Apple points out, all the amended complaint discloses is that the alleged defect "could have been the result of various possible causes, including consumer misuse." Mot. at 10. Even Plaintiff does not allege what caused his own Watch's screen to detach. AC at ¶ 48. These allegations of an alleged defect do not satisfy Rule 9(b)'s heightened pleading standard. […]Under Ninth Circuit law, Plaintiff must specify what causes the Apple Watch screens to detach, crack, or shatter. *See, e.g., Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144 (9th Cir. 2012) ("As Plaintiffs do not plead any facts indicating how the alleged design defect, *i.e.,* the loss of the connection between the power jack and the motherboard, causes the Laptops to burst into flames, the District Court did not err in finding that Plaintiffs failed to plausibly allege the existence of an unreasonable safety defect.").

*Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019).

Further, contrary to Plaintiffs' contention, *Yagman v. Gen. Motors Co.,* No. CV-14-4696-MWF AGRX, 2014 WL 4177295, at *3 (C.D. Cal. Aug. 22, 2014) is not "irrelevant" (Opp. at p. 5 n.2) – it is dispositive. In *Yagman*, the court dismissed plaintiff's breach of warranty, fraud, and RICO claims on the ground that plaintiff had not pled sufficiently the nature of the alleged defect at issue. In doing so, the court found that, instead, plaintiffs had pled only an injury—that plaintiff's

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

vehicle engine stopped working and experienced a total electrical failure—rather than the actual defect that caused the harm.

And in *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009), the Court dismissed the plaintiff's claims because plaintiff failed to allege any actionable misrepresentations.  Similarly, here, Plaintiffs allege only truthful and accurate representations, i.e., that the All-in-One Printers are "all-in-one" devices that print, scan and fax. These cases are directly on point and Plaintiffs cite no contrary authority to support their argument that conclusory allegations regarding an alleged defect are sufficient to satisfy Rule 9(b).

Like the plaintiffs in *Eisen*, *Sciacca* and *Yagman*, Plaintiffs here plead no more than the alleged *consequences* of a defect, *i.e.*, that Plaintiffs allegedly are unable to scan or fax when ink levels are too low.  They do not allege the nature of the defect.  Plaintiffs also fail to allege the "how" of the defect, such as whether a user's alleged inability to scan or fax is caused by a hardware issue (such as an issue with the printer's cartridge counter or printhead), a software issue (such as an issue with HP's scan application software or the drivers that are installed for scanning), user error, or something else altogether.  *See Kearns v. Ford Motor Co.,* 567 F. 3d 1120, 1126 (9th Cir. 2009) (concluding that plaintiffs' allegations were deficient under Rule 9(b) because they did not describe the "how of the misconduct alleged.").

Plaintiffs also do not plead sufficient facts to support their allegation that a defect is the plausible cause of their alleged harm. *Yagman*, 2014 WL 4177295, at *3.  Indeed, in asserting that they sufficiently pled the "what" of HP's misconduct, Plaintiffs only generically state that HP's All-In-One Printers suffer "from a design flaw that prevents them from functioning as HP advertised and warranted."  Opposition at 4.  Because Plaintiffs do not specify the circumstances or cause of the alleged defect, the Court is left to infer the cause of the purported impairment of Plaintiffs' scan and fax functions—and the potential causes are numerous.  Plaintiffs' failure to identify the defect with particularity is fatal to their allegations and warrants the dismissal of their entire Complaint.

### 3.   Plaintiffs Fail to Allege a Duty to Disclose.

Because Plaintiffs' claims are premised upon HP's alleged failure to disclose the alleged Design Flaw, Plaintiffs were obligated, but failed, to allege that HP had a duty to disclose any purported defect.  *See, e.g. Elias v. Hewlett-Packard Co*., 950 F. Supp. 2d 1123, 1134 (N.D. Cal. 2013) (after finding that plaintiff did not sufficiently allege affirmative representations, court also evaluated whether HP had duty to disclose with respect to plaintiff's fraudulent omission claim).  In order to allege sufficiently a fraud-based claim under California and Minnesota law based on an alleged failure to disclose certain information, a plaintiff must allege that the defendant had a duty to disclose the allegedly omitted information.  *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1146 (D. Minn. 2016); *see also Smith v. Ford Motor Co*., 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011); *Hunter v. Ford Motor Co*., No. CIV. 08-4980 PJS/JSM, 2010 WL 3385225, at *19 (D. Minn. July 28, 2010) (citing *Exeter Bancorporation, Inc. v. Kemper Securities Group, Inc.*, 58 F. 3d 1306, 1314 (8th Cir. 1995).  Notably, the California courts have rejected a broad obligation to disclose.  *Wilson v. Hewlett-Packard Co.*, 668 F. 3d 1136, 1141–42 (9th Cir. 2012).   Specifically, with respect to Plaintiffs' UCL claim, for an omission to be actionable under the UCL,[1] "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006); *see also Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal. App. 4th 1544, 1557 (2007) ("[A] failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone within the meaning of the UCL.").

---

[1]In addition to alleging omissions in their UCL claim (Complaint, ¶ 142), Plaintiffs have also alleged of omissions in their claims for violations of California's and Minnesota's false advertising laws. Complaint, ¶ 150, 157, 188.  Some courts have held that California FAL claims cannot be based on omissions.  *See McCoy v. Nestle USA, Inc*, 173 F. Supp. 3d 954, 970 (N.D. Cal. 2016), *aff'd sub nom. McCoy v. Nestle USA, Inc*., 730 F. App'x 462 (9th Cir. 2018) (claims based on pure omissions are not based on false or misleading statements, and do not form the basis of FAL claims).

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

As Plaintiffs acknowledge, there are four circumstances in which an obligation to disclose may arise in the context of a fraudulent omission: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1174 (E.D. Cal. 2013). Moreover, when a plaintiff's claim is predicated on a manufacturer's failure to inform its customers of a product defect outside the product's warranty period, for the omission to be material, the failure must pose safety concerns. *Daugherty v. American Honda Motor Co.,* 144 Cal. App. 4th 824 (Ct. App. 2006); *Elias*, 950 F. Supp. 2d at 1135; *Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964, 969 (N.D. Cal. 2008), *aff'd,* 322 Fed. Appx. 489, 493 (9th Cir.2 009).

Plaintiffs argue in their Opposition that they have alleged that HP had a duty to disclose the Design Flaw because it made "partial representations." Opposition at 7-8. But the Complaint alleges only conclusorily that "Defendant . . . . makes partial representations but also suppresses some material fact as alleged herein." Complaint, ¶ 137. Plaintiffs failed to plead sufficient facts triggering a duty to disclose, which include identifying the actionable partial representations or the facts that materially qualify the facts that were disclosed. *Ahern v. Apple Inc.,* 411 F. Supp. 3d 541, 578-9 (N.D. Cal. 2019) (defendant did not have duty to disclose based on partial representations because plaintiff did not adequately plead incomplete representations, purposeful withholding of material facts, or reliance on the representations).

Plaintiffs suggest in their Opposition (but do not allege in their Complaint), that HP's advertisements are partial representations because the All-in-One devices are promoted as "perform[ing] several independent functions," when the devices' scanning and faxing features are actually tied to ink availability. Opposition at 7-8. But as noted above, Plaintiffs have admitted that the All-in-One Printers included scanning, printing, and faxing capabilities. Plaintiffs also argue that, in the event that the alleged Design Flaw can be easily bypassed, HP has a "duty to inform consumers of this fact." Plaintiffs do not include any such allegations in their Complaint, however.

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

1    Plaintiffs have also failed to allege whether the alleged omissions were material because they

2    have not alleged whether they fell within or after the warranty period.  To the extent that the

3    omissions fell outside the warranty period, they cannot serve as a basis for Plaintiffs' fraud-based

4    claims because the inability to scan or fax certainly does not pose "safety concerns."  Plaintiffs have

5    failed to allege sufficiently a duty to disclose, and Plaintiffs' fraud-based claims based on omission

6    must, therefore, be dismissed.

7    **4.      Plaintiffs Also Fail to Plead the Required Elements of Their Fraud-Based**

8    **Claims**

9    HP also demonstrated in its Motion that Plaintiffs failed to allege necessary elements of their

10   fraud-based claims.  Plaintiffs' arguments to the contrary should be rejected.  First, Plaintiffs are

11   wrong that they need not allege scienter as an element of their FAL claim.  Opposition at 8.  While

12   the FAL has been "interpreted broadly to embrace" both true and false advertising as long as it is

13   misleading, or has a capacity, likelihood or tendency to deceive or confuse the public, it still only

14   prohibits the dissemination of statements that are "*known, or which by the exercise of reasonable*

15   *care should be known*, to be untrue or misleading."  *In re Sony Grand Wega KDF-E A10/A20 Series*

16   *Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010) (emphasis

17   added);  *Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 974 (N.D. Cal. 2018).  And Plaintiffs thus

18   were still required to plead facts to show it was plausible that HP knew or should have known of the

19   inadequately pled purported design defect claimed here. They do not.

20   Similarly, under the CLRA and UCL, "plaintiffs must sufficiently allege that a defendant was

21   aware of a defect at the time of sale to survive a motion to dismiss." *Elias v. Hewlett-Packard Co.*,

22   950 F. Supp. 2d 1123, 1137–38 (N.D. Cal. 2013), quoting *Wilson,* 668 F. 3d at 1145 ("[T]he failure

23   to disclose a fact that a manufacturer does not have a duty to disclose, *i.e.,* a defect of which it is not

24   aware, does not constitute an unfair or fraudulent practice [under the UCL].").With respect to the

25   fraudulent prong claim of their UCL claim, Plaintiffs must allege plausibly that HP knew about the

26   alleged Design Flaw when it made the alleged misrepresentations.  *Kowalsky* 771 F. Supp. 2d 1156,

27   1160–61 (N.D. Cal. 2011) (while "the heightened pleading requirements of Rule 9(b) do not apply to

28

1   allegations of knowledge, intent, or other conditions of a person's mind, ... [t]his does not mean ...

2   that conclusory allegations of knowledge or intent suffice"); *see also Sony Grand Wega,,* 758 F.

3   Supp. 2d at 1090 ("Plaintiffs have failed to offer sufficiently particularized allegations showing that

4   Sony was aware of the defect when Plaintiffs purchased the televisions").  Plaintiffs do not allege

5   that HP had any knowledge of the alleged Design Flaw, *e.g.* through consumer complaints, technical

6   studies, or testing and investigations identifying the defect, or that the Design Flaw even exists.

7   Because Plaintiffs do not plead a plausible basis for HP's knowledge of the alleged Design Flaw,

8   Plaintiffs' claims should be dismissed.

9         With regard to Plaintiffs' UCL claim, even if the Court engages in the balancing test used

10  prior to *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 973 P.2d 527

11  (1999), in which the courts would "weigh the utility of the defendant's conduct against the gravity of

12  the harm to the alleged victim" to determine what constituted an "unfair business practice," *Davis v.*

13  *Ford Motor Credit Co. LLC*, 179 Cal. App. 4th 581, 594 (2009), or adopt the approach set forth by

14  section 5 of the Federal Trade Commission Act that hinges upon "substantial" consumer injury,

15  Plaintiffs still fail to allege that any consumers have incurred actual harm.  Plaintiffs have not

16  alleged with particularity the circumstances of the alleged Design Flaw, or that Plaintiffs' scan

17  functions were impaired.  Similarly, with respect to their "fraudulent" UCL claim, Plaintiffs have not

18  alleged sufficiently that their printers did not operate as represented or that HP's representations

19  were false, misleading, or deceived members of the public.  *Kowalsky v. Hewlett-Packard Co*., 771

20  F. Supp. 2d 1156, 1159 (N.D. Cal. 2011).  Because of Plaintiffs' pervasive failure to plead

21  adequately a design defect or any affirmative misrepresentation of any kind, Plaintiffs have also

22  failed to allege actionable misrepresentations of fact that are required to state claims for negligent

23  misrepresentation and violations of the Minnesota Uniform Deceptive Trade Practices Act and the

24  Minnesota False Statement in Advertisement statute.  Plaintiffs' FAL and UCL claims, as well as

25  their claims for negligent misrepresentation and violations of Minnesota's false advertising statute

26  and the Uniform Deceptive Trade Practices Act should all be dismissed.

27

28

5.      **Plaintiffs Cherry-Pick Extrinsic Materials that Purportedly Support Their Complaint but Ask the Court to Disregard Those That They Now Realize Contravene Their Allegations**

As noted in HP's Motion, in their Complaint, Plaintiffs relied on articles, message boards and blog posts to support their claims.  In their Opposition, however, they self-servingly insist that the Court ignore those materials to the extent they contradict Plaintiffs' allegations., *See, e.g.,* Complaint fns. 1-2, 6, 14-20 (citing materials); Opp. at 9-10 (claiming HP cannot point to these same articles to show they contradict the allegations).  For example, Plaintiffs selectively ignore and attempt to refute messages posted on the forum cited in footnote 14 of their own Complaint, which state that "HP should allow users to use Scan function to bypass inks," and after another user "checked . . . a USB cable [] I can scan without any cartridges[.]"[2]  Plaintiffs also fail to address in their Opposition the article cited in Footnote 15 of the Complaint, which describes "tips and tricks" to surpass ink error messages that may appear in Epson, Canon, and HP printers.[3]  These materials are part of the Complaint and directly contradict Plaintiffs' allegations because they advise users how to employ different methods to clear any ink-related messages, proceed to scan, and that low or depleted ink levels *do not impair* any ability to scan or fax.

The cases on which Plaintiffs rely to support its position that HP cannot rely on third party materials for purposes of its Motion are directly on point and demonstrate that Plaintiffs cannot allege contradictory facts.  For example, in *Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943,

[2]    HP Community Page, "*Can I scan without ink cartridges*?, https://h30434.www3.hp.com/t5/Scanning-Faxing-Copying/Can-I-scan-without-ink-cartridges/td-p/7267206.

[3]  ScannersZone, Does scanning use toner? – Tricks To Make A Scanner Work On All-In-One Machines When Out Of Ink, https://scannerszone.com/does-scanning-use-toner/#:~:text=However%2C%20they%20have%20a%20design,ink%20in%20the%20printer%20cartridge.&text=Due%20to%20the%20design%20flaw,or%20cartridges%20replaced%20for%20scanning.

DEFENDANT'S REPLY ISO MOT. TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

944 (N.D. Cal. 2014), the court dismissed plaintiffs' complaint with prejudice because articles quoted in plaintiffs' complaint contradicted the allegations upon which plaintiffs' complaint hinged such that the plaintiffs "ple[d] [themselves] out of court."  And in *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008), the court noted that the district court should have considered documents that the defendants submitted in connection with their motion to dismiss and that the court need not accept as true allegations contradicting documents referenced in the complaint. Plaintiffs' allegations should not be accepted as true because they contradict articles, messages and posts, many on which Plaintiffs rely, cited in the Complaint.  The Complaint should, therefore, be dismissed.

**B.      Plaintiffs' Negligent Misrepresentation Claim Is Precluded by the Economic Loss Doctrine**

In response to HP's arguments demonstrating that Plaintiffs' negligent misrepresentation claim is barred by the economic loss doctrine, Plaintiffs retort that in *Dawood v. Gamer Advantage LLC*, No. 222CV00562WBSKJN, 2022 WL 3108846, at *3 (E.D. Cal. Aug. 4, 2022) and two unpublished Ninth Circuit cases, *Hannibal Pictures, Inc. v. Sonja Prods.* and *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys., Inc.*, the courts held that negligent misrepresentation claims are not barred by the economic loss doctrine.  The court in *Dawood*, also recognized, however, that district courts in California have reached opposing conclusions on this issue, and that "these cases may be reconcilable in that some negligent misrepresentation claims may sound more in fraud and others may sound more in negligence."  *Dawood* also acknowledged that courts have barred negligent misrepresentation claims where the alleged misrepresentations were made in the course of forming the contract.  *Id.*, citing *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 956 (S.D. Cal. 2021).

In *Bret Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*, the other economic loss doctrine case on which Plaintiffs rely, the court noted that the "economic loss rule may bar negligent misrepresentation claims where the allegation runs 'closely parallel' to a concurrent breach of contract."  No. 116CV00371DADSMS, 2016 WL 3519294, at *5 (E.D. Cal. June 27, 2016).  In *Bret*

10                DEFENDANT'S REPLY ISO MOT. TO DISMISS
                 PLAINTIFFS' CLASS ACTION COMPLAINT

*Harte,* the court denied the defendant's request for dismissal of plaintiff's negligent misrepresentation claim because the nature of plaintiff's breach of contract and negligent misrepresentation claims were quite different.  Plaintiffs' breach of contract claim was related to defendant's failure to fulfill its warranty (provided after the parties had entered into a contract and after plaintiff's synthetic turf field was installed) when it refused to provide a replacement turf field several years after the contract was executed.  Plaintiff's negligent misrepresentation claim, on the other hand, was based on the plaintiff's allegation that had they known about issues with the synthetic turf, it would not have entered into the contract.  *Id.*

In contrast, Plaintiffs' claims in this case overlap and are all based upon the same allegation that, had Plaintiffs known about the alleged Design Flaw, they would not have purchased the All-in-One Printers in question.  For example, with respect to their negligent misrepresentation claim, Plaintiffs allege that had HP disclosed the Design Flaw, "consumers would not have purchased, or alternatively would have paid significantly less for the devices."  Complaint, ¶ 98.  With respect to both their California and Minnesota breach of warranty claims, Plaintiffs allege that, had Plaintiffs known about the alleged Design Flaw, they "would not have purchased the product on the same terms, if at all, or would have paid less for the All-in-One Printers" (Complaint, ¶ 133, ¶ 179).

Additionally, in connection with their negligent misrepresentation and breach of warranty claims, Plaintiffs seek to recover solely their economic losses.  In *Robinson Helicopter Co., Inc. v. Dana Corp.*, the court stated that the economic loss rule provides: "[W]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses."  34 Cal. 4th 979, 988; *see also Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 915 (2022) (the economic loss rule functions to bar claims in negligence for pure economic losses in deference to a contract between litigating parties).  Plaintiffs' claims fall squarely into the types of claims that are prohibited by the economic loss doctrine as described in *Robinson*, which encompass "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Robinson*, 34 Cal. 4th at 988.

1

### C.      Plaintiffs' Breach of Warranty Claims Should be Dismissed

2       Plaintiffs also fail to refute meaningfully the authority to which HP cites holding that breach

3   of warranty claims do not apply to "design defects." *Martell v. Gen. Motors LLC,* 492 F. Supp. 3d

4   1131, 1140 (D. Or. 2020) ("[m]ost decisions hold that this text in an express warranty is limited to

5   manufacturing defects and does not cover design defects", as the term "materials or workmanship"

6   in express warranties applies only to manufacturing defects, not to design defects).

7       In an effort to salvage their breach of warranty claim, Plaintiffs attempt to recharacterize the

8   alleged Design Flaw as a manufacturing defect, but their own Complaint, despite its deficiencies,

9   makes clear this is not so.  Plaintiffs do not allege that the Design Flaw was an unintended

10  manufacturing defect, akin to Plaintiffs' example of "a product com[ing] off the assembly line in a

11  substandard condition" such as "one soda bottle in ten thousand that explodes without explanation"

12  as described in *Barker v. Lull Eng'g Co.*, 20 Cal.3d 413, 428-42.  Rather, the Complaint describes

13  the alleged defect as an "intentional Design Flaw." Complaint, ¶ 10.  Plaintiffs claim that all of HP's

14  All-In-One Printers suffer from this alleged defect and further allege in conclusory fashion that "HP

15  has intentionally manipulated the functionality of its 'All-in-One' Printers in order to impermissibly

16  increase the number of ink cartridges purchased by the unsuspecting public." *Id.* at ¶ 13.  Plaintiffs

17  also allege that the so-called Design Flaw is intended, reasonably foreseeable, and inherent in the

18  design (albeit again, as conclusions) —all hallmarks of alleged design defects that cannot be the

19  subject of a breach of warranty claim.  *In re Toyota Motor Corp. Unintended Acceleration Mktg.,*

20  *Sales Pracs. & Prod. Liab. Litig.*, 754 F. Supp. 2d 1208, 1220 (C.D. Cal. 2010); *Bruce Martin*

21  *Const., Inc. v. CTB, Inc.,* 735 F.3d 750, 754 (8th Cir. 2013); *Tharpe v. Hyundai* Motor Am., Inc., No.

22  SACV2101428DOCJDE, 2022 WL 3137453, at *3 (C.D. Cal. July 12, 2022).  Because express

23  warranties only cover manufacturing defects, and not design defects, Plaintiffs' breach of express

24  warranty claims under California law (Cal. Com. Code § 2313) and Minnesota law (Minn. Stat. §

25  336.2-313) must both be dismissed.

26

27

28

DEFENDANT'S REPLY ISO MOT. TO DISMISS
                                    PLAINTIFFS' CLASS ACTION COMPLAINT

**D.**     <u>Plaintiffs Fail to Plead That They Have An Inadequate Remedy at Law and Therefore Are Not Entitled to Equitable Remedies</u>

In *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020) and its progeny, the courts held that in order to allege sufficiently claims seeking equitable relief, "at a minimum, a plaintiff [must] *plead* that she lacks an adequate remedy at law." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 871 (N.D. Cal. 2021) (emphasis in the original); *see also, Johnson v. Trumpet Behav. Health*, LLC, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *1 (N.D. Cal. Jan. 7, 2022) (court dismissed amended complaint because it still did not plead that plaintiffs lack adequate remedies at law, again requiring dismissal); *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021). Here, Plaintiffs have not pled that they lack legal remedies. In fact, they assert claims for breach of express warranty and fraud, which permit them to recover monetary damages. *Williams v. Apple*, Inc., No. 19-CV-04700-LHK, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020). Plaintiffs fail, however, to allege how their claims for breach of express warranty and negligent misrepresentation "are any less prompt, certain, or efficient than restitution." *Sonner*, 971 F.3d at 844 n.8. Accordingly, Plaintiffs' claims for equitable remedies, for which they seek both restitution and injunctive relief, should be dismissed for Plaintiffs' failure to plead inequitable remedies at law.

**E.**     <u>Plaintiffs' Claim for Unjust Enrichment Should Also be Dismissed</u>

In an effort to avoid dismissal of their claim for unjust enrichment, Plaintiffs cite to *Glenn v. Hyundai Motor Am.,* No. SACV152052DOCKESX, 2016 WL 7507766 (C.D. Cal. Nov. 21, 2016), to argue that a claim for unjust enrichment can be asserted when it has been pled as a "quasi-contract claim." In *Glenn*, the court explained that an unjust enrichment claim cannot lie "where a valid express contract covering the same subject matter exists between the parties" in the form of an express warranty. In their Opposition and Complaint, Plaintiffs argue that HP's conduct is covered by HP's warranty. Opposition at 2, 15-16; Complaint, ¶¶ 119-113 and 165-179. Because Plaintiffs cannot recover on an unjust enrichment/quasi-contract claim and simultaneously allege claims based upon an enforceable contract and express warranty covering the same subject matter, Plaintiffs'

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT

1    unjust enrichment claim should be dismissed. *Maloney v. Indymac Mortgage Servs.*, No. CV 13-

2    04781 DDP AGRX, 2014 WL 6453777, at *7 (C.D. Cal. Nov. 17, 2014); *see also Gisairo v. Lenovo*

3    *(United States) Inc.*, 516 F. Supp. 3d 880, 894 (D. Minn. 2021).

4        **F.    Plaintiffs Lack Standing to Assert Claims Relating to the Non-Purchased**

5             **Printers and Claims about the Printers' Faxing Functions**

6        In the Ninth Circuit, class action plaintiffs can only assert claims for products that they did

7    not purchase if the "products and alleged misrepresentations are substantially similar." *Sims v.*

8    *Campbell Soup Co.*, No. EDCV18668PSGSPX, 2018 WL 7568640, at *3 (C.D. Cal. Sept. 24, 2018).

9    More recent cases have, however, refused to apply the "substantial similarity" analysis as

10   inconsistent with the basic concept of standing. *See, e.g. Lorentzen v. Kroger Co.*, 532 F. Supp. 3d

11   901, 908-9 (C.D. Cal. 2021) ("the similarity of a product, by itself, says nothing about whether a

12   party suffered an injury traceable to the allegedly wrongful conduct of another.").  Even under the

13   substantial similarity test, however, Plaintiffs must still plead facts indicating that the Non-Purchased

14   Printers are substantially similar to the printers that they purchased. *Lozano v. Bowmar Nutrition*

15   *LLC*, No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660, at *4 (C.D. Cal. Aug. 19, 2021); *Cordes v.*

16   *Boulder Brands USA, Inc.,* No. CV 18-6534 PSG (JCX), 2019 WL 1002513, at *2 (C.D. Cal. Jan.

17   30, 2019) (court dismissed claims based on non-purchased products for plaintiff's failure to

18   plausibly allege that the non-purchased products were substantially similar to the product he

19   purchased); *Stephenson v. Neutrogena Corp.,* No. C 12-0426 PJH, 2012 WL 8527784, at *1 (N.D.

20   Cal. July 27, 2012).  Plaintiffs fail to plead any such facts.

21       Even if Plaintiffs have standing to assert claims in connection with products they have not

22   purchased, Plaintiffs have not pled sufficiently that all 10 of the Non-Purchased All-in-One printers

23   identified in Footnote 5 of their Complaint are substantially similar to the Envy Printer or the

24   Deskjet Printer that Plaintiffs purchased.  Instead, Plaintiffs lump the products together based on

25   their labeling as All-in-One Printers.  Plaintiffs have not alleged that their printers and the Non-

26   Purchased Printers have the same features (e.g. flatbed scanner, USB port for PC connection, mobile

27   faxing, automatic document feeder, and other features reflected in the printer advertisements and

28
                                  14          DEFENDANT'S REPLY ISO MOT. TO DISMISS
                                              PLAINTIFFS' CLASS ACTION COMPLAINT

packaging as exhibited in Plaintiffs' Complaint), the same technical specifications, or that all printers share a common defect that impacts their faxing and scanning capabilities similarly.  Because Plaintiffs failed to plead adequately that the Non-Purchased Printers are substantially similar to the printers that they purchased, the Court must dismiss the claims based on the Non-Purchased Printers. *Miller v. Ghirardelli Chocolate Co.,* 912 F. Supp. 2d 861, 872 (N.D. Cal. 2012).[4]

Plaintiffs also fail to allege that they personally had any issues with respect to the faxing functions of their printers or any other All-in-One Printers.  Because Plaintiffs did not directly suffer any injury with respect to the fax capabilities of the All-in-One Printers, Plaintiffs lack standing to assert allegations about the faxing features of any of the Non-Purchased printers.  Plaintiffs' unsupported allegations regarding the faxing function of HP's All-in-One Printers should therefore be dismissed from the Complaint.

### III.   **CONCLUSION**

Based on the foregoing, the Court should dismiss Plaintiffs' Class Action Complaint in its entirety without leave to amend.

Dated: October 27, 2022

**MORGAN, LEWIS & BOCKIUS LLP**

By   */s/ Molly Moriarty Lane*
Molly Moriarty Lane
Christina Chen

Attorneys for Defendant
HP Inc.

---

[4] Furthermore, Plaintiffs have not alleged that the 10 Non-Purchased Printers actually exhibited the alleged Design Flaw, which under Eighth Circuit law renders the allegations insufficient to confer standing based on the Non-Purchased Printers.  *See, e.g. In re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*, 9 F. 4th 793, 797 (8th Cir. 2021); *Wallace v. ConAgra Foods, Inc.*, 747 F. 3d 1025, 1030 (8th Cir. 2014).

DEFENDANT'S REPLY ISO MOT. TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT