**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GARY FREUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HP, INC,<br><br>    Defendant. | Case No.  22-cv-03794-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re:  ECF No. 14] |

Plaintiffs Gary Freund and Wayne McMath bring this class action lawsuit against Defendant HP, Inc.  Plaintiffs assert common law claims and claims under California and Minnesota consumer protection laws based on allegations that HP's all-in-one printers will not perform certain functions that do not require ink when the devices have low or empty ink cartridges.  Plaintiffs seek to represent a nationwide class and California and Minnesota subclasses of consumers who purchased HP all-in-one printers.

Now before the Court is HP's motion to dismiss Plaintiffs Complaint.  Mot., ECF No. 14.  Plaintiffs oppose.  Opp'n, ECF No. 23.  HP has replied in support.  Reply, ECF No. 28.  The Court held a hearing on the motion on January 5, 2023.  ECF No. 36.  For the reasons discussed on the record and explained below, HP's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

**I.    BACKGROUND**

As alleged in the complaint, Defendant HP designs, manufactures, and sells all-in-one printers.  Compl. ¶¶ 23-25.  HP's all-in-one printers are marketed and sold as having three core functions: printing, copying, and scanning.  *Id.* ¶ 25.  Some of these all-in-one printers also have a faxing feature.  *Id.*  HP advertises that its all-in-one printers are convenient because users do not have to buy a separate device for each task.  *Id.* ¶ 28.

1    HP all-in-one printers are manufactured, packaged, marketed, and sold to consumers in a
2    manner that requires the device to contain ink to scan or fax documents. *Id.* ¶ 42. But HP does
3    not disclose to consumers that the devices will not scan or fax documents if the ink cartridges are
4    depleted. *Id.* ¶ 39.
5    Plaintiffs Gary Freund and Wayne McMath purchased an HP Envy 6455e All-in-One
6    Wireless Color Printer and HP Deskjet 2655 All-in-One Compact Printer, respectively. *Id.* ¶¶ 65,
7    74. HP represented that the devices would be able to scan and did not include qualifying language
8    that such features would not work if the ink cartridge levels were low or depleted. *Id.* at ¶¶ 67-69,
9    76-78. The devices do not function as a scanner if the ink cartridges are low or empty. *Id.* at ¶¶
10   70, 79. Freund and McMath would not have purchased their devices or would not have paid as
11   much for them had they known that they would have to maintain ink the devices to scan
12   documents. *Id.* ¶ 72, 81. Freund and McMath may purchase the HP all-in-one printers again in
13   the future should HP continue to advertise the devices as "all-in-one," as they would think it meant
14   HP manufactured the devices to make them scan even when the ink is low or depleted. *Id.* ¶¶ 73,
15   82.
16   Plaintiffs filed this lawsuit on June 27, 2022. *See* Compl. The Complaint asserts claims
17   for (1) negligent misrepresentation; (2) unjust enrichment; (3) breach of express warranty under
18   Cal. Com. Code § 2313; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus.
19   & Prof. Code § 17200, *et seq.*; (5) violation of California's False Advertising Law ("FAL"), Cal.
20   Bus. & Prof. Code § 17500, *et seq.*; (6) breach of express warranty under Minn. Stat. § 336.2-313;
21   (7) violation of Minnesota's Deceptive Trade Practices Act ("MDTPA"); (8) violations of
22   Minnesota's False Advertising Law ("MSFAA").

**II.    FAILURE TO STATE A CLAIM – RULE 12(B)(6)**

24   "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a
25   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*
26   *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d
27   729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts
28   as true all well-pled factual allegations and construes them in the light most favorable to the

plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). But the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### A. Fraud-Based Claims (Counts 1, 4, 5, 7, and 8)

Plaintiffs assert five claims that involve fraud or fraudulent representations: negligent misrepresentation and violations of the UCL; FAL; MDTPA; and MFSAA. Compl. ¶¶95-199. HP asserts, and Plaintiffs do not dispute, that these claims are subject to Rule 9(b)'s heightened pleading requirements. *See* Mot. 7-8; Opp'n 4.

Plaintiffs' fraud-based claims may be premised on either omissions or affirmative misrepresentations. *See, e.g.*, *Ocampo v. Apple Inc.*, No. 5:20-CV-05857-EJD, 2022 WL 767614, at *3-4 (N.D. Cal. Mar. 14, 2022). It is unclear from the complaint whether Plaintiffs seek to allege an omission-based or affirmative-misrepresentation-based theory of fraud. Plaintiffs argue in their briefing that they seek to proceed on both theories. Opp'n 5-8. Plaintiffs' allegations are deficient under either theory as set forth below.

#### 1. Affirmative Misrepresentation

Plaintiffs do not plausibly allege that HP made an affirmative misrepresentation. Plaintiffs allege that HP represents that its all-in-one printers "can print, copy, scan, and in some cases, fax documents" but that these devices "are . . . sold to consumers in a manner which requires the devices to contain ink in order to scan or to fax documents." Compl. ¶¶ 5, 31-39, 40-50, 65-82.

3

1   There is no affirmative misrepresentation here. Plaintiffs do not allege that HP represents that its
2   devices can print, copy, scan, or fax documents without ink. Rather, the allegations appear to be
3   directed to the theory that HP omitted a fact that it was obliged to disclose. *See, e.g.*, Compl. ¶ 46
4   ("HP fails to disclose to consumers that its All-in-One Printers suffer from the Design Flaw.").
5   Plaintiffs have therefore failed to plead facts of an affirmative misrepresentation to support its
6   fraud-based claims.

### 2. Omission

For an omission to be actionable "[it] must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006)). Plaintiffs have not alleged either theory of omission.

Plaintiffs have not alleged that HP omitted a fact contrary to its representations. As noted above, accepting Plaintiff's allegations as true, HP represents that its all-in-one printers are devices that can print, copy, scan, and fax documents. Plaintiffs allege that HP has omitted the fact that its all-in-one printers do not scan or fax documents if the all-in-one printer has an ink cartridge that is low on or out of ink. This omitted fact is not contrary to Plaintiffs' representation. Plaintiffs have therefore not alleged that HP omitted a fact contrary to its representations.

The Court next considers whether Plaintiffs have adequately pled that HP omitted facts that it had a duty to disclose. "[T]here are four circumstances in which an obligation to disclose may arise: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (citing *LiMandri v. Judkins,* 52 Cal.App.4th 326, 337 (1997)), *aff'd*, 462 F. App'x 660 (9th Cir. 2011). "[A] fact is deemed 'material,' and obligates an exclusively knowledgeable defendant to disclose it, if a 'reasonable [consumer]' would deem it important in determining how to act in the transaction at issue." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 256 (2011). "For omission-based claims outside of the warranty period, '[a]

4

1 manufacturer's duty to consumers is limited to . . . [an] affirmative misrepresentation or a safety
2 issue.'" *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1135 (N.D. Cal. 2013) (quoting
3 *Smith v. Ford Motor Co.,* 749 F.Supp.2d 980, 987 (N.D.Cal.2010)).

The Court finds that Plaintiffs have not pled facts showing that HP omitted facts it had a duty to disclose. Plaintiffs allege that HP "conceals a material fact and makes partial representations but also suppresses some material fact" and "intentionally concealed the Design Flaw," Compl. ¶¶ 137, 181, 182. Plaintiffs further allege that HP has known for years that its representations about its all-in-one printers were misleading and that HP sells its all-in-one devices as loss leaders to capture the ink cartridge replacement business. *Id.* ¶ 47-48. These allegations are insufficient because they do not plead any facts to suggest that HP knew or should have reasonably known about the alleged defect and concealed it at the time of sale. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012) (California FAL applies to statements that defendant knew or should have known to be untrue or misleading); *B.L.M. v. Sabo & Deitsch,* 55 Cal. App. 4th 823, 834 (1997) (California negligent misrepresentation claim requires allegation that defendant lacked reasonable grounds to believe representation was true); *Hardin Cnty. Sav. Bank v. Hous. & Redevelopment Auth. of City of Brainerd*, 821 N.W.2d 184 (Minn. 2012) (element of Minnesota negligent misrepresentation claim is "failure to use reasonable care or competence in obtaining the [false] information"); *Hammerschmidt v. Gen. Motors LLC*, 583 F. Supp. 3d 1215, 1222 (D. Minn. 2022) (presale knowledge of alleged defect required to state a claim for fraudulent omission under MFSAA and MDTPA).

The Court also finds that Plaintiffs' allegations are deficient because they do not identify whether the alleged defects are occurring within the warranty period or otherwise implicate a safety concern. With respect to defects that manifested only after the warranty period, Plaintiffs must allege that the defect poses an unreasonable safety hazard. *See, e.g.*, *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 960 (N.D. Cal. 2018) ("The standard for materiality of the defect depends on whether it arises in-warranty or post-warranty.").

Plaintiffs have therefore failed to plead an omission to support their fraud-based claims.

### 3. Identification of Alleged Defect

HP argues that the Plaintiffs have failed to identify the alleged defect with the requisite particularity. Mot. 9. Plaintiffs respond that their allegations are sufficient because they "do not merely identify 'the consequences of the alleged defect,' nor are they 'notably silent on identifying the defect that causes such consequences.'" Opp'n 6-7.

The Court agrees with HP that Plaintiffs have not identified the alleged design defect with the requisite particularity to satisfy Rule 9(b). Plaintiffs allege that the scanning function of HP's all-in-one printers will not work if the devices if the devices have an ink cartridge that is low on ink or depleted. *E.g.*, Compl. ¶ 6. This is insufficient because aside from this description of the consequences of the alleged defect, Plaintiffs fail to identify what is the actual defect—namely, what is the defect that causes the product to not scan when the ink is low or depleted. *See Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019). At the hearing, Plaintiffs suggested that they have tested products and identified that the alleged defect is a software problem. To the extent this remains true, Plaintiffs should include this allegation and further facts about the nature of the software problem in their complaint.

### 4. Conclusion

For the reasons described above, Plaintiffs' claims for negligent misrepresentation and violations of the UCL; FAL; MDTPA; and MFSAA (Counts 1, 4, 5, 7, and 8) are DISMISSED WITH LEAVE TO AMEND.

### B. Negligent Misrepresentation Claim (Count 1)

HP argues that Plaintiffs' negligent misrepresentation claim should also be dismissed because it is barred by the economic loss rule. Mot. 16-17. Plaintiffs respond that the economic loss doctrine does not bar their negligent misrepresentation claim because their claim sounds in fraud. Opp'n 13-14. HP replies that Plaintiffs' negligent representation claim is barred here because it is premised on the same allegations as Plaintiffs' breach of warranty claims. Reply 11.

"Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (modifications

and internal quotations omitted). Thus, "[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000), *superseded by statute on other grounds*.

Another court in the Ninth Circuit has recently noted that neither the Ninth Circuit, in any published opinion, nor the California Supreme Court has analyzed how and if the economic loss doctrine applies to claims for negligent misrepresentation. *Dawood v. Gamer Advantage LLC*, 2:22-cv-00567 WBS KJN, 2022 WL 3108846 (N.D. Cal. Aug. 4, 2022). A court in this district has noted that the Ninth Circuit has reached "seemingly opposite conclusions" in unpublished opinions. *See Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 969 n.3 (N.D. Cal. 2016). Another court in this district noted that there are also numerous opinions from district courts within this circuit and that those opinions "vary in their reasoning and in their holdings." *In re Big Heart Pet Brands Litig.*, No. 18-CV-00861-JSW, 2019 WL 8266869, at *22 (N.D. Cal. Oct. 4, 2019).

In *In re Big Heart Pet Brands Litigation*, the court adopted an approach that "evaluate[s] whether the allegations that support a negligent misrepresentation claim closely parallel a concurrent breach of contract claim so that the negligent misrepresentation claim is in actuality a breach of contract claim in disguise." *Id.* at *23 (citation and internal quotations omitted). The court granted a motion to dismiss a negligent misrepresentation claim because the claim relied on allegations that were "substantially similar" to the plaintiff's breach of warranty claims. *Id.*; *see also Dawood*, 2022 WL 3108846, at *3 ("It is possible that [the] cases may be reconcilable in that some negligent misrepresentation claims may sound more in fraud and others may sound more in negligence.").

This Court adopts the approach of *In re Big Heart Pet Brands Litigation*. Plaintiffs' negligent misrepresentation claim and breach of warranty claims rely on substantially similar allegations: Plaintiffs allege that they are entitled to damages because HP advertised its devices as all-in-one printers and did not disclose that those devices would not scan or fax when they are low or out of ink. Compl. ¶¶ 97-102, 125-133, 171-179. The Court therefore finds that Plaintiffs' claim for negligent misrepresentation should be dismissed under the economic loss rule. Plaintiffs'

7

1  claim for negligent misrepresentation (Count 1) is therefore DISMISSED WITH LEAVE TO
2  AMEND on this independent basis.

### C. Breach of Express Warranty (Counts 3 and 6)

HP argues that Plaintiffs breach-of-express-warranty claims should be dismissed because such claims apply to manufacturing defects, not design defects, and Plaintiffs have alleged only a design defect. Mot. 17-19. Plaintiffs respond that they need discovery to determine whether the defect is a design or manufacturing defect. Opp'n 15-16.

Claims for breach of express warranty generally cover manufacturing defects, not design defects. *See Bruce Martin Const., Inc. v. CTB, Inc.*, 735 F.3d 750, 752-53 (8th Cir. 2013); *Tharpe v. Hyundai Motor Am., Inc.*, No. SA CV 21-01428-DOC-JDE, 2022 WL 3137453 (C.D. Cal. July 12, 2022). Plaintiffs argue that their breach-of-warranty claims should survive under this general rule because they do not yet know whether the alleged defect is a design defect or a manufacturing defect. Opp'n 15-16. But Plaintiffs named their alleged defect a "Design Flaw" and included no allegations to suggest that the alleged defect is a manufacturing defect. *See, e.g.*, Compl. ¶ 6. Plaintiffs have therefore failed to plead their claims for breach of express warranty.

Furthermore, Plaintiffs failed to adequately identify the terms of the alleged warranty. "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). To allege the exact terms of the warranty, the plaintiff must "'identify a specific and unequivocal written statement' about the product that constitutes an 'explicit guarantee[ ].'" *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1092 (N.D. Cal. 2017) (quoting *Arroyo v. TP-Link USA Corp.*, No. 5:14-CV-04999-EJD, 2015 WL 5698752, at *10 (N.D. Cal. Sept. 29, 2015)). Plaintiffs have failed to identify any such specific and unequivocal written statement. Their general allegations that "HP expressly warranted both on product packaging and advertisements that the All-in-One Printers are multifunction devices with scanning and fax features" are too generic to plausibly allege a breach of an express warranty. Instead, Plaintiffs must identify the specific express warranty Plaintiff is claiming as to each product. *See Hadley v. Kellogg Sales*

8

1   *Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017).

2         The Court finds that Plaintiffs' breach-of-express-warranty claims are inadequately pled because Plaintiffs do not allege any facts to support that the alleged defect is a manufacturing defect and they do not identify the specific and unequivocal written statements comprising the alleged warranties. Plaintiffs' breach-of-warranty claims (Counts 3 and 6) are therefore DISMISSED WITH LEAVE TO AMEND.

      If Plaintiffs seek to amend their allegations such that they include warranties that cover manufacturing defects, Plaintiffs should include factual allegations supporting any claims of manufacturing defects.

### D.    Claims Seeking Equitable Relief

HP argues that the court must dismiss Plaintiffs' claims for equitable relief under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (2020), because Plaintiffs have not alleged that they lack an adequate remedy at law. Mot. 19-20. Plaintiffs respond that their claims for equitable restitution should not be dismissed because they are allowed to plead their claims for equitable relief in the alternative to their claims for legal relief. Opp'n 17. Plaintiffs further argue that their claims for injunctive relief should not be dismissed because they have alleged threat of future harm. *Id.* 17-18. The Court first addresses Plaintiffs' claims for equitable restitution and then addresses their claims for injunctive relief.

#### 1.    Claims Seeking Equitable Restitution (Counts 2, 4, 5, 7, 8)

Plaintiffs seek equitable restitution under the UCL, FAL, MDTPA, MFSAA and under a claim for unjust enrichment. The Court agrees HP that these claims, as currently alleged, must be dismissed to the extent they seek equitable restitution. Plaintiffs are right that they may plead their claims for equitable relief in the alternative. *See, e.g.*, *Freeman v. Indochino Apparel, Inc.*, 443 F.Supp.3d 1107, 1114 (N.D. Cal. 2020) ("Plaintiff may allege claims in the alternative at the pleading stage."); *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("Sonner does not hold that plaintiffs may not seek alternative remedies at the pleading stage.") (citations omitted). But to maintain these claims, Plaintiffs must plead that they lack an adequate remedy at law. *See, e.g.*, *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869,

1  875 (N.D. Cal. 2021) ("[P]laintiff must, at a minimum, *plead* that she lacks adequate remedies at
2  law if she seeks equitable relief" (emphasis in original)).  Here, Plaintiffs must plead facts as to
3  why their claims for negligent misrepresentation and breach of warranty provide inadequate
4  remedies at law.  Plaintiffs claims for equitable restitution for unjust enrichment and violations of
5  the UCL, FAL, MDTPA, MFSAA are therefore DISMISSED WITH LEAVE TO AMEND.

### 2.  Claims Seeking Injunctive Relief (Counts 4, 5, 7, 8)

Plaintiffs seek injunctive relief under the UCL, FAL, MDTPA, and MFSAA.  The Court finds that Plaintiffs have adequately plead their requests for injunctive relief.  Plaintiffs allege that they may purchase HP all-in-one printers again in the future.  *See* Compl. ¶¶ 72-73, 81-82.  This is sufficient to confer standing for injunctive relief, *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018), and because the injunctive relief that Plaintiffs request is prospective and their remedy at law, damages, is retrospective, their claims for an injunctive relief are not barred by *Sonner*, *see Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021).  The Court therefore finds that Plaintiffs have sufficiently alleged an inadequate remedy at law with regard to their requests for injunctive relief.

### E.  Unjust Enrichment (Count 2)

HP argues that Plaintiffs' unjust enrichment claim should be dismissed because the Court is dismissing Plaintiffs' underlying fraud-based claims and because Plaintiffs have alleged that the parties entered into an express contract.  Mot. 20-21.  Plaintiffs respond that their unjust enrichment claim should survive even the Court dismisses their fraud-based claims because the Court may construe the claim as a quasi-contract claim seeking restitution that is plead in the alternative to their breach of contract claim.  Opp'n 19.

The Court finds that Plaintiffs have failed to state a claim for unjust enrichment.  While the Court agrees with Plaintiffs that they may plead their unjust enrichment claim in the alternative to their breach of warranty claims, *see, e.g.*, *Russell v. Maman*, No. 18-CV-06691-RS, 2019 WL 13039744 (N.D. Cal. June 19, 2019), Plaintiffs have failed to include the necessary alternative allegations.  Here, Plaintiffs have alleged that HP has issued a valid warranty.  To state a claim for unjust enrichment, they must set forth the alternative allegations that would trigger such a claim.

10

They have not done so. Plaintiffs' claim for unjust enrichment (Count 2) is therefore DISMISSED WITH LEAVE TO AMEND.

### F. Standing to Assert Claims Relating to Non-Purchased Products

HP asserts that Plaintiffs lack standing to assert claims for products they did not purchase. Mot. 21-22. Plaintiffs respond that they have standing to assert claims for products they did not purchase because they have alleged that "HP has made identical misrepresentations regarding all of the Products." Opp'n 19-20.

"[A] plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012); *see also Gisairo v. Lenovo (United States) Inc.*, 516 F. Supp. 3d 880, 887 (D. Minn. 2021). Here, Plaintiffs' complaint contains no factual allegations that the non-purchased products are substantially similar to the purchased products. At the hearing, Plaintiffs suggested that alleged defect is caused by software in the products. But the Complaint contains no factual allegations about this software or that it is the same in the non-purchased products.

The Court also notes that Plaintiffs have not alleged that either named Plaintiff purchased a device with fax capabilities, much less experienced the alleged defect when trying to use their device. To the extent Plaintiffs seek to pursue their claims on behalf of purchasers of all-in-one printers with fax capabilities, Plaintiffs' complaint will need to include factual allegations to suggest that the fax functionality suffers from a substantially similar defect.

Plaintiffs' claims are therefore DISMISSED WITH LEAVE TO AMEND to the extent they assert claims for non-purchased products.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that HP's motion to dismiss is:

- GRANTED WITH LEAVE TO AMEND, as to the fraud-based claims (negligent misrepresentation and violations of the UCL; FAL; MDTPA; and MFSAA (Counts 1, 4, 5, 7, and 8)) for failure to state a claim.
- GRANTED WITH LEAVE TO AMEND, as to the claim for negligent misrepresentation for

failure to state a claim.

- GRANTED WITH LEAVE TO AMEND, as to the claim for negligent misrepresentation (Count 1) for failure to state a claim.
- GRANTED WITH LEAVE TO AMEND, as to the claims seeking equitable restitution under the UCL, FAL, MDTPA, MFSAA for lack of equitable jurisdiction.
- GRANTED WITH LEAVE TO AMEND, as to all claims for non-purchased all-in-one printers.

Plaintiffs may submit an amended complaint by no later than **February 10, 2023**.

Dated:  January 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge

12