1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

**SAN JOSE DIVISION**

7
8
9
10
11
12
13
14
15

| | |
|---|---|
| GARY FREUND and WAYNE MCMATH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HP INC., d/b/a HP COMPUTING AND PRINTING INC., Delaware corporation,<br>    Defendant. | Case No. 5:22-cv-03794-BLF<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT HP INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Action Filed:   June 24, 2022<br>Judge:  Hon. Beth Labson Freeman |

16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

1   Defendant HP Inc.'s ("HP") Motion to Dismiss Gary Freund ("Plaintiff Freund") and

2   Wayne McMath's ("Plaintiff McMath," and together with Freund, the "Plaintiffs") First Amended

3   Complaint, in this matter came on regularly for hearing before this Court on July 27, 2023.  Having

4   considered the parties' arguments presented in the briefing on the Motion and oral argument, the

5   Court hereby **GRANTS** HP's Motion to Dismiss.

6   ## I.   STATEMENT OF FACTS

7   ### A.   The Parties

8   Plaintiff Gary Freund alleges that he is, and has been at all relevant times, a resident of San

9   Francisco, California. Complaint, ¶ 10. Plaintiff Wayne McMath alleges that he is, and has been at

10   all relevant times, a resident of Minneapolis, Minnesota. *Id.* at ¶ 11. HP is a manufacturer of printers,

11   computers, and other products, and sells those products on its website, HP.com, as well as through

12   authorized resellers and distributors. *Id.* at ¶¶ 13-14.

13   ### B.   Plaintiffs' Purchase of the At-Issue Products

14   Plaintiff Freund alleges that, on July 30, 2021, he purchased an HP Envy 6455e All-in-One

15   Wireless Color Printer ("Envy Printer"), from www.amazon.com. Complaint, ¶ 40. Plaintiff McMath

16   alleges that, on September 2019, he purchased an HP Deskjet 2655 All-In-One Compact Printer

17   ("Desktop Printer") (together with the Envy Printer, "Plaintiff-Purchased Printers") from an

18   unidentified online retailer. *Id.* at ¶ 49.

19   Despite the fact that Plaintiffs Freund and McMath purchased only two of HP's All-in-One

20   Printer models, Plaintiffs identify ten additional printers they seek to include in their claims that they

21   did not purchase: the HP Deskjet 2755e; HP DeskJet 3755; HP DeskJet 4155e; HP ENVY 6055e;

22   HP ENVY 6075; HP ENVY Pro 6475; HP OfficeJet 250 Mobile; HP OfficeJet Pro 7740 Wide

23   Format; HP OfficeJet Pro 8025; HP DeskJet 2622 (the "Non-Purchased Printers").

24   ### C.   Procedural History

25   Plaintiffs filed their initial complaint ("Original Complaint") on June 27, 2022, asserting

26   eight claims for negligent misrepresentation, breach of express warranty, unjust enrichment, and

27   violations of various California and Minnesota state consumer remedies statutes arising from HP's

28   alleged failure to disclose that its All-in-One Printers do not scan or fax if the printer is low on or out

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

of ink. Dckt. No. 1. On September 15, 2022, HP filed a motion to dismiss the Original Complaint, asserting, among other arguments, that Plaintiffs failed to meet Rule 9(b)'s heightened pleading requirements with respect to their fraud-based claims, and failed to plead sufficiently elements of their claims under California's False Advertising Law and Unfair Competition Law, Minnesota's Deceptive Trade Practices Act and False Advertising Law, and other claims. Dckt. No. 19.

On January 5, 2023, this Court dismissed the entirety of the Original Complaint, but gave Plaintiffs leave to amend their claims ("Order"). Dckt. No. 39. In its Order, this Court held Plaintiffs failed to plead sufficiently their fraud-based claims for a number of reasons including the following:

- Plaintiffs failed to plead an affirmative misrepresentation (Order, pp. 3-4);
- The alleged omissions on which Plaintiffs' claims were based – i.e., that HP's All-in-One Printers do not scan or fax documents if the printer has an ink cartridge that is low on or out of ink – are not contrary to Plaintiffs' representations that HP's All-in-One Printers can print, copy, scan, and fax documents (Order, p. 4);
- Plaintiffs did not allege sufficiently that HP knew or should have reasonably known about the alleged defect and concealed it at the time of sale (Order, p. 5);
- Plaintiffs did not allege sufficiently that the alleged defects occurred during the warranty period or otherwise implicated a safety concern (Order, p. 5); and
- Plaintiffs did not allege with sufficient particularity the alleged design defect as opposed to the "consequences of the alleged defect."  Order, p. 6.

The Court also dismissed (1) Plaintiffs' claim for equitable relief on the ground that they failed to plead facts sufficient to demonstrate that their remedies at law are inadequate (Order, p. 10); and (2) Plaintiffs' claims directed at products that they did not purchase because Plaintiffs do not have standing to assert such claims given that they did not allege sufficiently that the non-purchased products are substantially similar to the products they purchased (Order, p. 11).[1]

---

[1]The Court also dismissed Plaintiffs' claims for negligent misrepresentation on the ground they are barred by the economic loss doctrine and their claim for breach of warranty on the grounds that Plaintiffs did not allege facts to support that the alleged defect was a manufacturing defect and they

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

**D.**    **Plaintiffs' Claims**

On February 10, 2022, Plaintiffs filed their FAC. Instead of adding allegations to cure their deficient claims, Plaintiffs' FAC is virtually identical to their Original Complaint. In addition to re-asserting their claims for violations of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; Minnesota's Deceptive Trade Practices Act (or "MDTPA"), Minn. Stat. § 325D.44, *et seq.*; and violations of Minnesota's False Advertising Law ("MFAL"), Minn. Stat. § 325F.67, *et seq.*, Plaintiffs also purport to add a new claim for fraudulent omission based essentially on the same insufficient allegations.

Plaintiffs do not sufficiently clarify the "defect" that the Court held was insufficiently alleged in their Original Complaint. They still do not allege that they purchased their products within the warranty period or that the alleged "defect" posed safety concerns. They also fail to allege sufficiently that HP owed them a duty to disclose the allegedly omitted facts or that HP knew about the alleged defect prior to Plaintiffs' purchases. And the few allegations Plaintiffs did add to their FAC do not address, much less cure, the deficiencies that led to the Court's dismissal of the Original Complaint. As a result, the Court dismisses Plaintiffs' FAC, Plaintiffs' FAC, this time without leave to amend.

**II.**    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires claims to be dismissed if they fail to state a claim upon which relief can be granted. When determining whether a claim has been stated, the Court must accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). The Court need not, however, "accept as true allegations that contradict matters properly subject to

---

did not identify the specific and unequivocal written statements comprising the alleged warranties. *See*, Order, pp. 6-9. Rather than amending their claims to plead the facts necessary to support them, Plaintiffs opted to drop those claims from their Complaint and they are, therefore, not relevant here.

judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a motion to dismiss, a court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**III.    ARGUMENT**

**A.    Plaintiffs' Claims Must Be Dismissed Because Plaintiffs Fail to Plead Facts Sufficient to Support Their Fraud-Based Claims**

**1.    The Court Should Dismiss Plaintiffs' Claims Because Plaintiffs Fail to Plead the Alleged Defect with Required Particularity**

All of Plaintiffs' claims in their FAC are grounded in fraud and are, therefore, subject to the heightened pleading standards of Rule 9(b). *Roper v. Big Heart Pet Brands, Inc*., 510 F. Supp. 3d 903, 921 (E.D. Cal. 2020) (applying Rule 9(b) pleading standards to UCL, FAL, and CLRA claims); *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014); *Kinetic Co. v. Medtronic, Inc*., 672 F. Supp. 2d 933, 944 (D. Minn. 2009) (claims under Minnesota False Statements in Advertising Act and Minnesota Deceptive Trade Practices Act must be pled with particularity under Rule 9(b)); *Podpeskar v. Makita U.S.A. Inc*., 247 F. Supp. 3d 1001, 1010 (D. Minn. 2017) (same). Indeed, in its Order, this Court noted that Plaintiffs did not dispute that the same claims they allege here were subject to Rule 9(b)'s heightened pleading requirements. Order, p. 3.

Rule 9(b) requires a complaint to allege, in detail, "the who, what, when, where, and how" of the alleged fraudulent conduct, and "set forth an explanation as to why the statement or omission

complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *see also United States ex rel. Joshi v. St. Luke's Hospital, Inc*., 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co*., 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Commercial Prop. V. Quality Inns Int'l*, Inc., 61 F.3d 639, 644 (8th Cir. 1995).

Additionally, because Plaintiffs' fraud-based claims are based on an omission rather than an affirmative misrepresentation, Plaintiffs must identify specifically the allegedly undisclosed defect, and not merely the symptoms or consequential performance of the defect. *Meza v. FCA US LLC,* No. CV 22-04011-RSWL-KSX, 2022 WL 14769145, at *2 (C.D. Cal. Oct. 24, 2022). Courts have repeatedly dismissed fraud-based claims based on alleged product defects, where, as here, plaintiffs have failed to allege why the product is defective, what happens when the product fails, how the defendant manufacturer discovered the defect, the steps it took to conceal the defect, and how the defect harmed plaintiffs. For instance, in *Sciacca v. Apple, Inc*., 362 F. Supp. 3d 787, 797 (N.D. Cal. 2019) the court dismissed the plaintiff's claims where plaintiff failed to identity "*what* is the actual defect," and instead only described the consequences of the alleged defect which "causes the screens on the Watches to crack, shatter, or detach. . ."  Because plaintiff failed to specify the exact defect that caused the Apple Watch screens to detach, crack, or shatter – which the court noted also "could have been the result of various possible causes, including consumer misuse" – the court held that plaintiff's allegations failed to satisfy the heightened pleading standard of Rule 9(b). *Id.*

Similarly, in *Eisen v. Porsche Cars N. Am., Inc*., No. CV 11-9405 CAS FEMX, 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012), the court dismissed plaintiff's inadequately alleged claims based on the allegation that the IMS shaft 'fails' without explaining *how* the shaft fails and how that failure affects the vehicle." Here, Plaintiffs have only conclusorily alleged that all of the All-in-One Printers suffer from the same defect based on the alleged *consequence* of printer being unable to scan or fax. Plaintiffs fail to explain how the purported defect — an alleged coding "error" that detects empty, damaged, or depleted ink cartridges and triggers an alleged "error message"— actually renders the functions of the printers inoperable. Plaintiffs attempt to cure the defective allegations in their Original Complaint regarding the alleged design defect by alleging that HP's All-

in-One Printers contain the same "base software" that causes the printer to enter an "error state" when an ink cartridge is low, depleted, missing, or damaged. Complaint, ¶ 31. But they omit intentionally any details to avoid the obvious impact of the true facts. Once again, these new allegations simply describe the *effects* of the alleged defect—that the printers will not fax and scan with a low, empty, missing, or damaged ink cartridge. Plaintiffs still have not alleged precisely what the defect is, despite their representation at the hearing that the products "have been tested" and that they have identified the supposed "defect" as a problem with the devices' software. *See*, Order, p. 21. Plaintiffs' conclusory allegation that the base software contains an unidentified "defect" does not include any facts regarding the "base software" to which they are referring, such as, for example, the HP Printer Assistant, HP Utility program, HP Smart App, printer software from a user's computer, default printer program from the user's printer system, or other external software, applications, or utility programs operated by third parties and not HP. Nor do Plaintiffs allege how that alleged defect caused the effects about which Plaintiffs complain.

Plaintiffs also fail to provide any allegations describing the "error state" about which they complain, such as the type and contents of any error message, whether this is an error that still occurs when updated printer and scanner drivers are downloaded or when different printer firmware is installed, whether the error arises from the user's operating system, and/or if there are options that allow the user to clear the error message (e.g., by simply tapping "ok" in response to the notification message) to proceed to scan and fax without adding ink.

In support of their generalized allegations, Plaintiffs point to an HP Community Forum page, in which a purported, self-identified HP employee states in the forum that an "HP Printer" is designed so the printer will not function with an empty or absent cartridge. Complaint, ¶ 31-32. This message from a purported, self-identified HP employee, however, does not constitute *facts* sufficient to plead any claim or to plead HP's knowledge. Even if the message could be considered a *fact* of any kind, the message does not specify any printer model, whether it is an All-In-One Printer, or which functions are impacted (i.e., it does not specifically refer to scan or fax functions at all). In fact, the initial post identifies the subject printer "Envy 5530," which is ***not* a Plaintiff-Purchased Printer** or ***any other potentially at-issue printer***. *See* Exhibit A, Request for Judicial Notice

("RJN"). Further, the bottom of the page contains the express disclaimer that the "[t]he opinions expressed above are the personal opinions of the authors, not of HP." *Id.* Thus, Plaintiffs' referenced statements cannot be attributable to HP.

Plaintiffs' allegations fall far short of the particularity required under Rule 9(b) and should be dismissed. *Hauck v. Advanced Micro Devices, Inc.*, No. 18-CV-00447-LHK, 2018 WL 5729234, at *6 (N.D. Cal. Oct. 29, 2018) (dismissing plaintiff's complaint where plaintiff failed to allege manufacturer's pre-purchase knowledge of the processor defect, failed to sufficiently identify the defect—and instead asserted vague definitions of the defect and pointed to generalized industry research about potential defects, and did not specify what information was false and omitted).

### 2. Plaintiffs' Omission Claims Are Deficient Because They Do Not Identify Whether the Alleged Flaw Occurs Outside the Warranty Period or Implicates Safety Concerns

When a claim is predicated on a manufacturer's failure to inform its customers of a product defect outside the product's warranty period, for the omission to be material, the failure must pose safety concerns. *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011), citing *Daugherty v. American Honda Motor Co.,* 144 Cal. App. 4th 824 (Ct. App. 2006); *Elias v. Hewlett-Packard Co.,* 950 F. Supp. 2d 1123, 1135 (N.D. Cal. 2013) (manufacturer's duty to consumers for omission-based claims outside of the warranty period is limited to an affirmative misrepresentation or a safety issue); *Taleshpour v. Apple Inc.*, 549 F. Supp. 3d 1033, 1044 (N.D. Cal. 2021), *aff'd,* No. 21-16282, 2022 WL 1577802 (9th Cir. May 19, 2022) (manufacturer only has duty to disclose safety issues, and not other defects, after expiration of warranty period). As the court noted in *Decker v. Mazda Motor of Am., Inc.*, the reason for this rule is that the "average consumer would expect the manufacturer to disclose significant defects of any nature that arise within the warranty period. But outside of that warranty period, the average consumer would only expect the manufacturer to guarantee against unreasonable safety risks." No. SACV 11-0873 AG MLGX, 2011 WL 5101705, at *4 (C.D. Cal. Oct. 24, 2011). Here, Plaintiffs again fail to allege whether they encountered the alleged defect within the warranty period or whether the alleged defect presents a safety hazard or otherwise implicates a safety concern. Thus,

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

Plaintiffs' omission allegations remain deficient, and Plaintiffs have failed to state sufficient facts to support their claims.

**3.   Plaintiffs' Failure to Allege a Duty to Disclose is Fatal to their Claims**

Plaintiffs have also failed to allege facts sufficient to allege that HP had a duty to disclose the allegedly omitted facts. As the Court held in its Order, because Plaintiff's claims are undoubtedly premised upon an omission rather than an alleged misrepresentation, Plaintiffs must allege that HP had a duty to disclose the allegedly omitted facts. *See, e.g. Burchfield v. Prestige Consumer Healthcare, Inc.*, 534 F. Supp. 3d 1192, 1202 (C.D. Cal. 2021); *Hodsdon v. Mars, Inc.,* 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016), aff'd, 891 F. 3d 857 (9th Cir. 2018). California courts have generally rejected a broad obligation to disclose, adopting instead the standard as enumerated in *Daugherty v. American Honda Motor Co.,* 144 Cal. App. 4th 824, 51 Cal. Rptr. 3d 118 (Ct. App. 2006); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012).

In *Daugherty*, the court held that a manufacturer is not liable for a fraudulent omission unless the omission is "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty*, 144 Cal. App. 4th at 835, 51 Cal. Rptr. 3d 118; *see Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964, 969 (N.D. Cal. 2008), *aff'd,* 322 Fed. Appx. 489, 493 (9th Cir. 2009) (discussing *Daugherty*).  Additionally, California federal courts have generally interpreted *Daugherty* as holding that "[a] manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012) (citations omitted). The *Daugherty* court rejected plaintiff's UCL and CLRA claims after finding that plaintiff alleged no facts establishing that the manufacturer was "bound to disclose," as the complaint did not allege "any instance of physical injury or any safety concerns posed by the defect." *Daugherty,* 144 Cal. App. 4th at 836, 51 Cal. Rptr. 3d 118.

As an initial matter, Plaintiffs have not alleged that any omission was contrary to any representation HP actually made. This Court's prior analysis of Plaintiffs' deficient allegations about HP's purported omissions applies identically to Plaintiffs' FAC:

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

1       Plaintiffs have not alleged that HP omitted a fact contrary to its representations.

2       As noted above, accepting Plaintiff's allegations as true, HP represents that its all-

3       in-one printers are devices that can print, copy, scan, and fax documents.

4       Plaintiffs allege that HP has omitted the fact that its all-in-one printers do not scan

5       or fax documents if the all-in-one printer has an ink cartridge that is low on or out

6       of ink. This omitted fact is not contrary to Plaintiffs' representation. Plaintiffs

7       have therefore not alleged that HP omitted a fact contrary to its representations.

8  Order at 4. Plaintiffs have not added any allegations to their FAC that support a different conclusion

9  from the one the Court reached in its Order.

10       Nor have Plaintiffs alleged facts that would impose on HP a duty to disclose the allegedly

11  omitted facts. A duty to disclose in the fraudulent omission context arises in only four instances: (1)

12  when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had

13  exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively

14  concealed a material fact from the plaintiff; and (4) when the defendant makes partial representations

15  but also suppresses some material facts. *Smith v. Ford Motor Co*., 749 F. Supp. 2d 980, 987 (N.D.

16  Cal. 2010), aff'd, 462 F. App'x 660 (9th Cir. 2011). None of those circumstances exist here.

17                    *a.  Lack of Exclusive Knowledge.*

18       A defendant has exclusive knowledge of a product defect giving rise to a duty to disclose

19  when "according to the complaint, [defendant] knew of this defect while plaintiffs did not, and,

20  given the nature of the defect, it was difficult to discover." *Collins v. eMachines, Inc.,* 202

21  Cal.App.4th 249, 256, 134 Cal.Rptr.3d 588 (2011); *see also Falk v. Gen. Motors Corp.,* 496

22  F.Supp.2d 1088, 1096–97 (N.D. Cal. 2007) (finding exclusive knowledge because defendant had

23  access to significant data unavailable to the public about the defect). "[G]eneralized allegations with

24  respect to exclusive knowledge" are insufficient to defeat a dismissal motion. *Hovsepian v. Apple,*

25  *Inc.,* No. 08–5788 JF (PVT), 2009 WL 5069144, at *3 (N.D.Cal. Dec. 17, 2009). Here, Plaintiffs do

26  not allege that HP had exclusive knowledge of the facts, or that it was difficult to discover the nature

27  of the alleged defect. The only allegations that Plaintiffs added to their FAC in an effort to

28  demonstrate HP's knowledge are the comments from a community forum website from October of

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

2018 that relate to ***a printer model that is not the subject of Plaintiffs' FAC***. Indeed, those same

allegations conflict with any assertion that HP had exclusive knowledge because the community

forum was publicly available months or years before Plaintiffs purchased their printers. *E.g.,*

Complaint, ¶ 30. Plaintiffs do not plead any other, credible sources of exclusive knowledge, such as

"pre-production and post-production testing data, early consumer complaints about the [] Defect . . .,

aggregate warranty data…testing conducted […] in response to these complaints," or other types of

information that demonstrate that HP had exclusive knowledge of the alleged defect. *Zurba v. FCA*

*US LLC, No. 521CV01824JLSSHK*, 2022 WL 17363073, at *5 (C.D. Cal. Nov. 10, 2022).

Accordingly, based on Plaintiffs' own allegations, they have not "alleged facts that show

[Defendants] had exclusive knowledge of the [omitted] material facts and that Plaintiff[ ] could not

have reasonably discovered such facts." *Wolph v. Acer Am. Corp.,* No. C 09–01314 JSW, 2009 WL

2969467, at *4 (N.D.Cal. Sept. 14, 2009) (Plaintiffs own allegations regarding system memory, and

citation to public article about recommended memory to run software program, defeated plaintiffs'

allegation that defendant owed duty of disclosure based on exclusive knowledge).

### b.   *Partial Representations.*

Plaintiffs have also failed to allege that HP made partial representations but failed to disclose

other facts that would materially qualify those partial representations. To allege a duty to disclose

based on partial representations, Plaintiffs must allege that "the defendant makes representations but

does not disclose facts which materially qualify the facts disclosed, or which render [its] disclosure

likely to mislead," *Herron v. Best Buy Co. Inc*., 924 F. Supp. 2d 1161, 1177 (E.D. Cal. 2013), and

that Plaintiffs relied on at least some misleading partial representations. *Opperman v. Path, Inc*., 84

F. Supp. 3d 962, 984 (N.D. Cal. 2015). In their FAC, Plaintiffs fail to identify any actionable partial

representations or the facts that materially qualify the facts that were disclosed. *Ahern v. Apple Inc.*,

411 F. Supp. 3d 541, 578-9 (N.D. Cal. 2019) (defendant did not have duty to disclose based on

partial representations because plaintiff did not adequately plead incomplete representations,

purposeful withholding of material facts, or reliance on the representations). Instead, the FAC

contains just one reference to "partial representations" in Paragraph 88 in which Plaintiffs allege in

conclusory fashion that "Defendant actively conceals a material fact from consumers and makes

1   partial representations. . . ."  Plaintiffs do not, however, identify what those partial representations

2   are, what material qualifying facts were withheld, or that Plaintiffs relied on those partial

3   representations. Plaintiffs cannot rely on this conclusory assertion or invoke the "partial

4   representation" doctrine to supply a duty to disclose where one does not otherwise exist.

5               *c.   Lack of Active Concealment or Suppression of Material Fact.*

6         Plaintiffs have also failed to allege sufficiently that HP intentionally concealed or suppressed

7   material facts regarding its All-In-One-Printers. "[T]o state a claim for active concealment, plaintiff

8   must allege specific 'affirmative acts on the part of the defendants in hiding, concealing or covering

9   up the matters complained of.'" *Lingsch v. Savage*, 213 Cal. App. 2d 729, 734, 29 Cal. Rptr. 201

10  (1963) (quotation marks and citations omitted). "Mere nondisclosure does not constitute active

11  concealment." *Id.*; *Czuchaj v. Conair Corp.*, No. 13-CV-1901-BEN RBB, 2014 WL 1664235, at *6

12  (S.D. Cal. Apr. 18, 2014). Rather, a plaintiff must assert affirmative acts of concealment, such as the

13  defendant's suppression of information in the public domain or obfuscation of the consumers' ability

14  to discover it. *Edwards v. FCA US LLC*, No. 22-CV-01871-WHO, 2022 WL 1814144, at *4 (N.D.

15  Cal. June 2, 2022). Here, the only allegations in the FAC regarding any active concealment on the

16  part of HP is the conclusory assertion that HP "actively conceals a material fact from consumers and

17  makes partial representations, suppressing material facts," "intentionally concealed a material fact. .

18  ." and "conceal[ed] material information. . ."  Complaint, ¶¶ 88, 90, 118, 119. Plaintiffs fail to plead

19  any *facts* to support their conclusory allegation or any inference that HP affirmatively acted to hide,

20  conceal, suppress, or cover the purported fact that an ink cartridge is needed to scan or fax. Plaintiffs

21  do not allege that HP suppressed or obscured consumers' ability to discover information in the

22  public domain. Plaintiffs' bare allegation of active concealment is, therefore, deficient. *Gerawan*

23  *Farming, Inc. v. Rehrig Pac. Co.*, 1:11–CV–01273 LJO BAM, 2012 WL 691758, at *9 (E.D. Cal.

24  Mar. 2, 2012).

25        Because Plaintiffs have failed to allege that HP had a duty to disclose the allegedly omitted

26  facts, all of Plaintiffs' claims fail and are dismissed. *E.g., Herron v. Best Buy Co. Inc.*, 924 F. Supp.

27  2d 1161, 1174 (E.D. Cal. 2013) (dismissing claims for plaintiffs' failure to allege specific facts

28  regarding defendants' active concealment of material facts); *Falk v. Gen. Motors Corp.*, 496 F.

Supp. 2d 1088, 1095 (N.D. Cal. 2007) (failure to plead a duty of disclose due to insufficiently plead allegations of partial representations).

### 4. As a Separate Basis for Dismissal, Plaintiffs Also Fail to Plead Elements of Their Claims

As a result of their failure to plead with particularity, and to allege sufficiently that HP made false or misleading statements, Plaintiffs again fail to plead adequately certain elements of their claims.

#### a. *Plaintiffs' Fraudulent Omission Claim Is Barred by the Economic Loss Rule*

Plaintiffs' fraudulent omission claim is dismissed on the independent ground that it is barred by the economic loss rule. *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F. Supp. 3d 838, 847 (C.D. Cal. 2020). As the court in *Ford* explains, the economic loss rule "bar[s] a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damage)." *Id.* (quoting *North American Chemical Co. v. Superior Court*, 59 Cal. App. 4th 764, 777, 69 Cal. Rptr. 2d 466 (1997); *see also, Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F. Supp. 3d 1115, 1134 (C.D. Cal. 2020) (economic loss rule bars plaintiffs' fraudulent omission claim). Because Plaintiffs' alleged harm is purely economic and is derived from Plaintiffs' assertion that the subject printers are allegedly not performing as promised, Plaintiffs cannot assert the tort claim of fraudulent omission. *Ford Motor Co..,* 483 F. Supp. 3d 838, 847–48 (C.D. Cal. 2020) (dismissing fraudulent omission claim because plaintiff cannot assert tort claims based on a product not performing as promised—that is simply an economic loss recoverable in a contract-based action).

#### b. *Plaintiffs Fail to Plead Adequately Their UCL Claim*

Once again, Plaintiffs fail to plead adequately their claims under the "unlawful," "fraudulent," and "unfair" prongs of the UCL. First, Plaintiffs' "unlawful" UCL claim is derivative of the FAL claim and fails because Plaintiffs' FAL claim fails. To state a cause of action based on an "unlawful" act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *See Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). Under

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

California law, "[w]hen a statutory claim fails, a derivative UCL claim also fails." *Aleksick v. 7-Eleven, Inc*., 205 Cal. App. 4th 1176, 1185 (2012). The alleged violation of law that form the basis for Plaintiffs' "unlawful" UCL claim is a violation of the FAL (Complaint, ¶ 92), which, for the reasons stated above, Plaintiffs fail to allege sufficiently. *See id.; see also Avila v. Countrywide Home Loans*, No. 10-CV- 05485-LHK, 2011 WL 1192999, at *6 (N.D. Cal. March 29, 2011) (dismissing UCL claim premised on violation of underlying law for which plaintiff failed to state claim).

Second, Plaintiffs' "fraudulent" UCL claim is also defectively pled. Plaintiffs' allegation that HP's conduct is "fraudulent" is based on HP's purported representations about the functionality of its All-in-One-Printers (Complaint, ¶ 88), which, as discussed above, Plaintiffs have not sufficiently pled to be false. Plaintiffs have not alleged sufficiently that their printers did not operate as represented or that HP's representations (to the extent Plaintiffs allege any) were false, misleading, or deceived members of the public. *Kowalsky v. Hewlett-Packard Co*., 771 F. Supp. 2d 1156, 1159 (N.D. Cal. 2011).

Third, Plaintiffs' "unfair" UCL claim overlaps with the business practices that are the subject of Plaintiffs' inadequately pled claims for allegedly "unlawful" business practices, premised on the inadequately alleged defect. Complaint, ¶ 87. Because Plaintiffs' "unlawful" UCL claim warrants dismissal, Plaintiffs' "unfair" UCL claim should also be dismissed. *Hadley v. Kellogg Sales Co*., 243 F. Supp. 3d 1074, 1104-1105 (N.D. Cal. 2017) (holding "unfair" UCL claim cannot survive where business practices alleged under the "unfair" prong overlap entirely with defective "unlawful" UCL claim, and are based on the same factual contentions regarding defendants' conduct). Consequently, the Court dismisses the entirety of Plaintiffs' UCL claim.

        c.  *Plaintiffs' Insufficiently Pled Claims Under the Minnesota False Statement in Advertising Act and Minnesota Uniform Deceptive Trade Practices Act*

Plaintiffs have also failed to overcome the deficiencies in pleading their Minnesota consumer law claims. The Minnesota False Statement in Advertisement statute, Minn. Stat. § 325F.67, *et seq*. applies only to the dissemination of any statements that are "untrue, deceptive, or misleading."  The

Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, similarly requires allegations of "deceptive representations," "false or misleading statements" and misrepresentations, or "conduct which creates a likelihood of confusion or of misunderstanding." As discussed above, those allegations are not sufficiently pled here. Plaintiffs have not alleged sufficient facts to support their conclusion that any of HP's representations were false, deceptive, confusing, or misleading and thus Plaintiffs' claims under Minnesota's false advertising statute and the Uniform Deceptive Trade Practices Act is dismissed.

Additionally, Minnesota fraud and consumer statute claims based on omissions similarly require that the plaintiff prove an omission of a material fact as well as a special circumstance that triggers a duty to disclose. *See Hammerschmidt v. Gen. Motors LLC,* 583 F. Supp. 3d 1215, 1222 (D. Minn. 2022), appeal dismissed (May 2, 2022); *Cleveland v. Whirlpool Corp.*, 550 F. Supp. 3d 660, 675 (D. Minn. 2021). Plaintiffs' failure to allege that HP's purported omissions were material, that HP had a duty disclose that material information, or that it had requisite knowledge of the alleged defect, also doom Plaintiffs' MFAL and MDTPA claims.

**B.** <u>**Plaintiffs' Claims for Equitable Relief Should Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law**</u>

Plaintiffs' requests for equitable restitution in connection with their claims under the UCL, FAL, MDTPA, and Minnesota False Advertising Law, is also dismissed because Plaintiffs have an adequate remedy at law. In the Ninth Circuit, a federal court cannot grant equitable relief if plaintiffs have an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020); *Williams v. Apple, Inc.,* No. 19-CV-04700-LHK, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020). One limit on a federal court's equitable powers is that "equitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009). Similarly, in the Eighth Circuit, a party may not obtain equitable relief where there is an adequate remedy at law available. *United States v. Bame*, 721 F.3d 1025, 1030 (8th Cir. 2013).

"Courts generally hold that monetary damages are an adequate remedy for claims based on an alleged product defect …." *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) (collecting cases); *see also Banks v. R.C. Bigelow, Inc.*,

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

1  536 F. Supp. 3d 640, 649 (C.D. Cal. 2021); *Gibson v. Jaguar Land Rover N. Am., LLC, No.*

2  CV2000769CJCGJSX, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020). Plaintiffs have not pled

3  adequately that they lack legal remedies. Plaintiffs fail to allege how their claims for monetary

4  damages are "are any less prompt, certain, or efficient than restitution." *Sonner,* 971 F.3d at 844 n.8.

5  Plaintiffs state vaguely that restitution under the UCL and FAL can be awarded where entitlement to

6  damages may prove difficult, and that restitution should be broadly awarded to address the harm

7  suffered by Plaintiffs and California Subclass members. *Id.* at ¶¶ 99-100, 114-115. "That some

8  members of the putative class may be unable to assert a claim for damages under the CLRA is not a

9  sufficient basis to grant equitable relief."  *Olmos v. T. Marzetti Co., No.* LACV2103159JAKMRWX,

10  2022 WL 18358950, at *14 (C.D. Cal. Oct. 11, 2022). Plaintiffs also fail to allege how they or

11  consumers who have purchased the subject printers cannot be made whole by monetary damages

12  such as refunds for the alleged overpayment of the value of a defective printer, or any other

13  monetary relief. Because Plaintiffs have failed to establish that they lack an adequate remedy at law,

14  Plaintiffs' claims for equitable restitution are dismissed.

15      The Court also dismisses Plaintiffs' claim for equitable restitution and monetary damages

16  under the Minnesota Uniform Deceptive Trade Practices Act because injunctive relief is the sole

17  remedy under the Act. See Minn. Stat. § 325D.45 subdiv. 1; *Nelson v. Am. Fam. Mut. Ins. Co.*, 262

18  F. Supp. 3d 835, 862 (D. Minn. 2017), aff'd, 899 F.3d 475 (8th Cir. 2018).

19      **C.**    **Plaintiffs Lack Standing to Assert Claims Relating to the Non-Purchased**

20          **Printers and the Printers' Faxing Function.**

21          **1.**    **Plaintiffs Lack Standing to Assert Claims for Non-Purchased Printers**

22      Plaintiffs have also failed to cure their failure to allege sufficiently that they have standing to

23  assert claims relating to the Non-Purchased Printers. To have standing to assert a claim under the

24  UCL, FAL, and CLRA, plaintiffs must allege that they suffered an injury in fact and lost money or

25  property because of the defendant's alleged conduct. *Lorentzen v. Kroger Co.,* 532 F. Supp. 3d 901,

26  908 (C.D. Cal. 2021); *see also Hinojos v. Kohl's Corp.,* 718 F.3d 1098, 1108 (9th Cir. 2013), *as*

27  *amended on denial of reh'g and reh'g en banc* (July 8, 2013) (any plaintiff who has standing under

28  the UCL and FAL's "lost money or property requirement" also suffers "damage" for purposes of

    [PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

establishing CLRA standing; *Pirozzi v. Apple, Inc.,* 966 F. Supp. 2d 909 (N.D. Cal. 2013) (plaintiffs only have standing to assert UCL claims if they have "lost money or property," which is substantially similar to standing requirement for CLRA and FAL claims in which plaintiff must establish a loss or deprivation of money or property to prove damage). In addition, courts have also required that plaintiffs allege sufficiently the Article III standing requirements of injury in fact (e.g. lost money or property or other economic injury), reliance, and causation between the alleged misconduct and plaintiffs' harm. *See, e.g. Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1226 (C.D. Cal. 2012) (applying the standing principles of *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011) to plaintiff's fraudulent omissions allegations).

Similarly, with respect to their MFAL and MDTPA claims, in the Eighth Circuit, a plaintiff cannot seek relief relating to products that the plaintiff never purchased or advertising that the plaintiff never saw or relied upon. *Ferrari v. Best Buy Co*., No. CIV. 14-2956 MJD/FLN, 2015 WL 2242128, at *9 (D. Minn. May 12, 2015) (concluding that plaintiff lacks standing to assert claims on behalf of the class for televisions that he did not purchase or advertising that he did not see or rely upon, even though the other products were smaller sizes of the same television, because "a litigant must only assert his or own legal rights and interests"); *Chin v. Gen. Mills, Inc.*, No. CIV. 12-2150 MJD/TNL, 2013 WL2420455, at *3 (D. Minn. June 3, 2013) (dismissing claims as to products that named plaintiffs did not purchase). In the Eighth Circuit, it is also not enough for a plaintiff to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product "*actually exhibited* the alleged defect." *Wallace v. ConAgra Foods, Inc*., 747 F.3d 1025, 1030, 8th Cir. 2014) (finding that plaintiffs lacked standing without alleging that specific, at-issue products suffered from the alleged defect).

In the Ninth Circuit, the courts are split on whether a plaintiff has standing to assert claims based on products the plaintiff has not purchased. Some district courts have held that a plaintiff may assert claims relating to "substantially similar" products even if he or she did not purchase them. *See Figy v. Frito-Lay N. Am., Inc*., 67 F. Supp. 3d 1075, 1083 (N.D. Cal. 2014). Others have concluded that, absent economic injury, a plaintiff's claims for products that he or she did not purchase must be either dismissed for lack of standing or addressed at the class certification phase of the case. *Johns v.*

*Bayer Corp.,* No. 09CV1935 DMS (JMA), 2010 WL 476688 at *5, 2010 U.S. Dist. LEXIS 10926 at *13 (S.D. Cal. Feb. 9, 2010) ("[Plaintiff] cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon. The statutory standing requirements of the UCL and CLRA are narrowly prescribed and do not permit such generalized allegations.").

In more recent cases, courts in the Ninth Circuit has expressed disfavor of the "substantial similarity" approach as undermining the fundamental principles of standing:

> But the "substantial similarity" analysis appears to be inconsistent with the basic concept of standing. The standing requirement extends to each claim and each remedy sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008). The similarity of a product, by itself, says nothing about whether a party suffered an injury traceable to the allegedly wrongful conduct of another. A plaintiff who is falsely led to buy a product may claim injury resulting from that purchase; the same plaintiff, however, cannot claim injury from similarly false advertising upon which he or she did not injuriously rely (by buying a similar product or otherwise). Article III "standing is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *see also Blum v. Yaretsky*, 457 U.S. 991, 999, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) ("Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject."). Importing a "substantial similarity" test into the principle of standing overlooks this point and invites an analysis that is both difficult to apply and unrelated to its objective.

*Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021); *Lozano v. Bowmar Nutrition LLC*, No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660, at *4 (C.D. Cal. Aug. 19, 2021) (finding that plaintiff's contentions regarding the substantial similarity of unpurchased products are insufficient, and dismissing her claims as to products that she did not purchase because she did not allege that she suffered injury in fact with respect to defendant's conduct for these products).

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

In assessing substantial similarity, courts look to a series of factors including whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling. *Figy*, 67 F. Supp. 3d at 1083. It is not enough for non-purchased products to be similarly labeled as plaintiffs' purchased products, or for products to share common ingredients or component. *Miller v. Ghirardelli Chocolate Co*., No. C 12-04936 LB, 2013 WL 1402682, at *9 (N.D. Cal. Apr. 5, 2013) (not enough that the non-purchased products were uniformly branded "Ghirardelli® Chocolate," as products look different, have different users—including baking chips, drink powders, and wafers, contain different labels and different representations on packaging, etc.); *Lozano*, 2021 WL 4459660, at *3 (quoting *Martin v. Tradewinds Beverage Co.,* No. CV 16-9249 PSG (MRWx), 2017 WL 1712533, at *5, 2017 U.S. Dist. LEXIS 72698, at *12 (C.D. Cal. Apr. 27, 2017) ("Having a few common ingredients is simply not enough .... In fact, this is true for just about any type of product. After all, just because an Old Fashioned and a Manhattan both have bourbon doesn't mean they are the same drink.").

Regardless of whether the substantial similarity test applies, Plaintiffs fail to plead facts establishing standing. Plaintiffs have not pled sufficiently that all 10 of the Non-Purchased All-in-One printers are substantially similar to the Envy Printer or the Deskjet Printer that Plaintiffs purchased. That the printers are similarly labeled as "All-in-One Printers" is insufficient to prove substantial similarity. *Miller*, 912 F. Supp. 2d at 872 (N.D. Cal. 2012). Plaintiffs lump the products together and state that "[e]ach of these All-in-One Printers have the same software," which purportedly prevents the printers from functioning when ink is low, or when the ink cartridges missing. Complaint, ¶¶ 20, 31. Plaintiffs' new allegations do not cure the deficiencies that the Court identified in its Order. In addition to failing to allege what the "software" defect is, Plaintiffs have not alleged any other facts to support their allegation. Despite their representation to the contrary at the hearing on HP's first motion to dismiss, Plaintiffs have not alleged that they tested the 12 subject devices, or otherwise performed any factual investigation of whether the products are affected by the same software issue—much less that the 10 Non-Purchased Printers even utilize the same software as the Envy Printer or the Deskjet Printer. Plaintiffs do not allege that the 10 Non-Purchased Printers

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT

actually exhibited the alleged scanning defect as the Plaintiff-Purchased Printers, which dooms their

standing argument. *Wallace*, 747 F.3d at 1030 (8th Cir. 2014).

Furthermore, despite sharing the All-in-One Printer label, the packaging for the Purchased

and Non-Purchased Printers are not substantially similar as it advertises varying features. *E.g.*

Complaint, ¶¶ 23, 26, 43 (screenshots reflecting that different at-issue printers offer disparate

features of Auto 2-Sided printing, separate photo trays, borderless printing, Bluetooth 5.0, etc.).

Plaintiffs' contentions regarding the substantial similarity of unpurchased products are insufficient to

confer statutory standing to pursue claims based on those products. *Smedt v. Hain Celestial Grp.,*

*Inc.*, No. 5:12-CV-03029-EJD, 2014 WL 2466881 (N.D. Cal. May 30, 2014) (combining discussion

of constitutional and statutory standing, and granting motion to dismiss because pleading

did not show "how the unpurchased products are substantially similar to the purchased products").

### 2. Plaintiffs Lack Standing to Assert Allegations Regarding Fax Functions that Did Not Cause Plaintiffs Harm

In its Order, the Court previously found that Plaintiffs had "not alleged that either named

Plaintiff purchased a device with fax capabilities, much less experienced the alleged defect when

trying to use their device."  Order at 11. The Court further noted that, to the extent Plaintiffs still

seek to pursue claims based on fax capabilities, Plaintiffs' amended complaint needs to allege that

fax functionality suffers from a substantially similar defect.

Plaintiffs still do not allege that they personally experienced any issues with respect to the

faxing performance of the two Plaintiff-Purchased Printers or the Non-Purchased Printers. Plaintiffs

also fail to plead that the fax capability of the 10 Non-Purchased Printers suffers from a substantially

similar defect. In fact, Plaintiffs admit that the subject printers may be *dissimilar*, noting that not all

HP's All-In-One Printers have fax functions. Complaint, ¶ 4 ("in some cases," All-in-One Printers

fax documents); *id.*, ¶ 21 (stating that only "certain All-In-One Printers have an added fax capability

function…"). Plaintiffs also do not allege any testing, studies, or analysis performed to investigate

whether any of the at-issue printers suffer from the purported defect or if the fax functionality of

those printers was actually impaired.

1
2
3
4
5
6
7
8

As Plaintiffs have neither alleged any injury with respect to the fax capabilities in the Plaintiff-Purchased Printers, nor pled sufficiently that the Non-Purchased Printers' fax functions suffer the same defect (or that those printers even have a fax feature), any claims based on the printers' fax functions must be dismissed. *Lozano v. Bowmar Nutrition LLC*, No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660, at *4 (C.D. Cal. Aug. 19, 2021) (finding that plaintiff's contentions regarding the substantial similarity of unpurchased products are insufficient and dismissing her claims as to products that she did not purchase because she did not allege that she suffered injury in fact with respect to defendant's conduct for these products).

9

* * *

10
11
12
13

Accordingly, the Court hereby **GRANTS** HP's Motion in its entirety, and dismisses with prejudice Plaintiffs' claims for fraudulent omission; violation of California's Unfair Competition Law; violation of California's False Advertising Law; violations of Minnesota's Deceptive Trade Practices Act; and violations of Minnesota's False Advertising Law.

14
15

**IT IS SO ORDERED.**

16
17
18
19

Dated: _____     By: _____
                                            The Honorable Beth L. Freeman
                                            United States District Judge

20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER DISMISSING
PLAINTIFFS' CLASS ACTION COMPLAINT