1

2

3                          **UNITED STATES DISTRICT COURT**

4                        **NORTHERN DISTRICT OF CALIFORNIA**

5                               **SAN JOSE DIVISION**

6

7    GARY FREUND, et al.,                      Case No.  22-cv-03794-BLF

8                       Plaintiffs,
                                               **ORDER GRANTING IN PART AND**
9           v.                                 **DENYING IN PART MOTION TO**
                                               **DISMISS FIRST AMENDED**
10   HP, INC,                                  **COMPLAINT**

11                      Defendant.             [Re:  ECF No. 47]

12

13          Plaintiffs Gary Freund and Wayne McMath bring this class action lawsuit against

14   Defendant HP, Inc.  Plaintiffs assert claims under California and Minnesota law based on

15   allegations that certain HP all-in-one printers will not scan or fax when the devices have low or

16   empty ink cartridges even though those tasks do not require ink.

17          Now before the Court is HP's motion to dismiss Plaintiffs' First Amended Complaint.

18   Mot., ECF No. 47.  Plaintiffs oppose.  Opp'n, ECF No. 48.  HP has replied in support.  Reply,

19   ECF No. 49.  Having found the matter suitable for determination without oral argument, the Court

20   vacated the hearing on this motion.  ECF No. 54.  For the reasons below, HP's motion to dismiss

21   is GRANTED IN PART AND DENIED IN PART.

22   **I.     BACKGROUND**

23          As alleged in the First Amended Complaint ("FAC"), HP designs, manufactures, and sells

24   all-in-one printers.  FAC ¶¶ 18-21, EFC No. 43.  HP's all-in-one printers are marketed and sold as

25   having three core functions: printing, copying, and scanning.  *Id.* ¶ 21.  Some of these all-in-one

26   printers also have a faxing feature.  *Id.*  HP advertises that its all-in-one printers are convenient

27   because users do not have to buy a separate device for each task.  *Id.*

28          HP's all-in-one printers are manufactured, packaged, marketed, and sold to consumers with

United States District Court
Northern District of California

software that requires the device to contain ink to scan or fax documents. *Id.* ¶¶ 20, 28. This software causes the printers to enter an "error state" when they are low on ink. *Id.* ¶ 31. This error state prevents the printers from functioning until a user clears the error by placing a new ink cartridge in the printer. *Id.* HP does not disclose to consumers that the devices will not scan or fax documents if the ink cartridges are low on ink. *Id.* ¶¶ 21, 26-27.

Plaintiffs Gary Freund and Wayne McMath purchased an HP Envy 6455e All-in-One Wireless Color Printer and HP Deskjet 2655 All-in-One Compact Printer, respectively. *Id.* ¶¶ 40, 49. HP represented that the devices would be able to scan and did not include qualifying language that such features would not work if the ink cartridge levels were low or depleted. *Id.* at ¶¶ 42-44, 51-53. The devices do not function as a scanner if the ink cartridges are low or empty. *Id.* at ¶¶ 45, 54. Freund and McMath would not have purchased their devices or would not have paid as much for them had they known that they would have to maintain ink in the devices to scan documents. *Id.* ¶ 47, 56. Freund and McMath may purchase the HP all-in-one printers again should HP continue to advertise the devices as "all-in-one," as they would think it meant HP manufactured the devices to scan even when the ink is low or depleted. *Id.* ¶¶ 48, 57.

Plaintiffs filed this lawsuit on June 27, 2022. *See* Compl. On January 13, 2023, this Court granted HP's motion to dismiss Plaintiffs' complaint but allowed Plaintiffs to file an amended complaint. Order, ECF No. 39.

Plaintiffs filed their FAC on February 10, 2023. *See* FAC. Plaintiffs dropped their original claims for negligent misrepresentation, unjust enrichment, and breach of express warranty and added claims for fraudulent omission and violation of California's Consumer Legal Remedies Act. Plaintiffs' FAC asserts claims for (1) fraudulent omission; (2) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (4) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; (5) violation of Minnesota's Deceptive Trade Practices Act ("MDTPA"), 325D.44, *et seq.*; (6) violation of Minnesota's False Advertising Law ("MFAL"), 325F.67, *et seq*.

2

## II.   LEGAL STANDARD

### A.   Failure to State a Claim – Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  But the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### B.   Heightened Pleading – Rule 9(b)

Allegations of "fraud or mistake must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) applies to claims "grounded in fraud" or that "sound in fraud."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Under Rule 9(b), circumstances constituting fraud or mistake must be stated with particularity, but malice, intent, knowledge, and other conditions of a person's mind, including scienter, can be alleged generally.  *United States v. Corinthian Colleges*, 655 F.3d 984, 996 (9th Cir. 2011) (internal quotation marks omitted).  Thus, as distinguished from allegations pertaining to state of mind, "[a]verments of fraud must be accompanied by the who, what, when, where, and

1   how" of the alleged fraudulent activity. *Vess*, 317 F.3d at 1106 (citation and internal quotation

2   marks omitted).

3        "To comply with Rule 9(b), allegations of fraud must be specific enough to give

4   defendants notice of the particular misconduct which is alleged to constitute the fraud charged so

5   that they can defend against the charge and not just deny that they have done anything wrong."

6   *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Bly–Magee v. California*, 236

7   F.3d 1014, 1019 (9th Cir.2001)).

8   **III.    DISCUSSION**

9        HP moves to dismiss all of Plaintiffs' claims. The Court will first address HP's challenge

10  to certain elements that the parties agree apply all claims. The Court will then turn to HP's claim-

11  specific challenges. And Finally, the Court will address HP's argument that Plaintiffs lack

12  standing to assert claims for products they did not personally purchase.

13       **A.    All Claims**

14       The parties agree that all of Plaintiffs' claims sound in fraud and are therefore subject to

15  Rule 9(b)'s heightened pleading requirements. *See* Mot. 8; Opp'n 4. HP argues the claims must

16  all be dismissed because (1) Plaintiffs have not identified an alleged defect or pled HP's

17  knowledge with sufficient particularity; (2) Plaintiffs fail to allege a duty to disclose the alleged

18  fraudulent omission; and (3) Plaintiffs do not identify whether the alleged defect occurs within or

19  outside of the warranty period. Mot. 7-15.

20            **1.    Identification of Alleged Defect and HP's Knowledge**

21       HP argues that Plaintiffs have failed to identify the alleged design defect and allege HP's

22  knowledge with the requisite particularity. Mot. 8-10. Plaintiffs respond that they have

23  adequately identified the design defect with particularity and that their general allegations of

24  knowledge are sufficient under Rule 9(b). Opp'n 6-7. The Court agrees with Plaintiffs for the

25  following reasons.

26       First, the Court agrees with Plaintiffs that they have adequately identified the alleged

27  defect. "To comply with Rule 9(b), allegations of fraud must be specific enough to give

28  defendants notice of the particular misconduct which is alleged to constitute the fraud charged so

United States District Court
Northern District of California

4

that they can defend against the charge and not just deny that they have done anything wrong." *Swartz*, 476 F.3d at 764.  Here, Plaintiffs allege that certain HP all-in-one printers suffer from a flaw in which scanning and faxing functions are disabled when ink levels are low.  FAC ¶ 20. And while Plaintiffs failed to allege the cause of this flaw in their original complaint, Plaintiffs now allege that HP intentionally programmed the software in the printers to place the printers in an error state when they are low on ink.  FAC ¶¶ 9, 30-32.  The Court finds these allegations sufficient at this stage because they identify the specific cause of the defect and how the defect manifests.  *See Flier v. FCA US LLC*, No. 21-CV-02553-CRB, 2022 WL 16823042, at *4 (N.D. Cal. Nov. 8, 2022) (finding allegations of defect sufficient under Rule 9(b) pleading standard where complaint "identifies the specific parts causing operational issues[,] . . . their symptoms, and alleges that Plaintiffs sought repairs from FCA on more than one occasion.").

The cases upon which HP relies to argue for dismissal are inapposite because the allegations considered in those cases did not identify the specific cause of the defect or how it manifests.  In *Sciacca v. Apple, Inc.*, the court held that the plaintiff did not adequately identify the alleged defect because "[a]side from [a] description of the consequences of the alleged defect, Plaintiff fail[ed] to identify what is the actual defect; namely, what is the defect that causes the screens to allegedly detach, crack, or shatter."  362 F. Supp. 3d 787, 797 (N.D. Cal. 2019).  Unlike the plaintiff in *Sciacca*, Plaintiffs here have identified the "actual defect."  Specifically, Plaintiffs have alleged that HP intentionally designed its software to prevent its printers from scanning and faxing when the printer's ink is low.   In *Eisen v. Porsche Cars North America, Inc.*, the court held the plaintiff failed to adequately identify the alleged defect because "plaintiff simply allege[d] IMS shaft 'fails' without explaining *how* the shaft fails and how that failure affects the vehicle." No. 11-CV-9405-CAS-FEMX, 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012).  Here, unlike in *Eisen*, Plaintiffs have identified how the printer fails and how the failure affects the printer. Specifically, Plaintiffs have alleged that HP's software causes the printers to enter an error state when they are low on ink and that this error state prevents the printers from faxing or scanning until a new ink cartridge is placed in the printer.

The Court next turns to Plaintiffs' allegations regarding HP's knowledge.  The parties

agree that Plaintiff must plead HP's knowledge of the defect at the time the sale was made. *See* Mot. 10; Opp'n 6-7. "Although the circumstances of a fraud must be pleaded with particularity, knowledge may be pleaded generally." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 679 (9th Cir. 2018). "A complaint therefore must set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *Id.*

Here, Plaintiffs allege sufficient factual matter from which HP's knowledge of the defect at the time of sale might reasonably be inferred. Plaintiffs allege that HP has intentionally designed the software in its printers to disable the scan and fax functions when the ink cartridges are low. *See* FAC ¶¶ 9, 28, 30, 31. For support, Plaintiffs cite to an HP community message board in which a purported product owner states:

> My black ink cartridge cacked [*sic*] tonight (screen on printer and warning on computer saying it failed or was damaged) and I need to scan an important document. However, it's just saying I need to replace the cartridge and won't let me go past that screen.

*See* FAC ¶ 30; *see also* Req. Judicial Notice Supp. HP Inc.'s Mot. Dismiss Pls.' First Am. Class Action Compl. ("RJN") Ex. A ("Message Board"), at p.1, ECF No. 47-1.[1] Plaintiffs note that a person purporting to be an "HP Support Agent" responded that "HP Printer is designed in such a way that with the empty cartridge or without the cartridge printer will not function." *See* FAC ¶ 30; Message Board, at p.3. Plaintiffs further allege that HP designs its printers this way to increase ink sales. FAC ¶ 34. The Court finds these allegations sufficient at this stage to plausibly allege HP's knowledge of the alleged design defect.

HP's attacks on the message board post do not undermine the sufficiency of the pleadings.

---

[1] HP requests that the Court take judicial notice of the HP community forum webpage cited in the FAC or consider it as incorporated by reference. *See* RJN 1. Plaintiffs do not oppose HP's request. The Court finds that this webpage is incorporated by reference into the complaint. "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Where, as here, a plaintiff has used information from a webpage to support his complaint, incorporation by reference is a "proper vehicle" to consider printouts of the webpage on a motion to dismiss. *See Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019). Accordingly, the Court grants HP's request to treat the webpage as incorporated by reference.

HP notes that the purported HP employee was responding to an initial post about a printer that neither Freund nor McMath bought and that the purported HP employee "does not specify any printer model, whether it is an All-in-One Printer, or which functions are impacted." Mot. 10. HP also argues that the statements cannot be attributable to HP because the bottom of the message board includes a disclaimer that the opinions expressed on the message board are not the opinions of HP. *Id.* The Court finds that HP's challenges raise issues of fact that are not properly considered on a motion to dismiss. At this stage, the message board post amounts to a factual allegation that bolster Plaintiffs' allegations that HP designed its printers to disable certain functions when their ink is depleted.

The cases HP relies on are inapposite because none concerns a situation in which the defendant is alleged to have intentionally designed its products to have the alleged defect. For example, in *Baba v. Hewlett-Packard Co.*, a court in this District held that the plaintiff had not established the requisite knowledge based on three consumer complaints because "[a]wareness of a few customer complaints, however, does not establish knowledge of an alleged defect." No. C 09-05946 RS, 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011); *see also Berenblat v. Apple, Inc.*, No. 08-4969 JF (PVT), 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) (holding that knowledge of online complaints was not sufficient to establish knowledge of the defect). Here, Plaintiffs do not rely on allegations of consumer complaints as the basis for HP's knowledge. Rather, they allege that HP knew of the defect because HP intentionally designed it into the printers at issue. *See* FAC ¶ 30. Plaintiffs bolster this allegation by alleging why HP would be motivated to design its printers in this way—to increase profits by making users buy more ink. *See* FAC ¶ 38.

HP's reliance on *Hauck v. Advanced Micro Devices, Inc.*, No. 18-CV-00447-LHK, 2018 WL 5729234 (N.D. Cal. Oct. 29, 2018) is even further afield. There, the court held that the plaintiff had failed to allege the requisite knowledge because "none of the allegations state[d] [the defendant] knew of the Defect before Plaintiffs' purchase dates, only that [the defendant] *ought* to have known of the Defect." 2018 WL 5729234, at *6. Here, Plaintiffs have alleged that HP knew of the defect before Plaintiffs' purchase dates by alleging that HP designed its printers to have the alleged defect (and in that way, it was not a defect at all).

The Court finds that Plaintiffs have adequately pled the alleged defect and HP's knowledge of that defect.

### 2. Duty to Disclose

The Court next considers whether Plaintiffs have adequately pled that HP had a duty to disclose the alleged omission. "[T]here are four circumstances in which an obligation to disclose may arise: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (citing *LiMandri v. Judkins,* 52 Cal.App.4th 326, 337 (1997)), *aff'd*, 462 F. App'x 660 (9th Cir. 2011). Plaintiffs rely on the second and third circumstances—"exclusive knowledge" and "partial representations." Opp'n 8.

The Court first addresses "exclusive knowledge." A defendant has exclusive knowledge of a defect giving rise to a duty to disclose where "[defendant] knew of [the] defect while plaintiffs did not, and, given the nature of the defect, it was difficult to discover." *See Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 256 (2011). "'[E]xclusive knowledge' here does not mean facts known *only* to [the defendant]. What is required, rather, is that [the defendant] had knowledge of any putative defect *superior* to that of ordinary customers." *Zurba v. FCA US LLC*, No. 5:21-CV-01824-JLS-SHK, 2022 WL 17363073, at *5 (C.D. Cal. Nov. 10, 2022) (citations omitted) (emphasis in original).

HP argues that Plaintiffs have not adequately pled exclusive knowledge or that the alleged defect was difficult to discover. Mot. 13. Plaintiffs respond that they have plausibly alleged HP's exclusive knowledge through their allegations that HP does not disclose that its printers will not scan or fax with low ink and that Plaintiffs only became aware of the defect after using their product. Opp'n 9.

The Court finds that Plaintiffs have plausibly alleged exclusive knowledge. Plaintiffs allege that HP designed its printers to have the alleged defect and thus knew about the defect. *See* FAC ¶¶ 6, 8, 30-31. Plaintiffs also allege that HP did not advertise or otherwise disclose the

1    alleged defect.  FAC ¶ 5.  Finally, Plaintiffs allege that they only became aware of the problem

2    after they experienced it.  FAC ¶¶ 45, 54.  These allegations are sufficient to establish HP's

3    superior knowledge triggering a duty to disclose.  *See Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d

4    1088, 1096-97 (N.D. Cal. 2007) (exclusive knowledge adequately pled where alleged facts

5    showed that "customers only became aware of the problem if they actually experienced it first-

6    hand").

7            Plaintiffs' allegation that customers had posted about the alleged defect on HP's message

8    board does not undermine HP's exclusive knowledge.  It is true that prospective purchasers with

9    access to the internet could have found these posts by scouring HP's message boards.  But this

10   does not undermine Plaintiffs' allegations that HP had superior knowledge through its intentional

11   design of the alleged defect and its failure to disclose that its printers have this design.  *Cf. Falk*,

12   496 F. Supp. 2d at 1097 (holding that plaintiff stated a claim despite existence complaints on

13   internet because plaintiff alleged that defendant had superior knowledge including information

14   unavailable to the public).

15          The Court finds that Plaintiffs have adequately pled that HP had a duty to disclose the

16   alleged defect based on its exclusive knowledge.  The Court does not reach Plaintiffs' alternative

17   "partial disclosure" theory.

18                         **3.  Timing of Defect**

19          Finally, HP argues that Plaintiffs' complaint must be dismissed because it does not identify

20   whether the alleged defect occurs within or outside of the warranty period or whether the defect

21   implicates safety concerns.  Mot. 11.  Plaintiffs respond that they "clearly allege the restriction

22   occurred within the warranty period" and "clearly and repeatedly allege that the Products were

23   designed with the Restriction."  Opp'n 7.

24          "For omission-based claims outside of the warranty period, '[a] manufacturer's duty to

25   consumers is limited to . . . [an] affirmative misrepresentation or a safety issue.'"  *Elias v. Hewlett-*

26   *Packard Co.*, 950 F. Supp. 2d 1123, 1135 (N.D. Cal. 2013) (quoting *Smith v. Ford Motor Co.,* 749

27   F.Supp.2d 980, 987 (N.D. Cal. 2010)).  However, a plaintiff "may allege fraudulent omissions

28   beyond safety-related concerns if those omissions led to malfunctions during the warranty period."

United States District Court
Northern District of California

9

1    *Id.* at 1136 (collecting cases).

2            The Court agrees with Plaintiffs that the FAC alleges that the defect occurs within

3    the warranty period through its allegations that HP designs the printers at issue so they will not fax

4    or scan when they are low on or out of ink.  *See* FAC ¶¶ 6, 8, 30-31, 38.  Accordingly, the Court

5    finds Plaintiffs have met their obligation to allege fraudulent omissions that led to malfunctions

6    during the warranty period.

7                                          *        *        *

8        For the reasons described above, the Court finds that Plaintiffs have (1) plausibly pled an

9    alleged defect and HP's knowledge with sufficient particularity; (2) plausibly pled that HP had a

10   duty to disclose the allegedly fraudulent omission; and (3) plausibly pled that the alleged defect

11   occurs within the warranty period.  Accordingly, HP's motion to dismiss on each of these bases is

12   denied.

13       **B.    Fraudulent Omission (Claim 1)**

14       HP argues that Plaintiffs' fraudulent omission claim should be dismissed because it is

15   barred by the economic loss rule.  Mot. 16.  Plaintiffs respond that the economic loss doctrine does

16   not bar their claim because the claim sounds in fraud.  Opp'n 10-11.

17       "The economic loss rule requires a purchaser to recover in contract for purely economic

18   loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken

19   contractual promise."  *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

20   Consistent with this rule, "[t]ort damages have been permitted in contract cases" where "the duty

21   that gives rise to tort liability is either completely independent of the contract or arises from

22   conduct which is both intentional and intended to harm."  *Id.* at 990-91 (citations omitted).

23   Applying these principles, the California Supreme Court held in *Robinson* that the economic loss

24   rule did not bar the plaintiff's misrepresentation and fraud claims because the defendant's tortious

25   conduct—falsely representing that its products conformed to specification—was separate from

26   defendant's breach—providing nonconforming products.  *Id.* at 991.  In *Robinson*, the court was

27   careful to note that because the defendants' affirmative misrepresentations were dispositive, the

28   court would not address whether the defendant's intentional concealment constituted an

United States District Court
Northern District of California

1  independent tort.  *Id.*

2      Recognizing the "narrow scope" of *Robinson's* holding, the Ninth Circuit in *Rattagan v.*

3  *Uber Techs., Inc.*, certified to the California Supreme Court the question of whether fraudulent

4  concealment claims are exempt from the economic loss rule under California law. 19 F.4th 1188,

5  1189 (9th Cir. 2021), *req. for certification granted*, No. S272113, 2022 Cal. LEXIS 490.  At the

6  time, California Courts of Appeal had not addressed the question and federal district courts had

7  reached opposing conclusions.  *Id.* at 1191-92.

8      The Court now turns to the present case.  "When interpreting state law, federal courts are

9  bound by decisions of the state's highest court."  *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*,

10  884 F.3d 812, 820 (9th Cir. 2018) (quoting *Ariz. Elec. Power Co-Op., Inc. v. Berkeley*, 59 F.3d

11  988, 991 (9th Cir. 1995)).  "In the absence of such a decision, a federal court must predict how the

12  highest state court would decide the issue using intermediate appellate court decisions, decisions

13  from other jurisdictions, statutes, treatises, and restatements as guidance."  *Id.* (quoting *Sec. Pac.*

14  *Nat'l Bank v. Kirkland (In re Kirkland)*, 915 F.2d 1236, 1239 (9th Cir. 1990)).

15      Reviewing *Robinson*, the Court predicts that the California Supreme Court would find that

16  Plaintiffs' fraudulent omission claim is not barred by the economic loss rule.  Although the

17  *Robinson* court addressed only affirmative misrepresentations, nothing in the opinion suggests the

18  court would have reached a different result if it had relied on a fraudulent omission.  Indeed,

19  *Robinson* found no distinction between omissions, concealment, and affirmative representations in

20  describing fraud—it explained that fraud requires proof of a misrepresentation, whether "false

21  representation, concealment, or nondisclosure."  *Robinson*, 34 Cal. 4th 990.  Moreover, *Robinson*

22  relied in part on public policy concerns—noting California's "legitimate and compelling interest

23  in preserving a business climate free of fraud and deceptive practices."  *Id.* at 992.  This interest is

24  served regardless of whether the alleged fraud arises from an affirmative representation, as was

25  considered in *Robinson*, or an intentional omission, as is alleged here.  Accordingly, the Court

26  finds that Plaintiffs' claim is not barred by the economic loss doctrine.

27      The Court notes that cases cited by both parties in other sections of their briefing have

28  reached the same conclusion.  *See Flier*, 2022 WL 16823042, at *7 (holding that fraud by

omission claim was not barred by economic loss doctrine); *Zurba*, 2022 WL 17363073, at *7 ("[T]he economic loss rule does not bar fraud by omission claims based on allegations of presale concealment distinct from [Defendant's] alleged subsequent conduct in breaching its warranty obligations." (internal quotation marks omitted)).

In its reply brief, HP relies heavily upon *In re Ford Motor Co. DPS6 Powershift Transmission Product Liability Litigation*, 483 F. Supp. 3d 838 (C.D. Cal. 2020), to argue that Plaintiffs' claim is barred by the economic loss rule. But the Ninth Circuit specifically cited *In re Ford*—a case where the same court reached different conclusions on the economic loss rule in different orders—to exemplify the inconsistency among federal courts' applications of the economic loss rule in the fraudulent concealment context. *See Rattagan*, 19 F.4th at 1192. Accordingly, the Court finds unconvincing HP's reliance on this case to advocate for a particular application of the rule.

HP's motion to dismiss Plaintiffs' fraudulent omission claim on the basis that the claim is barred by the economic loss rule is DENIED.

## C.   UCL (Claim 3)

The UCL prohibits business acts or practices that are (1) fraudulent, (2) unfair, or (3) unlawful. *See* Cal. Bus. & Prof. Code § 17200; *see also Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 837-39 (2006) (describing "three prongs" of UCL). Plaintiffs bring their UCL claim under all three prongs. FAC ¶¶ 88, 90, 92.

HP moves to dismiss Plaintiffs' UCL claim in its entirety. HP argues that Plaintiffs have not shown "unlawful" conduct because they have not sufficiently pled a violation of the FAL, which the FAC cites as the basis for the UCL claim. Mot. 16. HP argues that plaintiffs have not shown "unfair" conduct because their allegations overlap with their unlawful claim. *Id.* at 17. HP argues that plaintiffs have not shown "fraudulent" conduct because they have not sufficiently alleged that their printers did not operate as represented. *Id.* at 17. Plaintiffs respond that HP's argument regarding the unfair prong incorrectly collapses the unfair and unlawful prongs and should therefore be disregarded. Opp'n 11-12. Plaintiffs respond that they have adequately pled their fraudulent-prong claim because they have alleged that HP failed to disclose relevant

United States District Court
Northern District of California

1   information such that its statements were likely to confuse a reasonable consumer.  *Id.* at 11.

2       The Court first addresses Plaintiffs' claims under the unlawful and unfair prongs.  As to

3   the unlawful prong, HP has not demonstrated that Plaintiffs' FAL claim is inadequately pled.

4   Thus, Plaintiffs have stated a claim under the unlawful prong.  *See People v. McKale*, 25 Cal. 3d

5   626, 632 (1979) ("An unlawful business activity includes anything that can properly be called a

6   business practice and that at the same time is forbidden by law." (internal quotation marks

7   omitted).  As to the unfair prong, the only argument HP makes for dismissal is that the unfair

8   prong cannot survive because Plaintiffs' unlawful prong claim cannot survive.  But as just noted,

9   Plaintiffs have adequately pled their unlawful prong claim.  Thus, HP's argument for dismissal

10  fails.

11      The Court finds Plaintiffs' claim under the fraudulent prong adequately pled as well.  "To

12  state a cause of action under the fraudulent prong of the UCL, 'it is necessary only to show that

13  members of the public are likely to be deceived' by the business practice or advertising at issue."

14  *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1159 (N.D. Cal. 2011) (quoting *In re*

15  *Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009)); *see also Aron v. U-Haul Co. of California*, 143

16  Cal. App. 4th 796, 806 (2006).  These business practices and advertisements are "judged by the

17  effect [they] would have on a reasonable consumer."  *Aron*, 143 Cal. App. 4th at 806.  Here,

18  Plaintiffs have alleged that a consumer purchasing an all-in-one printer would be deceived by

19  HP's representation that certain printers are "all-in-one" devices combined with HP's omission

20  that the devices will not scan or fax when low on ink.  FAC ¶¶ 33, 89.  This is because, according

21  to Plaintiffs, "it is well-documented that ink is not required in order to scan or to fax a document,

22  and it is certainly possible to manufacture an All-in-One printer that scans or faxes when the

23  device is out of ink."  FAC ¶¶ 32, 89.  The Court finds these allegations sufficient to plausibly

24  suggest that a reasonable consumer would be confused by HP's representations.  Accordingly, the

25  Court finds that Plaintiffs have stated a claim under the fraudulent prong of the UCL.

26      HP's motion to dismiss Plaintiffs' UCL claim is DENIED.

27      **D.    MFSAA and MDTPA (Claims 5 and 6)**

28      HP challenges Plaintiffs' Minnesota law claims.  Mot 17-18.  HP asserts that Plaintiffs

1   have failed to allege that HP's purported omissions were material, that HP had a duty to disclose

2   the omitted information, and that HP had knowledge of the alleged defect.  *Id.* at 18.

3        The Court finds Plaintiffs' claims adequately pled at this stage.  HP does not argue that the

4   standards for materiality, duty to disclose, and knowledge of the defect are different under

5   California and Minnesota law.  Applying California law, the Court determined above, in sections

6   III.A.1 and III.A.2, that Plaintiffs have plausibly alleged that HP had a duty to disclose and had

7   knowledge of the alleged defect.  The Court will not revisit that determination here.  As to

8   materiality, Plaintiffs have alleged that they would not have purchased their respective printers or

9   would not have paid as much for the printers had they known that they would have had to

10  maintain ink in them to scan documents.  FAC ¶¶ 47, 56.  This is sufficient to plausibly allege a

11  material omission.  *See Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1268 (C.D. Cal.

12  2007) ("To show that information is material, a plaintiff must demonstrate that 'had the omitted

13  information been disclosed,' the reasonable consumer would have 'been aware of it and behaved

14  differently.'" (quoting *Mirkin v. Wasserman,* 5 Cal. 4th 1082, 1093 (1993)).

15       HP's motion to dismiss Plaintiffs' Minnesota law claims on the basis that they are

16  inadequately pled is DENIED.

17       **E.      Request for Equitable Restitution (Claims 3, 4, 5, 6)**

18       Plaintiffs seek equitable restitution under the UCL, FAL, MDTPA, and MFSAA.  HP

19  argues that the court must dismiss Plaintiffs' claims for equitable restitution under *Sonner v.*

20  *Premier Nutrition Corp.*, 971 F.3d 834 (2020), because Plaintiffs have not alleged that they lack

21  an adequate remedy at law.  Mot. 18.  HP also argues that Plaintiffs' request for money damages

22  under the MDTPA must be dismissed because injunctive relief is the sole remedy on the Act.  *Id.*

23  at 19.  As to their UCL, FAL, and MFSAA claims, Plaintiffs argue that they have adequately pled

24  their requests for equitable relief in the alternative to their requests for legal relief.  Opp'n 12-13.

25  Plaintiffs concede that they are not entitled to equitable restitution or money damages under the

26  MDTPA.  Opp'n 13.

27       In its order on HP's first motion to dismiss, this Court held that it has equitable jurisdiction

28  over Plaintiffs' UCL, FAL, MDTPA, and MFSAA claims based on Plaintiffs' requests for

United States District Court
Northern District of California

prospective injunctive relief.  *See Freund v. HP, Inc.*, No. 22-CV-03794-BLF, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023).  HP does not argue that the Court has lost equitable jurisdiction since its first order or that Plaintiffs' requests for injunctive relief are now deficient.  Rather, HP asks the Court to "dismiss" Plaintiffs' "requests" for equitable restitution.  The Court construes HP's challenge as a motion to strike.  Such motions are generally disfavored.  *See, e.g.*, *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013).  The Court declines to strike Plaintiffs' requests for restitution here, where Plaintiffs' have shown that the Court has equitable jurisdiction over the claims based on Plaintiffs' requests for injunctive relief.  Accordingly, HP's motion to strike Plaintiffs' requests for equitable restitution under the UCL, FAL, and MFSAA is DENIED.

The Court also construes HP's motion to dismiss Plaintiffs' request for equitable restitution under MDTPA as a motion to strike.  Plaintiffs expressly "concede their claims for monetary damages or restitution under the MDTPA."  Opp'n 13.  Accordingly, HP's motion to strike Plaintiffs' requests for equitable restitution under the MDTPA is GRANTED.

### F.    Standing to Assert Claims Relating to Non-Purchased Products

HP asserts that Plaintiffs lack standing to assert claims for products they did not purchase. Mot. 21-22.  Plaintiffs respond that they have standing to assert claims for products they did not purchase because the non-purchased products are substantially similar to their products.  Opp'n 14.  Specifically, Plaintiffs argue that HP's alleged fraudulent omission is identical for all of the products, and each of the products includes the same software that causes the alleged defect.  *Id.*

As the Court previously explained, it takes the "substantially similar" approach to analyzing standing challenges, under which "a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."  *Freund*, 2023 WL 187506, at *6 (quoting *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012)).

Plaintiffs Freund and McMath purchased an "HP Envy 6455e All-in-One Wireless Color Printer" and "HP Deskjet 2655 All-in-One Compact Printer" ("Purchased Products"), respectively. They seek to bring their claims on behalf of purchasers of the Purchased Products and 10

United States District Court
Northern District of California

15

additional models ("Non-Purchased Products"). FAC ¶¶ 20, 58. Plaintiffs allege that both the Purchased Products and Non-Purchased Products are "marketed and sold as having three core functions: printing, copying and scanning," and that certain of the products "have an added fax capability function that uses the same functionality as the scanner." FAC ¶ 21. Plaintiffs further allege that the Purchased Products and Non-Purchased Products "have the same software, which prohibits the printer from operating as a scan or fax machine when it is low on ink or when the ink cartridge is missing." FAC ¶ 20.

The Court finds that Plaintiffs have sufficiently alleged that the Non-Purchased Products are substantially similar to the Purchased Products to have standing to assert claims based on the Non-Purchased Products at this stage. Plaintiffs have alleged that the products are substantially similar through their allegations that the products have the same software that disables scanning and faxing functionality when ink is low. And Plaintiffs have alleged that HP made similar representations about the products through their allegations that HP represented that the products are capable of scanning and faxing while omitting that they would not perform these functions if low on ink. At this stage, these allegations are sufficient.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that HP's motion to dismiss Plaintiffs' claims is DENIED. However, HP's motion to strike Plaintiffs' request for equitable restitution or money damages under the MDTPA is GRANTED.


Dated:  August 10, 2023

_____

BETH LABSON FREEMAN
United States District Judge