1  MORGAN, LEWIS & BOCKIUS LLP
   Molly Moriarty Lane, Bar No. 149206
2  molly.lane@morganlewis.com
   Phillip J. Wiese, Bar No. 291842
3  phillip.wiese@morganlewis.com
   Christina Chen, Bar No. 294921
4  christina.chen@morganlewis.com
   One Market, Spear Street Tower
5  San Francisco, CA  94105-1596
   Tel:    +1.415.442.1000
6  Fax:    +1.415.442.1001

7  Attorneys for Defendant
   HP INC.

8

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12                         **SAN JOSE DIVISION**

13

14  GARY FREUND and WAYNE MCMATH,          Case No. 5:22-cv-03794-BLF
    individually and on behalf of all others
15  similarly situated,                       **DEFENDANT'S ANSWER TO FIRST
                                               AMENDED COMPLAINT**
16               Plaintiff,

17         vs.                                **DEMAND FOR JURY TRIAL**

18  HP INC., d/b/a HP COMPUTING AND
    PRINTING INC., Delaware corporation,
19
                 Defendant.
20

21         Defendant HP Inc., d/b/a HP Computing and Printing Inc. (collectively, "HP" or

22  "Defendant"), by and through their undersigned counsel, hereby submit this Answer and

23  Defenses to Plaintiffs' First Amended Complaint (the "Complaint").

24                            **INTRODUCTION**

25         **ANSWER NO. 1:**      The allegations of Paragraph 1 purport to quote form or

26  characterize a third party article, which speaks for itself, and Defendant denies as stated the

27  allegations in paragraph 1, and puts Plaintiffs to its proof on each and every one of its allegations

28  in Paragraph 1 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

**ANSWER NO. 2:**     The allegations of Paragraph 2 purport to quote form or characterize a third party article, which speaks for itself, and Defendant denies as stated the allegations in Paragraph 2, and puts Plaintiffs to its proof on each and every one of its allegations in Paragraph 2 of the Complaint.

**ANSWER NO. 3:**     Defendant admits that its All-in-One printers can print, scan, copy, and depending on the model, fax documents.  To the extent that the allegations in Paragraph 3 purport to characterize statements on an HP website, that website speaks for itself.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

**ANSWER NO. 4:**     The allegations of Paragraph 4 purport to quote from and characterize statements on a website, which website speaks for itself.  Defendant denies the mischaracterizations of the quoted language and denies the remaining allegations in Paragraph 4 of the Complaint.

**ANSWER NO. 5:**     Denied.

**ANSWER NO. 6:**     Denied.

**ANSWER NO. 7:**     Denied.

**ANSWER NO. 8:**     Denied.

**ANSWER NO. 9:**     Defendant admits that the Complaint purports to allege class claims against Defendant but denies that this action is appropriately brought as a class action.  Defendant denies that Plaintiffs are entitled to any relief whatsoever.  Defendant contends that the remaining allegations regarding Defendant "intentionally" manipulating the functionality of its "All in One" Printers  subsequent "misleading" advertising constitute conclusions of law and/or legal arguments, and merely recite the nature of the relief that Plaintiffs seek against Defendant, and therefore no admission or denial is therefore necessary.  To the extent a response is required, Defendant denies the remaining allegations of the paragraph.

## THE PARTIES

**ANSWER NO. 10:**     Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 10 of the Complaint, and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

1    **ANSWER NO. 11:**    Defendant lacks sufficient knowledge or information to admit or

2    deny the truth of the allegations contained in Paragraph 11 of the Complaint, and, therefore,

3    denies them.

4    **ANSWER NO. 12:**    Defendant admits that its financial reports are publicly available

5    and that those reports speak for themselves.

6    **ANSWER NO. 13:**    Defendant admits that it maintains offices located at 1501 Page Mill

7    Road, Palo Alto, California.  Defendant admits that it is and was, at all relevant times mentioned

8    in the Complaint, a Delaware corporation doing business in the State of California.

9    **ANSWER NO. 14:**    Defendant admits that it markets and sells personal computers,

10   printers, and other products to consumers in the United States through its website.  Defendant also

11   admits that it authorizes certain entities to sell its products.  Defendant denies the remaining

12   allegations in Paragraph 14 of the Complaint.

13   **JURISDICTION AND VENUE**

14   **ANSWER NO. 15:**    Paragraph 15 states legal conclusions to which no response is

15   required.

16   **ANSWER NO. 16:**    Paragraph 16 states legal conclusions to which no response is

17   required.

18   **ANSWER NO. 17:**    Defendant admits that venue is proper under at least 28 U.S.C. §

19   1391(b)(1).  HP further admits that it transacts business throughout California and the United

20   States, including in this District.

21   **COMMON FACTUAL ALLEGATIONS**

22   **A.    HP's All-in-One Printers**

23   **ANSWER NO. 18:**    Defendant admits the allegations in Paragraph 18 of the Complaint.

24   **ANSWER NO. 19:**    Defendant admits it is an industry leader in the manufacturing and

25   selling of personal inkjet printing devices. Defendant admits that its financial reports are publicly

26   available and that those reports speak for themselves.  Defendant further admits that the website

27   referenced in in the Complaint, which purports to contain information regarding Defendant's

28   shipments and market share, speaks for itself, and HP denies any mischaracterization of or by it.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                          DEFENDANT'S ANSWER TO FIRST
                           AMENDED COMPLAINT

**ANSWER NO. 20:**   Defendant admits that Plaintiffs purport to assert claims related to the following All-in-One Printer models: (i) HP Deskjet 2755e; (ii) HP DeskJet 3755; (iii) HP DeskJet 4155e; (iv) HP ENVY 6055e; (v) HP ENVY 6075; (vi) HP ENVY 6455e; (vii) HP ENVY Pro 6475; (viii) HP OfficeJet 250 Mobile; (ix) HP OfficeJet Pro 7740 Wide Format and (x) HP OfficeJet Pro 8025, (xi) HP DeskJet 2622, (xii) HP DeskJet 2655, but deny that Plaintiffs have standing to assert claims as to all such models. Defendant admits that its All-in-One Printers alerts consumers when the printer is low or out of ink, or when the ink cartridge is missing or damaged. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

**ANSWER NO. 21:**   The allegations of Paragraph 21 purport to characterize and quote from statements on the HP website, which speaks for itself and Defendant denies the mischaracterization of the quoted language. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

**ANSWER NO. 22:**   Defendant admits that its printers, including the All-in-One printer options, are available on the websites referenced in the Complaint.  Defendant admits that the technical specifications for its All-in-One printers are available on its website, but without specific reference to a specific product listing, website, date or other information, Defendant lacks sufficient knowledge and information to admit or deny the truth of the remaining allegations in Paragraph 22 of the Complaint and, therefore, denies them.

**ANSWER NO. 23:**   Denied.

**ANSWER NO. 24:**   Defendant admits that it stated the functionalities of the All-in-One Printers on the product packaging for each device, including the ENVY 6455e All-in-One Printer, which product packaging speaks for itself. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

**ANSWER NO. 25:**   The allegations of Paragraph 25 purport to characterize statements on a website, which website speaks for itself, and HP denies any mischaracterization of or by it. Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding data compiled from Amazon's site and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

**ANSWER NO. 26:**   Without a specific listing identified, Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding data compiled from Amazon's site and, therefore, denies them.

**ANSWER NO. 27:**   Defendant denies the premise of the allegations in Paragraph 27 that "to scan or to fax documents, the ink cartridges (necessary for printing and copying) must not be depleted or damaged," and, as such, denies the allegations of Paragraph 27 of the Complaint.

**B.     The All-in-One Printers Are Manufactured, Packaged, Marketed and Sold With Scanning and Faxing Capabilities Which are Tied to the Availability of Ink in the Devices**

**ANSWER NO. 28:**   Denied.

**ANSWER NO. 29:**   Denied.

**ANSWER NO. 30:**   Defendant admits that the website referenced in Paragraph 29 of the Complaint, which purports to contain a post on its community website, speaks for itself, but denies any mischaracterization of it and put Plaintiff to its proof that the post was by an "HP employee" or that it is relevant to any printer model or any time period at issue in the Amended Complaint. Defendant denies remainder of the allegations contained in Paragraph 30 of the Complaint.

**ANSWER NO. 31:**   Denied.

**ANSWER NO. 32:**   Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding design, package, market and sale all multifunctional printers not manufactured by Defendant. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

**ANSWER NO. 33:**   Denied.

**C.     HP's Design of its All-In-One Ink Jet Printers Is Intended to Increase Ink Sales**

**ANSWER NO. 34:**   Defendant denies the false premise of the allegations in Paragraph 34, *i.e.*, denies that HP sells All-in-One printers that tie scan or fax capability to ink, and denies the allegations contained in Paragraph 34 of the Complaint.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

5

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

1   **ANSWER NO. 35:**   Defendant admits that its financial reports are publicly available

2   and that those reports speak for themselves.  Defendant also admits that the articles referenced in

3   Paragraph 35 of the Complaint speak for themselves and deny any mischaracterization by or of

4   them, and put Plaintiff to their proof on any fact alleged in Paragraph 35.

5   **ANSWER NO. 36:**   Defendant admits that the articles referenced in Paragraph 36 of the

6   Complaint speak for themselves and deny any mischaracterization of or by them, and put

7   Plaintiffs to their proof on any fact alleged in Paragraph 36.

8   **ANSWER NO. 37:**   Defendant admits that the article referenced in Paragraph 37 of the

9   Complaint speaks for itself and denies any mischaracterization or of by it and puts Plaintiffs to

10   their proof on any fact alleged in Paragraph 37.

11   **ANSWER NO. 38:**   Denied.

12   **ANSWER NO. 39:**   The allegations in Paragraph 39 of the Complaint are

13   incomprehensible and, as a result, Defendant denies them.

14   **EXPERIENCE OF REPRESENTATIVE PLAINTIFFS**

15   *Plaintiff Gary Freund*

16   **ANSWER NO. 40:**   Defendant lacks sufficient knowledge or information to admit or

17   deny the truth of the allegations contained in Paragraph 40 of the Complaint, and, therefore,

18   denies such allegations.

19   **ANSWER NO. 41:**   Defendant lacks sufficient knowledge or information to admit or

20   deny the truth of the allegations contained in Paragraph 41 of the Complaint, and, therefore,

21   denies such allegations.

22   **ANSWER NO. 42:**   Plaintiffs do not identify any representation or location of any such

23   representation, and thus the allegations in Paragraph 42 are insufficient pled and, on that basis

24   Defendant denies that it made the unidentified representations. Defendant admits that the HP

25   Envy 6455e All-in-One Wireless Color Printer is capable of scanning and denies that scanning

26   will not work if ink cartridge levels are low or depleted. Defendant denies the remaining

27   allegations in Paragraph 42 of the Complaint.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

**ANSWER NO. 43:**   Plaintiffs do not identify any particular images, location, or other posting by HP on Amazon and, therefore, Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding what was advertised on Amazon. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

**ANSWER NO. 44:**   To the extent the allegations in Paragraph 44 allege that the HP Envy 6455e cannot scan if ink is low or depleted, Defendant denies the allegations.  To the extent that the allegations of Paragraph 44 purport to characterize the box packaging for the HP Envy 6455e, that box packaging speaks for itself.  Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

**ANSWER NO. 45:**   Defendant denies that any inability by Plaintiff Freund to scan was due to ink levels.  As to Plaintiff Freund's claims about what he purports to have discovered, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 45 of the Complaint, and, therefore, denies them.

**ANSWER NO. 46:**   Denied.

**ANSWER NO. 47:**   To the extent that the allegations of Paragraph 47 purport to allege that the HP All-in-One Printer model Plaintiff Freund alleges he purchased requires ink to scan, Defendant denies the allegations of Paragraph 47.  As to whether Plaintiff Freund would have purchased a printer or what he would have paid for it if the facts were other than they are, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 47 of the Complaint, and, therefore, denies them.

**ANSWER NO. 48:**   To the extent that the allegations of Paragraph 48 purport to allege that the HP All-in-One Printer model Plaintiff Freund alleges he purchased requires ink to scan, Defendant denies the allegations of paragraph 48. As to whether Plaintiff Freund would buy another HP All-in-One Printer in the future, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 48 of the Complaint, and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

*Plaintiff Wayne McMath*

**ANSWER NO. 49:**   Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 49 of the Complaint, and, therefore, denies such allegations.

**ANSWER NO. 50:**   Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations regarding the circumstances of McMath's purchase contained in Paragraph 50 of the Complaint, and, therefore, denies such allegations.

**ANSWER NO. 51:**   To the extent that the allegations of Paragraph 51 purport to allege that the HP All-in-One Printer model Plaintiff McMath alleges he purchased requires ink to scan, Defendant denies the allegations of Paragraph 51. To the extent that the allegations of Paragraph 51 purport to quote from or characterize websites or documents, those speak for themselves. Defendant denies the remaining allegations contained in Paragraph 51 of the Complaint.

**ANSWER NO. 52:**   The allegations of Paragraph 52 do not identify any particular image or images and, therefore, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 52 of the Complaint, and, therefore, denies them.

**ANSWER NO. 53:**   To the extent that the allegations of Paragraph 53 purport to characterize box packaging, such box packaging speaks for itself. To the extent the allegations of Paragraph 53 alleges that the HP Deskjet 2655 All-in-One Compact Printer will not scan if the ink levels are low or depleted, Defendant denies the allegations. Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

**ANSWER NO. 54:**   Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 54 of the Complaint, and, therefore, denies them.

**ANSWER NO. 55:**   Denied.

**ANSWER NO. 56:**   To the extent that the allegations of paragraph 56 purport to allege that the HP All-in-One Printer model Plaintiff McMath alleges he purchased requires ink to scan, Defendant denies the allegations of paragraph 56. As to whether Plaintiff McMath would have purchased a printer or what he would have paid for it if the facts were other than they are,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 56 of the Complaint and, therefore, denies them.

**ANSWER NO. 57:**   Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 57 of the Complaint, and, therefore, denies them.

**CLASS ACTION ALLEGATIONS**

**ANSWER NO. 58:**   Defendant admits that Plaintiffs purport to bring this action as a class action on behalf of themselves and all other others similarly situated, for a class defined as all persons that purchased an HP All-in-One Printer, in the United States, for personal/household use, at any time within the applicable statute of limitations. Except as expressly admitted, Defendant denies the allegations in Paragraph 58 of the Complaint, denies that certification of any proposed class is appropriate, and denies that this matter is appropriate for class adjudication.

**ANSWER NO. 59:**   Defendant admits that Freund purports to bring this action as a class action on behalf of themselves and all other others similarly situated, for a California subclass defined as all persons that purchased an HP All-in-One Printer, residing in California, for personal/household use, at any time within the applicable statute of limitations. Except as expressly admitted, Defendant denies the allegations in Paragraph 59 of the Complaint, denies that certification of the proposed California subclass or any class is appropriate, and denies that this matter is appropriate for class adjudication.

**ANSWER NO. 60:**   Defendant admits that McMath purports to bring this action as a class action on behalf of themselves and all other others similarly situated, for a class defined as all persons that purchased an HP All-in-One Printer, residing in Minnesota, for personal/household use, at any time within the applicable statute of limitations. Except as expressly admitted, Defendant denies the allegations in Paragraph 60 of the Complaint, denies that certification of the proposed Minnesota subclass or any class is appropriate, and denies that this matter is appropriate for class adjudication.

**ANSWER NO. 61:**   Defendant admits that Plaintiffs purport exclude these class members from the Complaint, but denies that certification of any class is appropriate.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

9

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

1    **ANSWER NO. 62:**    Paragraph 62 states legal conclusions to which no response is
2    required.

3    **ANSWER NO. 63:**    Defendant contends that the allegations contained in Paragraph 63
4    state legal conclusions to which no response is required.  To the extent a response is required,
5    Defendant denies this matter is appropriate for class certification and denies each and every
6    allegation contained therein.

7    **ANSWER NO. 64:**    Defendant contends that the allegations contained in Paragraph 64
8    and all its subparts state legal conclusions to which no response is required.  To the extent a
9    response is required, Defendant denies this matter is appropriate for class certification and denies
10   each and every allegation contained therein.

11   **ANSWER NO. 65:**    Defendant contends that the allegations contained in Paragraph 65
12   state legal conclusions to which no response is required.  To the extent a response is required,
13   Defendant denies this matter is appropriate for class certification and denies each and every
14   allegation contained therein.

15   **ANSWER NO. 66:**    Defendant contends that the allegations contained in Paragraph 66
16   state legal conclusions to which no response is required.  To the extent a response is required,
17   Defendant denies this matter is appropriate for class certification and denies each and every
18   allegation contained therein.

19   **ANSWER NO. 67:**    Defendant contends that the allegations contained in Paragraph 67
20   state legal conclusions to which no response is required.  To the extent a response is required,
21   Defendant denies this matter is appropriate for class certification and denies each and every
22   allegation contained therein.

23   **ANSWER NO. 68:**    Defendant contends that the allegations contained in Paragraph 68
24   state legal conclusions to which no response is required.  To the extent a response is required,
25   Defendant denies this matter is appropriate for class certification and denies each and every
26   allegation contained therein.

27   **ANSWER NO. 69:**    Defendant contends that the allegations contained in Paragraph 69
28   state legal conclusions to which no response is required.  To the extent a response is required,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

1   Defendant denies this matter is appropriate for class certification and denies each and every

2   allegation contained therein.

3                                    **CAUSES OF ACTION**

4                                          **COUNT I**
                                      **FRAUDULENT OMISSION**
5                            **(On behalf of Plaintiffs & the Nationwide Class)**

6          **ANSWER NO. 70:**     No responsive pleading is required for the allegations in Paragraph

7   70 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding

8   paragraphs as if fully set forth herein.

9          **ANSWER NO. 71:**     Denied.

10          **ANSWER NO. 72:**     Denied.

11          **ANSWER NO. 73:**     To the extent that the allegations of Paragraph 73 allege that HP

12   failed to disclose information about or falsely advertised the convenience or functionality of its

13   All-in-One Printers, the allegations are insufficiently pled, and Defendant denies the allegations

14   of Paragraph 73. Defendant lacks sufficient information regarding allegations about undisclosed

15   "consumers'" motivations, state of mind and/or actions and, therefore, denies them.

16          **ANSWER NO. 74:**     The allegations of Paragraph 74 do not identify any advertisements

17   in particular and to the extent they purport to characterize such unidentified advertisements, they

18   are insufficiently pled and any such advertisements speak for themselves. Further, Defendant

19   contends that all allegations contained in Paragraph 74 of the Complaint constitute conclusions of

20   law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a

21   response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

22          **ANSWER NO. 75:**     To the extent the allegations of Paragraph 75 allege that the All-in-

23   One printer models listed in the Amended Complaint did not function as advertised, Defendant

24   denies the allegations of Paragraph 75. To the extent the allegations of Paragraph 75 speak to

25   Plaintiffs' and unidentified proposed class members' motives, state of mind and/or actions,

26   Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations

27   contained in Paragraph 75 of the Complaint, and, therefore, denies such allegations.

28          **ANSWER NO. 76:**     Denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11                                  DEFENDANT'S ANSWER TO FIRST
                                        AMENDED COMPLAINT

1

2

3

## COUNT II
**California's Consumer Legal Remedies Act**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of Plaintiff Freund and California Subclass Members)**

4      **ANSWER NO. 77:**   No responsive pleading is required for the allegations in Paragraph

5   77 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding

6   paragraphs as if fully set forth herein.

7      **ANSWER NO. 78:**   Paragraph 78 of the Complaint purports to characterize a statute

8   that speaks for itself, and no response is required.  Except as expressly admitted, the remaining

9   allegations in Paragraph 78 contain conclusions of law, to which no responsive pleading is

10   required, and which are therefore denied.  To the extent a response is required, Defendant denies

11   the remaining allegations in Paragraph 78 of the Complaint.

12      **ANSWER NO. 79:**   Denied.

13      **ANSWER NO. 80:**   Denied.

14      **ANSWER NO. 81:**   Denied.

15      **ANSWER NO. 82:**   Denied.

16      **ANSWER NO. 83:**   Denied.

17      **ANSWER NO. 84:**   Defendant admits that it received a letter from Plaintiffs, the

18   contents of which speak for themselves.  Defendant denies that it did not respond to the letter

19   within the period required by the Civil Code. The remaining allegations in Paragraph 84 of the

20   Complaint contain conclusions of law, to which no responsive pleading is required, and which are

21   therefore denied. To the extent a response is required, Defendant denies the allegations in

22   paragraph 84 of the Complaint.  By way of further response, Defendant specifically denies that

23   Plaintiffs or anyone else has suffered any injury or lost money or property in any amount or at all,

24   and further denies that it has failed to fully rectify or remedy any damages caused after receipt of

25   the letter.

26

27

28

12

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

## COUNT III
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
#### Cal. Bus. & Prof. Code § 17200, *et seq.*
#### (On behalf of Plaintiff Freund and California Subclass Members)

**ANSWER NO. 85:**   No responsive pleading is required for the allegations in Paragraph 85 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**ANSWER NO. 86:**   Paragraph 86 of the Complaint purports to characterize a statute that speaks for itself, and no response is required.  The remaining allegations in Paragraph 86 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 86 of the Complaint.

**ANSWER NO. 87:**   Paragraph 87 of the Complaint purports to characterize a statute that speaks for itself, and no response is required.  The remaining allegations in Paragraph 87 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.

**ANSWER NO. 88:**   Denied.

**ANSWER NO. 89:**   Denied.

**ANSWER NO. 90:**   Denied.

**ANSWER NO. 91:**   Denied.

**ANSWER NO. 92:**   Denied.

**ANSWER NO. 93:**   Denied.

**ANSWER NO. 94:**   Denied.

**ANSWER NO. 95:**   Denied.

**ANSWER NO. 96:**   Denied.

**ANSWER NO. 97:**   Denied.

**ANSWER NO. 98:**   Denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

**ANSWER NO. 99:** Paragraph 99 of the Complaint purports to characterize a statute that speaks for itself, and no response is required. The remaining allegations in Paragraph 99 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, Defendant denies the allegations in Paragraph 99 of the Complaint.

**ANSWER NO. 100:** Paragraph 100 of the Complaint purports to characterize a statute that speaks for itself, and no response is required. The remaining allegations in Paragraph 100 contain conclusions of law, to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, Defendant denies the allegations in Paragraph 100 of the Complaint.

**ANSWER NO. 101:** The allegations in Paragraph 101 of the Complaint contain conclusions of law, to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in Paragraph 101 of the Complaint and, therefore, denies them.

**COUNT IV**
**VIOLATIONS OF CALIFORNIA'S FALSE**
**ADVERTISING LAW, CAL. BUS. & PROF. CODE § 17500, *ET SEQ.***
**(ON BEHALF OF PLAINTIFF FREUND & THE CALIFORNIA SUBCLASS)**

**ANSWER NO. 102:** No responsive pleading is required for the allegations in Paragraph 102 of the Complaint. Defendant hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**ANSWER NO. 103:** Denied as stated. Defendant admits only that it advertises in California.

**ANSWER NO. 104:** Denied.

**ANSWER NO. 105:** Denied.

**ANSWER NO. 106:** Denied.

**ANSWER NO. 107:** To the extent that the allegations in Paragraph 107 allege that HP failed to disclose information about or falsely advertised the functionality of its All-in-One

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

printers, Defendant denies the allegations of Paragraph 107. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 107 regarding unidentified "consumers" motivations, states of mind or actions and, therefore, denies them.

**ANSWER NO. 108:**   Denied.

**ANSWER NO. 109:**   To the extent that the allegations in Paragraph 109 allege that HP omitted any material facts, they are insufficiently pled, and Defendant denies the allegations in Paragraph 109. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 109 of the Complaint as to the motives, state of mind, and/or actions of Plaintiff Freund and unidentified members of a proposed "California Subclass" and, therefore, denies them.

**ANSWER NO. 110:**   Denied.

**ANSWER NO. 111:**   Denied.

**ANSWER NO. 112:**   Denied.

**ANSWER NO. 113:**   Denied.

**ANSWER NO. 114:**   Paragraph 114 of the Complaint purports to characterize a statute that speaks for itself, and no response is required.  Except as expressly admitted, the remaining allegations in Paragraph 114 contain conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 114 of the Complaint.

**ANSWER NO. 115:**   Defendant contends that all allegations contained in Paragraph 115 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 115 of the Complaint.

**ANSWER NO. 116:**   Defendant contends that all allegations contained in Paragraph 116 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 116 of the Complaint and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

**COUNT V**
**VIOLATIONS OF MINNESOTA'S DECEPTIVE TRADE PRACTICES ACT,**
**Minn. Stat. § 325D.44, *et seq.***
**(On behalf of Plaintiff McMath and Minnesota Subclass Members)**

**ANSWER NO. 117:**  No responsive pleading is required for the allegations in Paragraph 117 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**ANSWER NO. 118:**  Denied.

**ANSWER NO. 119:**  Denied.

**ANSWER NO. 120:**  Denied.

**ANSWER NO. 121:**  Denied.

**ANSWER NO. 122:**  Denied.

**ANSWER NO. 123:**  Defendant contends that all allegations contained in Paragraph 123 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 123 of the Complaint and, therefore, denies them.

**COUNT VI**
**VIOLATIONS OF MINNESOTA'S FALSE ADVERTISING LAW,**
**MINN. STAT. § 325F.67, *ET SEQ.***
**(ON BEHALF OF PLAINTIFF MCMATH & THE MINNESOTA SUBCLASS)**

**ANSWER NO. 124:**  No responsive pleading is required for the allegations in Paragraph 124 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**ANSWER NO. 125:**  Denied.

**ANSWER NO. 126:**  Denied.

**ANSWER NO. 127:**  Denied.

**ANSWER NO. 128:**  Denied.

**ANSWER NO. 129:**  To the extent that the allegations of Paragraph 129 allege that HP failed to disclose information about or falsely advertised the convenience or functionality of the All-in-One Printers at issue in this case, Defendant denies the allegations of Paragraph 129.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

Defendant lacks sufficient information to admit or deny allegations in Paragraph 129 as to the motives, state of mind, and/or actions of unidentified "consumers" and, therefore, denies them. Defendant denies the remaining allegations in Paragraph 129 of the Complaint.

**ANSWER NO. 130:**  Denied.

**ANSWER NO. 131:**  To the extent that the allegations of Paragraph 131 allege that HP omitted any material facts, they are insufficiently pled and Defendant denies them. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 131 of the Complaint concerning the motives, state of mind, and/or actions of Plaintiff McMath or unidentified members of a proposed "Minnesota Subclass" and, therefore, denies them.

**ANSWER NO. 132:**  Denied.

**ANSWER NO. 133:**  Denied.

**ANSWER NO. 134:**  Denied.

**ANSWER NO. 135:**  Denied.

**ANSWER NO. 136:**  Defendant contends that all allegations contained in Paragraph 136 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 136 of the Complaint and, therefore, denies them.

## **AFFIRMATIVE DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery, and has not completed its preparation for trial.  The defenses asserted herein are based on Defendant's present knowledge, information, and belief, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  In addition, Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses.  Defendant therefore expressly reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that Defendant bears the burden of proof or persuasion as to any one of these

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

defenses, Defendant asserts the following separate and independent defenses to the causes of action in the Complaint. The labeling of these defenses as "Affirmative Defenses" is not a concession that they are legally affirmative defenses for which Defendant carries any burden of proof or persuasion.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, by any and all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate/Avoidable Consequences)

3.      Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because Plaintiffs and/or the others they seek to represent have not appropriately or adequately mitigated their alleged harm, if any.  Further, the damages and the sought-after penalties, if any, must be denied or reduced because Plaintiffs and the others they seek to represent have failed to take advantage of any preventative measures to otherwise avoid harm.

### FOURTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

4.      Plaintiffs' claims and/or the claims of some or all of the putative class members are barred in whole or in part because Defendant complied with its statutory obligations, and, to the extent it is determined that there was non-compliance, Defendant substantially complied with its obligations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

1

2

### FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

3    5.    Plaintiffs' claims and/or the claims of some or all of the putative class members

4  alleging unfair competition under California Business and Professions Code section 17200, *et*

5  *seq.*, are barred, in whole or in part, because Plaintiffs and each putative class member has an

6  adequate remedy at law.

7

### SIXTH AFFIRMATIVE DEFENSE

8

### (Standing)

9    6.    Plaintiffs lack standing and cannot represent the interests of others as to any

10  purported causes of action in the Complaint, or with respect to any products that Plaintiffs did not

11  purchase themselves.  In addition, Plaintiffs lack standing because they cannot establish, among

12  other things, causation, reliance, or damages suffered as a result of Defendant's representations.

13

### SEVENTH AFFIRMATIVE DEFENSE

14

### (Unclean Hands)

15    7.    Plaintiffs' claims and/or the claims of some or all of the putative class members

16  are barred, in whole or in part, by the doctrine of unclean hands.

17

### EIGHTH AFFIRMATIVE DEFENSE

18

### (Consumer Legal Remedies Act Prerequisites)

19    8.    The Complaint purports to set forth a cause of action under the Consumer Legal

20  Remedies Act and Plaintiffs have not satisfied the prerequisites for bringing and maintaining an

21  action for damages or equitable relief under that Act.

22

### NINTH AFFIRMATIVE DEFENSE

23

### (No Liability)

24    9.    The Complaint, and each purported cause of action therein, and the alleged

25  violations on which each and every purported cause of action are based, are barred, in whole or in

26  part, because Defendant has complied with and performed fully any and all obligations imposed

27  on it by law, contract, or equity, and any obligation owed to Plaintiffs has been satisfied, released,

28  or otherwise discharged.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

19

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

1  **TENTH AFFIRMATIVE DEFENSE**

2  **(Justification)**

3        10.      Defendant alleges that it engaged in conduct that was justified under the law, and

4  that Defendant always acted in full compliance with its statutory obligations and is not liable for

5  any purported injuries or claims which Plaintiff now asserts.

6  **ELEVENTH AFFIRMATIVE DEFENSE**

7  **(Laches)**

8        11.      Defendant is informed and believes, and based upon such information and belief

9  avers, that the Complaint, and each and every claim therein, is barred by the doctrine of laches, in

10  that Plaintiffs unreasonably delayed bringing the action.

11  **TWELFTH AFFIRMATIVE DEFENSE**

12  **(Estoppel)**

13        12.      Defendant is informed and believes, and based upon such information and belief

14  avers, that the Complaint, and each and every claim therein, is barred for the reason that, by their

15  actions, Plaintiffs are estopped from asserting Plaintiffs' claims and/or the claims of some or all

16  of the putative class members.

17  **THIRTEENTH AFFIRMATIVE DEFENSE**

18  **(Setoff, Offset, Recoupment)**

19        13.      Some or all of Plaintiffs' claims and/or the claims of some or all of the putative

20  class members in the Complaint seek damages that are subject to setoff, offset, and/or

21  recoupment.

22  **FOURTEENTH AFFIRMATIVE DEFENSE**

23  **(Unjust Enrichment)**

24        14.      Plaintiffs' request and/or the requests of some or all of the putative class members

25  for damages is barred because the damages they seek would result in them receiving more money

26  than they are entitled to, because, among other things, the products that Plaintiffs and the putative

27  class members purchased was worth the purchase price paid.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT

1

## RESERVATION OF RIGHTS

2          Defendant expressly reserves the right to assert such additional defenses that may prove

3   applicable during the course of this litigation.  Defendant hereby gives notice that it intends to

4   rely on such other and further defenses as may become available during discovery in this action

5   and reserves the right to amend its Answer to assert any such defenses.

6

## JURY DEMAND

7          HP demands a trial by jury of all issues so triable.

8

## PRAYER FOR RELIEF

9          WHEREFORE, Defendant prays for judgment as follows:

10          1.       That the Court denies Plaintiffs' request to certify this action as a class action;

11          2.       That Plaintiffs take nothing by reason of the Complaint and that the Complaint be

12   dismissed in its entirety with prejudice;

13          3.       That judgment be entered in favor of Defendant and against Plaintiffs on all claims

14   alleged in the Complaint;

15          4.       That Defendant be awarded its reasonable costs of suit incurred herein;

16          5.       That Defendant be awarded its reasonable attorneys' fees incurred in defending

17   this action pursuant to applicable law, and/or any other applicable statutory attorney fee

18   provision(s); and

19          6.       That the Court award Defendant such other and further relief as the Court deems

20   just and proper.

21   Dated: September 21, 2023                    MORGAN, LEWIS & BOCKIUS LLP

22

23                                                              By  /s/ *Molly Moriarty Lane*

24                                                                    Molly Moriarty Lane
                                                                     Phillip J. Wiese
25                                                                    Christina Chen

26                                                                    *Attorneys for Defendant*
                                                                     *HP Inc.*

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT