Trenton R. Kashima
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
T : (212) 946-9389
tkashima@milberg.com

[Additional counsel listed on signature page]

*Attorneys for Plaintiffs*
*and the Proposed class*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **GARY FREUND and WAYNE MCMATH,** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**HP INC.,** d/b/a **HP COMPUTING AND PRINTING INC.,** Delaware corporation,<br><br>Defendant. | Case No. 5:22-cv-03794-BLF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES IN ITS ANSWER TO THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   February 22, 2024<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 3 – 5th Floor<br>Judge: Honorable Beth L. Freeman<br><br>Date Action Filed: June 27, 2022 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 22, 2024, at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Beth L. Freeman, in Courtroom 3 of the San Jose Courthouse of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California, Plaintiffs Gary Freund and Wayne McMath will and hereby do move this Court for an order striking Defendant HP Inc.'s affirmative defenses in Defendant's Answer to Plaintiffs' Gary Freund and Wayne McMath's First Amended Complaint (ECF No. 61), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's affirmative defenses set forth in this motion should be stricken because Defendant fails to allege proper affirmative defenses and/or allege sufficient facts to meet the basic pleading requirements of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, and the complete files and records in this action, and such other argument and evidence as may be presented at or before the hearing of this matter.

Dated:  September 27, 2023

Respectfully submitted,

By:  */s/ Trenton R. Kashima*

Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 810-7047
Email: tkashima@milberg.com

Nick Suciu*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
Email: nsuciu@milberg.com

Gary Klinger*
Russell Busch*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel.:    (866) 252-0878
Email: gklinger@milberg.com
           rbusch@milberg.com

*Pro Hac Vice* Application Forthcoming

*Attorneys for Plaintiffs and the Class*

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Gary Freund and Plaintiff Wayne McMath ("Plaintiffs") respectfully submit this Motion to Strike the Affirmative Defenses within Defendant HP Inc.'s ("HP" or "Defendant") Answer (ECF No. 61) (the "Answer") to Plaintiffs' First Amended Class Action Complaint (ECF No. 43) (the "FAC").

## I.   STATEMENT OF THE ISSUES TO BE DECIDED

1. Are Defendant's First, Fifth, Sixth, Eighth, Ninth and Tenth Affirmative Defenses simply general denials improperly pled as "affirmative defenses" and redundant pursuant to Rule 12(f)?

2. Has Defendant insufficiently pled facts to support its Affirmative Defenses under the appropriate pleading standard such that their excision from Defendants' Answer is appropriate under Rule 12(f)?

3. Are Defendant's Fourth, Seventh, Eleventh, and Twelfth Affirmative Defenses legally deficient and should these Affirmative Defenses be stricken under Rule 12(f)?

## II.   INTRODUCTION

This case is about HP "All-in-One" devices (the "Products"), products touted for their convenient multifunctionality with the ability to scan, fax, copy, and print "all in one." FAC ¶¶ 65–82. The problem with the Products, however, is that HP intentionally designs them with software programmed to disable <u>all</u> functionality when the Products are low on ink, despite the fact that it requires no ink whatsoever to scan or fax a document (the "Restriction"). FAC ¶¶ 5–6, 28, 31. HP's motivation to hamstring its own products is not a mystery: the Products are sold as "loss leaders" to bolster HP's revenue from its highly lucrative ink sales. *Id.* ¶¶ 1–3, 7–8, 36. HP's representatives have admitted as much, responding to an October 2018 consumer complaint with the admission that the "HP Printer is designed in such a way that with the empty cartridge or without the cartridge printer will not function." *Id.* ¶ 30.

In response to this Complaint, Defendant adopts a shotgun approach to its affirmative defenses: just aim in the general direction of Plaintiffs' claims and hope that one of the affirmative defenses hits the mark. Defendant's zeal to pepper its Answer with every conceivable defense has resulted in

Defendant listing fourteen "affirmative" defenses based only on theories of law, but not much else.

In this instance, a significant number of Defendant's purported "affirmative defenses" are not affirmative defenses by any stretch of the term. Defendant dresses up its general denials and labels them "affirmative defenses." Other affirmative defenses simply fail as a matter of law. But, even for those affirmative defenses that do have some basis in the law, Defendant fails to support its claims with coherent factual allegations.

By asserting these threadbare and inappropriate defenses, Defendant risks sending Plaintiffs on a snipe hunt – requiring Plaintiffs to seek discovery on issues not really disputed by this lawsuit. This will serve only to needlessly prolong, delay, and complicate this case. For example, class certification requires a court to examine both a plaintiff's claims and the asserted defenses before deciding if class certification is proper. FED. R. CIV. P. 23(a)(3). The striking of insufficient affirmative defenses at this early stage allows the Court to reduce the scope of parties' future motion practice and related discovery – conserving judicial resources and preventing unnecessary litigation by the parties.

### III.  LEGAL STANDARD

A Court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Here, each of affirmative defenses pleaded by Defendant and subject to this motion is either a legally fallacious or completely devoid of any factual support; lacking any justification other than to unnecessarily muddle the litigation of this case.

### IV.  ARGUMENT

#### A.  Negative Defenses Pled as Affirmative Defenses.

Almost half of Defendant's affirmative defenses are not affirmative defenses, but are factual denials that challenge the Plaintiffs' *prima facie* case. "A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Such a defense

is merely a rebuttal against the evidence that will be presented by a plaintiff. On the other hand, "[a]n affirmative defense, under the meaning of FED. R. CIV. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.*, 1997 WL 468330, at *3 (6th Cir. 1997). It is a defense for which defendant has the burden of proof. *See, e.g., Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 492 n. 4 (9th Cir. 1988). Defendant's assertions of negative defenses as affirmative defenses add nothing to this case because "those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010) *citing Federal Trade Comm'n v. Think All Pub. L.L.C.*, 564 F.Supp.2d 663, 665 (E.D. Tex. 2008).

Defendant asserts multiple "affirmative" defenses that merely deny an element of Plaintiffs' claim. This includes Defendants':

- First Affirmative Defense (failure to state "facts sufficient to constitute a cause of action upon which relief can be granted against Defendant"),
- Fifth (Plaintiffs' "unfair competition under California Business and Professions Code section 17200, *et seq*., are barred, in whole or in part, because Plaintiffs and each putative class member has an adequate remedy at law"),
- Sixth ("Plaintiffs lack standing and cannot represent the interests of others as to any purported causes of action in the Complaint, or with respect to any products that Plaintiffs did not purchase themselves"),
- Eighth (the "Complaint purports to set forth a cause of action under the Consumer Legal Remedies Act and Plaintiffs have not satisfied the prerequisites for bringing and maintaining an action for damages or equitable relief under that Act"),
- Ninth ("The Complaint, and each purported cause of action therein, and the alleged violations on which each and every purported cause of action are based, are barred, in whole or in part, because Defendant has complied with and performed fully any and all obligations imposed on it by law, contract, or equity") and
- Tenth ("Defendant alleges that it engaged in conduct that was justified under the law,

and that Defendant always acted in full compliance with its statutory obligations and is not liable for any purported injuries or claims which Plaintiff now asserts"). *See general* Answer. Plaintiffs have the burden to prove standing, the violations of the law which they assert, and their entitlement to equitable remedies. Thus, the above-identified purported affirmative defenses should be stricken on this basis. *Barnes*, 718 F.Supp.2d at 1173-74 (Defenses such as failure to state a claim, good faith, not entitled to relief, and other attacks on the elements of plaintiff's case are not affirmative defenses).

It is also Plaintiffs that have the burden of demonstrating that the putative class satisfies the requirements of Federal Rule of Civil Procedure 23 as well. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Defendant's Sixth Affirmative Defense ("Plaintiffs… cannot represent the interests of others as to any purported causes of action in the Complaint, or with respect to any products that Plaintiffs did not purchase themselves")) is only a denial of Plaintiffs' class allegations and not an affirmative defense and it is improper to plead it as such. *Barnes*, 718 F.Supp.2d at 1174 ("[T]o the extent any of AT&T's affirmative defenses are set forth in order to seek… to preclude class certification, those defenses should be stricken.")

The striking of these infirm "affirmative" defenses prevents the Defendant from distracting the Court with a number of redundant and immaterial matters at class certification, or upon consideration of a dispositive motion. FED. R. CIV. P. 12(f).

### B. Defenses That Are Wholly Conclusory And Hypothetical

Numerous courts within the Northern District have uniformly found the pleading standard of particularity and specificity that applies to Plaintiffs' Complaint also applies to Defendant's affirmative defenses.[1] "[D]efendant bears the burden of proof on an affirmative defense, as the

---

[1] *See, e.g., Powertech Tech., Inc. v. Tessera. Inc.*, 2012 WL 1746848 at *4 (N.D. Cal. 2012) ("Within the Northern District of California, it appears that the judges who have decided the issue thus far have uniformly found that the *Twombly* and *Iqbal* standard does apply to affirmative defenses."); *Martinez v. Cty. of Sonoma*, No. 15-CV-01953-JST, 2016 WL 1275402, at *1 (N.D. Cal. Apr. 1, 2016) ("Although the Ninth Circuit has not addressed whether the *Twombly/Iqbal* heightened pleading standard applies to motions to strike affirmative defenses, the Court agrees with the many judges in this district who have found that the *Twombly/Iqbal* standard applies."); *Barnes,* 718 F.Supp.2d at 1172 ("The court finds the reasoning of the courts that have applied the heightened pleading standard persuasive."); *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (same).

1   plaintiff does on a claim for relief." *See Powertech Tech., Inc.*, 2012 WL 1746848, at *4. "[A]pplying
2   the [same pleading standard] to affirmative defenses serves a valid purpose in requiring at least some
3   valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some
4   conjecture that it may somehow apply." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D.
5   Kan. 2009) *accord Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL
6   1029425, at *7 (N.D. Cal. Mar. 26, 2012).

7   Consequently, the Court only accepts Defendant's well-pleaded facts as true but does not
8   accept conclusory allegations or mere conclusions of law. *Protegrity USA, Inc. v. Netskope, Inc.*, 2015
9   WL 6126599, at *2 (N.D. Cal. Oct. 19, 2015) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).
10  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause
11  of action will not do.'" *Iqbal*, 556 U.S. at 678.  A defendant's "factual allegations must be enough to
12  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
13  (2007).

14  Each of Defendant's fourteenth affirmative defenses presents nothing more than an
15  unsupported recital of a legal theory. *See generally* Answer.  assert the name of a legal doctrine, but
16  plead no factual basis regarding why these doctrines are applicable.  *See generally,* Answer.
17  Specifically, Defendant's:

18  • Second Affirmative Defense (Statute of Limitations),
19  • Third Affirmative Defense (Failure to Mitigate/Avoidable Consequences),
20  • Seventh Affirmative Defense (Unclean Hands),
21  • Eleventh Affirmative Defense (Laches),
22  • Twelfth Affirmative Defense (Estoppel),
23  • Thirteenth Affirmative Defense (Setoff, Offset, Recoupment), and
24  • Fourteenth Affirmative Defense (Unjust Enrichment)

25  For example, Defendant does not state: what claims are subject to what statute of limitations (or what
26  injury occurred before this point); how Plaintiffs failed to mitigate their damages (or what action they
27  should have reasonably taken); what wrongful or unethical actions Plaintiffs took which bar them from
28  any recovery; how Plaintiffs delayed their claim or how such delay prejudices Defendant; how

Plaintiffs are estopped based on previous representations or acts; or what sums are owed by Plaintiffs to Defendant or how Plaintiffs have been unjustly enriched.

Failing to identify the factual basis for an affirmative defense is a sound basis for striking that defense.  *See G & G Closed Circuit Events, LLC v. Nguyen*, No. 5:12-CV-03068 EJD, 2013 WL 2558151, at *4 (N.D. Cal. June 10, 2013) (striking unclean hands, justification, and estoppel affirmative defenses for failing to provide fair notice).

For each affirmative defense it asserts, Defendant's Answer does not even list the elements associated with many of its purported defenses, let alone pled facts sufficient to satisfy these elements.  *Id.*  Defendant's parroting of a legal doctrine "without providing any information about the grounds upon which the defenses rest" is insufficient under *Twombly* and *Iqbal* and does not provide Plaintiffs with "fair notice" of Defendant's claims.  *Powertech Tech., Inc.*, 2012 WL 1746848, at *5.  Thus, all of these affirmative defenses are purely "speculative" and should be stricken.  *Twombly*, 550 U.S. at 555.

This is not to say that Defendant may never raise these affirmative defenses.  Should Defendant become able to articulate a factual basis to assert the above defenses, it can amend its answer pursuant to Federal Rule of Civil Procedure 15(a)(2) .  *Barnes*, 718 F.Supp.2d at 1173 ("To the extent that this order [striking defenses] prevents the defendant from alleging affirmative defenses… the court will grant leave to the defendant to amend its answer at such time as the defendant becomes aware of [such] facts… provided that defendant exercises diligence in determining such facts.")  Defendant, however, cannot plead hypothetical affirmative defenses based on facts that it hopes it will find.  *See Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 630 (E.D. Cal. 2014) ("This defense, purely hypothetical and supported by no factual basis, risks sending plaintiffs on a fishing expedition.")  "Defendants are either entitled to raise additional defenses at a later time or are not; their attempt to reserve their rights to do so is a legal nullity."  *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 668-69 (S.D. Cal. 2014).

### C. Defenses That Fail As A Matter Of Law

Finally, even if Defendant's affirmative defenses pled sufficient factual support, Defendant's ***Fourth*** (Substantial Compliance), ***Seventh*** (Unclean Hands), ***Eleventh*** (Laches), and ***Twelfth***

(Estoppel) Affirmative Defense are legally deficient.

Plaintiffs are unaware of any cases that suggest that the "Substantial Compliance" doctrine is a defense to the consumer protection statutes or tort claim pleaded in their First Amended Complaint. In support of its "Substantial Compliance" defense, Defendant asserts that "Plaintiffs' claims and/or the claims of some or all of the putative class members are barred in whole or in part because Defendant complied with its statutory obligations, and, to the extent it is determined that there was non-compliance, Defendant substantially complied with its obligations." Answer, p. 18. While it is not clear, Plaintiffs assume that Defendant is referring to its statutory obligations not to deceive customers under Cal. Bus. & Prof. Code §§ 17200, *et seq*., Cal. Bus. & Prof. Code §§ 17500, *et seq*., Cal. Civ. Code §§ 1750, *et seq*., Minn. Stat. §§ 325D.44, *et seq*., and Minn. Stat. § 325F.67, *et seq*. But the "Substantial Compliance" defense only applies to mere technical violations of a statute. *See Fed. Trade Comm'n v. EDebitPay, LLC*, No. CV-07-4880 ODW AJWX, 2011 WL 486260, at *11 (C.D. Cal. Feb. 3, 2011) ("To succeed on a defense of substantial compliance, Defendants must show both that (1) they made 'every reasonable effort' to comply with the Final Order; and (2) that their violations were merely technical."). Here, the duty not to misrepresent a product to a consumer is not a "merely technical" violation.

Additionally, the doctrine of "Unclean Hands" is not a defense to either legal or equitable claims. As courts have noted, "doctrine of refusing to aid a party with unclean hands has no application where, as here 'the failure to restrain an act because the parties are *in pari delicto* would result in permitting an act declared by statute to be void or against public policy. [Citations.]'" *Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 544 (2008); *Foy v. Klapmeier*, 992 F.2d 774, 779 (8th Cir. 1993) ("Equitable proceedings are to be governed by equitable principles. Under Minnesota law, the doctrine of unclean hands will be invoked only to deny equitable relief to a party whose conduct has been unconscionable… ."). Similarly, equitable defenses, such as "unclean hands," may be considered when the trial court exercises its discretion to fashion an equitable remedy, but is generally not as a complete defense to a claim. *Ticconi, supra.* This is also true of other

equitable defenses, such as estoppel.[2] *See Blaser v. State Teachers' Ret. Sys.*, 86 Cal. App. 5th 507, 542 (2022), *review denied* (Mar. 15, 2023) (citing cases that both laches and estoppel are not proper defenses to legal claims, even when combined with equitable claims).

Laches is also not proper defense to a legal claim, when the statute of limitation provides the relevant period for recovery. *Id. citing Abbott v. City of Los Angeles*, 50 Cal. 2d 438, 462 (1958); *Bongard v. Bongard*, 380 N.W.2d 592, 595 (Minn.Ct.App.1986) (noting that laches is inapplicable where legal rights, provided by statute, alone are in dispute) (*citing Aronovitch v. Levy*, 238 Minn. 237, 241 (1953)). Here, Defendant's equitable claims are not suitable affirmative defenses.

## V.    CONCLUSION

For the multiple reasons stated above, Plaintiffs request that the Court strike each of Defendant's affirmative defenses in its Answer to Plaintiffs' Complaint

Dated: September 27, 2023                               Respectfully submitted,

By: */s/ Trenton R. Kashima*

Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 810-7047
Email: tkashima@milberg.com

Nick Suciu*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
Email: nsuciu@milberg.com

Gary Klinger*
Russell Busch*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

---

[2] Plaintiffs are unsure, and Defendant does not explain, what flavor of estoppel is being asserted: promissory, equitable or judicial. But, given the context, Plaintiffs assume that Defendant asserts the defense of equitable estoppel. Defendant's imprecise pleading, however, this is even more of a reason to strike the defense.

Tel.: (866) 252-0878
Email: gklinger@milberg.com
rbusch@milberg.com

John R. Parker, Jr. (SBN 257761)
**ALMEIDA LAW GROUP LLC**
3550 Watt Avenue, Suite 140
Sacramento, CA 95821
Tel.: (916) 616-2936
Email: jrparker@almeidalawgroup.com

*Pro Hac Vice* Application Forthcoming

*Attorneys for Plaintiffs and the Class*

- 9 -

MOTION TO STRIKE AFFIRMATIVE DEFENSES                    Case No: 5:22-cv-03794-BLF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 27, 2023, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on the following ECF-registered counsel of record.

/s/ Trenton R. Kashima
Trenton R. Kashima