MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane, Bar No. 149206
molly.lane@morganlewis.com
Phillip J. Wiese, Bar No. 291842
phillip.wiese@morganlewis.com
Christina Chen, Bar No. 294921
christina.chen@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
HP INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GARY FREUND and WAYNE MCMATH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HP INC., d/b/a HP COMPUTING AND PRINTING INC., Delaware corporation,<br><br>    Defendant. | Case No. 5:22-cv-03794-BLF<br><br>**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant HP Inc., d/b/a HP Computing and Printing Inc. (collectively, "HP" or "Defendant"), by and through their undersigned counsel, hereby submit this Amended Answer and Defenses to Plaintiffs' First Amended Complaint (the "Complaint").

## INTRODUCTION

**ANSWER NO. 1:**    The allegations of Paragraph 1 purport to quote form or characterize a third party article, which speaks for itself, and Defendant denies as stated the allegations in paragraph 1, and puts Plaintiffs to its proof on each and every one of its allegations in Paragraph 1 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**ANSWER NO. 2:**    The allegations of Paragraph 2 purport to quote form or characterize a third party article, which speaks for itself, and Defendant denies as stated the allegations in Paragraph 2, and puts Plaintiffs to its proof on each and every one of its allegations in Paragraph 2 of the Complaint.

**ANSWER NO. 3:**    Defendant admits that its All-in-One printers can print, scan, copy, and depending on the model, fax documents.  To the extent that the allegations in Paragraph 3 purport to characterize statements on an HP website, that website speaks for itself.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

**ANSWER NO. 4:**    The allegations of Paragraph 4 purport to quote from and characterize statements on a website, which website speaks for itself.  Defendant denies the mischaracterizations of the quoted language and denies the remaining allegations in Paragraph 4 of the Complaint.

**ANSWER NO. 5:**    Denied.

**ANSWER NO. 6:**    Denied.

**ANSWER NO. 7:**    Denied.

**ANSWER NO. 8:**    Denied.

**ANSWER NO. 9:**    Defendant admits that the Complaint purports to allege class claims against Defendant but denies that this action is appropriately brought as a class action.  Defendant denies that Plaintiffs are entitled to any relief whatsoever.  Defendant contends that the remaining allegations regarding Defendant "intentionally" manipulating the functionality of its "All in One" Printers  subsequent "misleading" advertising constitute conclusions of law and/or legal arguments, and merely recite the nature of the relief that Plaintiffs seek against Defendant, and therefore no admission or denial is therefore necessary.  To the extent a response is required, Defendant denies the remaining allegations of the paragraph.

### THE PARTIES

**ANSWER NO. 10:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 10 of the Complaint, and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**ANSWER NO. 11:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 11 of the Complaint, and, therefore, denies them.

**ANSWER NO. 12:**    Defendant admits that its financial reports are publicly available and that those reports speak for themselves.

**ANSWER NO. 13:**    Defendant admits that it maintains offices located at 1501 Page Mill Road, Palo Alto, California.  Defendant admits that it is and was, at all relevant times mentioned in the Complaint, a Delaware corporation doing business in the State of California.

**ANSWER NO. 14:**    Defendant admits that it markets and sells personal computers, printers, and other products to consumers in the United States through its website.  Defendant also admits that it authorizes certain entities to sell its products.  Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

**ANSWER NO. 15:**    Paragraph 15 states legal conclusions to which no response is required.

**ANSWER NO. 16:**    Paragraph 16 states legal conclusions to which no response is required.

**ANSWER NO. 17:**    Defendant admits that venue is proper under at least 28 U.S.C. § 1391(b)(1).  HP further admits that it transacts business throughout California and the United States, including in this District.

<u>**COMMON FACTUAL ALLEGATIONS**</u>

**A.    HP's All-in-One Printers**

**ANSWER NO. 18:**    Defendant admits the allegations in Paragraph 18 of the Complaint.

**ANSWER NO. 19:**    Defendant admits it is an industry leader in the manufacturing and selling of personal inkjet printing devices. Defendant admits that its financial reports are publicly available and that those reports speak for themselves.  Defendant further admits that the website referenced in in the Complaint, which purports to contain information regarding Defendant's shipments and market share, speaks for itself, and HP denies any mischaracterization of or by it.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**ANSWER NO. 20:**    Defendant admits that Plaintiffs purport to assert claims related to the following All-in-One Printer models: (i) HP Deskjet 2755e; (ii) HP DeskJet 3755; (iii) HP DeskJet 4155e; (iv) HP ENVY 6055e; (v) HP ENVY 6075; (vi) HP ENVY 6455e; (vii) HP ENVY Pro 6475; (viii) HP OfficeJet 250 Mobile; (ix) HP OfficeJet Pro 7740 Wide Format and (x) HP OfficeJet Pro 8025, (xi) HP DeskJet 2622, (xii) HP DeskJet 2655, but deny that Plaintiffs have standing to assert claims as to all such models. Defendant admits that its All-in-One Printers alerts consumers when the printer is low or out of ink, or when the ink cartridge is missing or damaged. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

**ANSWER NO. 21:**    The allegations of Paragraph 21 purport to characterize and quote from statements on the HP website, which speaks for itself and Defendant denies the mischaracterization of the quoted language. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

**ANSWER NO. 22:**    Defendant admits that its printers, including the All-in-One printer options, are available on the websites referenced in the Complaint.  Defendant admits that the technical specifications for its All-in-One printers are available on its website, but without specific reference to a specific product listing, website, date or other information, Defendant lacks sufficient knowledge and information to admit or deny the truth of the remaining allegations in Paragraph 22 of the Complaint and, therefore, denies them.

**ANSWER NO. 23:**    Denied.

**ANSWER NO. 24:**    Defendant admits that it stated the functionalities of the All-in-One Printers on the product packaging for each device, including the ENVY 6455e All-in-One Printer, which product packaging speaks for itself. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

**ANSWER NO. 25:**    The allegations of Paragraph 25 purport to characterize statements on a website, which website speaks for itself, and HP denies any mischaracterization of or by it. Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding data compiled from Amazon's site and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**ANSWER NO. 26:**    Without a specific listing identified, Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding data compiled from Amazon's site and, therefore, denies them.

**ANSWER NO. 27:**    Defendant denies the premise of the allegations in Paragraph 27 that "to scan or to fax documents, the ink cartridges (necessary for printing and copying) must not be depleted or damaged," and, as such, denies the allegations of Paragraph 27 of the Complaint.

**B.    The All-in-One Printers Are Manufactured, Packaged, Marketed and Sold With Scanning and Faxing Capabilities Which are Tied to the Availability of Ink in the Devices**

**ANSWER NO. 28:**    Denied.

**ANSWER NO. 29:**    Denied.

**ANSWER NO. 30:**    Defendant admits that the website referenced in Paragraph 29 of the Complaint, which purports to contain a post on its community website, speaks for itself, but denies any mischaracterization of it and put Plaintiff to its proof that the post was by an "HP employee" or that it is relevant to any printer model or any time period at issue in the Amended Complaint. Defendant denies remainder of the allegations contained in Paragraph 30 of the Complaint.

**ANSWER NO. 31:**    Denied.

**ANSWER NO. 32:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding design, package, market and sale all multifunctional printers not manufactured by Defendant. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

**ANSWER NO. 33:**    Denied.

**C.    HP's Design of its All-In-One Ink Jet Printers Is Intended to Increase Ink Sales**

**ANSWER NO. 34:**    Defendant denies the false premise of the allegations in Paragraph 34, *i.e.*, denies that HP sells All-in-One printers that tie scan or fax capability to ink, and denies the allegations contained in Paragraph 34 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**ANSWER NO. 35:**    Defendant admits that its financial reports are publicly available and that those reports speak for themselves.  Defendant also admits that the articles referenced in Paragraph 35 of the Complaint speak for themselves and deny any mischaracterization by or of them, and put Plaintiff to their proof on any fact alleged in Paragraph 35.

**ANSWER NO. 36:**    Defendant admits that the articles referenced in Paragraph 36 of the Complaint speak for themselves and deny any mischaracterization of or by them, and put Plaintiffs to their proof on any fact alleged in Paragraph 36.

**ANSWER NO. 37:**    Defendant admits that the article referenced in Paragraph 37 of the Complaint speaks for itself and denies any mischaracterization or of by it and puts Plaintiffs to their proof on any fact alleged in Paragraph 37.

**ANSWER NO. 38:**    Denied.

**ANSWER NO. 39:**    The allegations in Paragraph 39 of the Complaint are incomprehensible and, as a result, Defendant denies them.

**EXPERIENCE OF REPRESENTATIVE PLAINTIFFS**

*Plaintiff Gary Freund*

**ANSWER NO. 40:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 40 of the Complaint, and, therefore, denies such allegations.

**ANSWER NO. 41:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 41 of the Complaint, and, therefore, denies such allegations.

**ANSWER NO. 42:**    Plaintiffs do not identify any representation or location of any such representation, and thus the allegations in Paragraph 42 are insufficient pled and, on that basis Defendant denies that it made the unidentified representations. Defendant admits that the HP Envy 6455e All-in-One Wireless Color Printer is capable of scanning and denies that scanning will not work if ink cartridge levels are low or depleted. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

6

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**ANSWER NO. 43:** Plaintiffs do not identify any particular images, location, or other posting by HP on Amazon and, therefore, Defendant lacks sufficient knowledge or information to admit or deny the truth of Plaintiffs' allegations regarding what was advertised on Amazon. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

**ANSWER NO. 44:** To the extent the allegations in Paragraph 44 allege that the HP Envy 6455e cannot scan if ink is low or depleted, Defendant denies the allegations. To the extent that the allegations of Paragraph 44 purport to characterize the box packaging for the HP Envy 6455e, that box packaging speaks for itself. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

**ANSWER NO. 45:** Defendant denies that any inability by Plaintiff Freund to scan was due to ink levels. As to Plaintiff Freund's claims about what he purports to have discovered, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 45 of the Complaint, and, therefore, denies them.

**ANSWER NO. 46:** Denied.

**ANSWER NO. 47:** To the extent that the allegations of Paragraph 47 purport to allege that the HP All-in-One Printer model Plaintiff Freund alleges he purchased requires ink to scan, Defendant denies the allegations of Paragraph 47. As to whether Plaintiff Freund would have purchased a printer or what he would have paid for it if the facts were other than they are, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 47 of the Complaint, and, therefore, denies them.

**ANSWER NO. 48:** To the extent that the allegations of Paragraph 48 purport to allege that the HP All-in-One Printer model Plaintiff Freund alleges he purchased requires ink to scan, Defendant denies the allegations of paragraph 48. As to whether Plaintiff Freund would buy another HP All-in-One Printer in the future, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 48 of the Complaint, and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

*Plaintiff Wayne McMath*

**ANSWER NO. 49:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 49 of the Complaint, and, therefore, denies such allegations.

**ANSWER NO. 50:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations regarding the circumstances of McMath's purchase contained in Paragraph 50 of the Complaint, and, therefore, denies such allegations.

**ANSWER NO. 51:**    To the extent that the allegations of Paragraph 51 purport to allege that the HP All-in-One Printer model Plaintiff McMath alleges he purchased requires ink to scan, Defendant denies the allegations of Paragraph 51. To the extent that the allegations of Paragraph 51 purport to quote from or characterize websites or documents, those speak for themselves. Defendant denies the remaining allegations contained in Paragraph 51 of the Complaint.

**ANSWER NO. 52:**    The allegations of Paragraph 52 do not identify any particular image or images and, therefore, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 52 of the Complaint, and, therefore, denies them.

**ANSWER NO. 53:**    To the extent that the allegations of Paragraph 53 purport to characterize box packaging, such box packaging speaks for itself. To the extent the allegations of Paragraph 53 alleges that the HP Deskjet 2655 All-in-One Compact Printer will not scan if the ink levels are low or depleted, Defendant denies the allegations. Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

**ANSWER NO. 54:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 54 of the Complaint, and, therefore, denies them.

**ANSWER NO. 55:**    Denied.

**ANSWER NO. 56:**    To the extent that the allegations of paragraph 56 purport to allege that the HP All-in-One Printer model Plaintiff McMath alleges he purchased requires ink to scan, Defendant denies the allegations of paragraph 56. As to whether Plaintiff McMath would have purchased a printer or what he would have paid for it if the facts were other than they are,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 56 of the Complaint and, therefore, denies them.

**ANSWER NO. 57:**    Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 57 of the Complaint, and, therefore, denies them.

## CLASS ACTION ALLEGATIONS

**ANSWER NO. 58:**    Defendant admits that Plaintiffs purport to bring this action as a class action on behalf of themselves and all other others similarly situated, for a class defined as all persons that purchased an HP All-in-One Printer, in the United States, for personal/household use, at any time within the applicable statute of limitations. Except as expressly admitted, Defendant denies the allegations in Paragraph 58 of the Complaint, denies that certification of any proposed class is appropriate, and denies that this matter is appropriate for class adjudication.

**ANSWER NO. 59:**    Defendant admits that Freund purports to bring this action as a class action on behalf of themselves and all other others similarly situated, for a California subclass defined as all persons that purchased an HP All-in-One Printer, residing in California, for personal/household use, at any time within the applicable statute of limitations. Except as expressly admitted, Defendant denies the allegations in Paragraph 59 of the Complaint, denies that certification of the proposed California subclass or any class is appropriate, and denies that this matter is appropriate for class adjudication.

**ANSWER NO. 60:**    Defendant admits that McMath purports to bring this action as a class action on behalf of themselves and all other others similarly situated, for a class defined as all persons that purchased an HP All-in-One Printer, residing in Minnesota, for personal/household use, at any time within the applicable statute of limitations. Except as expressly admitted, Defendant denies the allegations in Paragraph 60 of the Complaint, denies that certification of the proposed Minnesota subclass or any class is appropriate, and denies that this matter is appropriate for class adjudication.

**ANSWER NO. 61:**    Defendant admits that Plaintiffs purport exclude these class members from the Complaint, but denies that certification of any class is appropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

1    **ANSWER NO. 62:**    Paragraph 62 states legal conclusions to which no response is

2    required.

3    **ANSWER NO. 63:**    Defendant contends that the allegations contained in Paragraph 63

4    state legal conclusions to which no response is required.  To the extent a response is required,

5    Defendant denies this matter is appropriate for class certification and denies each and every

6    allegation contained therein.

7    **ANSWER NO. 64:**    Defendant contends that the allegations contained in Paragraph 64

8    and all its subparts state legal conclusions to which no response is required.  To the extent a

9    response is required, Defendant denies this matter is appropriate for class certification and denies

10    each and every allegation contained therein.

11    **ANSWER NO. 65:**    Defendant contends that the allegations contained in Paragraph 65

12    state legal conclusions to which no response is required.  To the extent a response is required,

13    Defendant denies this matter is appropriate for class certification and denies each and every

14    allegation contained therein.

15    **ANSWER NO. 66:**    Defendant contends that the allegations contained in Paragraph 66

16    state legal conclusions to which no response is required.  To the extent a response is required,

17    Defendant denies this matter is appropriate for class certification and denies each and every

18    allegation contained therein.

19    **ANSWER NO. 67:**    Defendant contends that the allegations contained in Paragraph 67

20    state legal conclusions to which no response is required.  To the extent a response is required,

21    Defendant denies this matter is appropriate for class certification and denies each and every

22    allegation contained therein.

23    **ANSWER NO. 68:**    Defendant contends that the allegations contained in Paragraph 68

24    state legal conclusions to which no response is required.  To the extent a response is required,

25    Defendant denies this matter is appropriate for class certification and denies each and every

26    allegation contained therein.

27    **ANSWER NO. 69:**    Defendant contends that the allegations contained in Paragraph 69

28    state legal conclusions to which no response is required.  To the extent a response is required,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

Defendant denies this matter is appropriate for class certification and denies each and every allegation contained therein.

### CAUSES OF ACTION

#### COUNT I
#### FRAUDULENT OMISSION
#### (On behalf of Plaintiffs & the Nationwide Class)

**ANSWER NO. 70:**    No responsive pleading is required for the allegations in Paragraph 70 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**ANSWER NO. 71:**    Denied.

**ANSWER NO. 72:**    Denied.

**ANSWER NO. 73:**    To the extent that the allegations of Paragraph 73 allege that HP failed to disclose information about or falsely advertised the convenience or functionality of its All-in-One Printers, the allegations are insufficiently pled, and Defendant denies the allegations of Paragraph 73. Defendant lacks sufficient information regarding allegations about undisclosed "consumers'" motivations, state of mind and/or actions and, therefore, denies them.

**ANSWER NO. 74:**    The allegations of Paragraph 74 do not identify any advertisements in particular and to the extent they purport to characterize such unidentified advertisements, they are insufficiently pled and any such advertisements speak for themselves. Further, Defendant contends that all allegations contained in Paragraph 74 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

**ANSWER NO. 75:**    To the extent the allegations of Paragraph 75 allege that the All-in-One printer models listed in the Amended Complaint did not function as advertised, Defendant denies the allegations of Paragraph 75. To the extent the allegations of Paragraph 75 speak to Plaintiffs' and unidentified proposed class members' motives, state of mind and/or actions, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 75 of the Complaint, and, therefore, denies such allegations.

**ANSWER NO. 76:**    Denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

1
2
3

<u>**COUNT II**</u>
**California's Consumer Legal Remedies Act**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of Plaintiff Freund and California Subclass Members)**

4    <u>**ANSWER NO. 77:**</u>    No responsive pleading is required for the allegations in Paragraph

5    77 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding

6    paragraphs as if fully set forth herein.

7    <u>**ANSWER NO. 78:**</u>    Paragraph 78 of the Complaint purports to characterize a statute

8    that speaks for itself, and no response is required.  Except as expressly admitted, the remaining

9    allegations in Paragraph 78 contain conclusions of law, to which no responsive pleading is

10    required, and which are therefore denied.  To the extent a response is required, Defendant denies

11    the remaining allegations in Paragraph 78 of the Complaint.

12    <u>**ANSWER NO. 79:**</u>    Denied.

13    <u>**ANSWER NO. 80:**</u>    Denied.

14    <u>**ANSWER NO. 81:**</u>    Denied.

15    <u>**ANSWER NO. 82:**</u>    Denied.

16    <u>**ANSWER NO. 83:**</u>    Denied.

17    <u>**ANSWER NO. 84:**</u>    Defendant admits that it received a letter from Plaintiffs, the

18    contents of which speak for themselves.  Defendant denies that it did not respond to the letter

19    within the period required by the Civil Code. The remaining allegations in Paragraph 84 of the

20    Complaint contain conclusions of law, to which no responsive pleading is required, and which are

21    therefore denied. To the extent a response is required, Defendant denies the allegations in

22    paragraph 84 of the Complaint.  By way of further response, Defendant specifically denies that

23    Plaintiffs or anyone else has suffered any injury or lost money or property in any amount or at all,

24    and further denies that it has failed to fully rectify or remedy any damages caused after receipt of

25    the letter.

26
27
28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

12

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

1

**COUNT III**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On behalf of Plaintiff Freund and California Subclass Members)**

2

3

4      **ANSWER NO. 85:**    No responsive pleading is required for the allegations in Paragraph

5    85 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding

6    paragraphs as if fully set forth herein.

7      **ANSWER NO. 86:**    Paragraph 86 of the Complaint purports to characterize a statute

8    that speaks for itself, and no response is required.  The remaining allegations in Paragraph 86

9    contain conclusions of law, to which no responsive pleading is required, and which are therefore

10    denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 86 of

11    the Complaint.

12      **ANSWER NO. 87:**    Paragraph 87 of the Complaint purports to characterize a statute

13    that speaks for itself, and no response is required.  The remaining allegations in Paragraph 87

14    contain conclusions of law, to which no responsive pleading is required, and which are therefore

15    denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 87 of

16    the Complaint.

17      **ANSWER NO. 88:**    Denied.

18      **ANSWER NO. 89:**    Denied.

19      **ANSWER NO. 90:**    Denied.

20      **ANSWER NO. 91:**    Denied.

21      **ANSWER NO. 92:**    Denied.

22      **ANSWER NO. 93:**    Denied.

23      **ANSWER NO. 94:**    Denied.

24      **ANSWER NO. 95:**    Denied.

25      **ANSWER NO. 96:**    Denied.

26      **ANSWER NO. 97:**    Denied.

27      **ANSWER NO. 98:**    Denied.

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

13

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

1  **ANSWER NO. 99:**    Paragraph 99 of the Complaint purports to characterize a statute

2  that speaks for itself, and no response is required.  The remaining allegations in Paragraph 99

3  contain conclusions of law, to which no responsive pleading is required, and which are therefore

4  denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 99 of

5  the Complaint.

6  **ANSWER NO. 100:**  Paragraph 100 of the Complaint purports to characterize a statute

7  that speaks for itself, and no response is required.  The remaining allegations in Paragraph 100

8  contain conclusions of law, to which no responsive pleading is required, and which are therefore

9  denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 100

10  of the Complaint.

11  **ANSWER NO. 101:**    The allegations in Paragraph 101 of the Complaint contain

12  conclusions of law, to which no responsive pleading is required, and which are therefore denied.

13  To the extent a response is required, Defendant lacks sufficient knowledge or information to

14  admit or deny the truth of the remaining allegations contained in Paragraph 101 of the Complaint

15  and, therefore, denies them.

16
**COUNT IV**
**VIOLATIONS OF CALIFORNIA'S FALSE**
17  **ADVERTISING LAW, CAL. BUS. & PROF. CODE § 17500, *ET SEQ.***
**(ON BEHALF OF PLAINTIFF FREUND & THE CALIFORNIA SUBCLASS)**
18

19  **ANSWER NO. 102:**  No responsive pleading is required for the allegations in Paragraph

20  102 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding

21  paragraphs as if fully set forth herein.

22  **ANSWER NO. 103:**  Denied as stated. Defendant admits only that it advertises in

23  California.

24  **ANSWER NO. 104:**  Denied.

25  **ANSWER NO. 105:**  Denied.

26  **ANSWER NO. 106:**  Denied.

27  **ANSWER NO. 107:**  To the extent that the allegations in Paragraph 107 allege that HP

28  failed to disclose information about or falsely advertised the functionality of its All-in-One

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

printers, Defendant denies the allegations of Paragraph 107. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 107 regarding unidentified "consumers" motivations, states of mind or actions and, therefore, denies them.

**ANSWER NO. 108:**  Denied.

**ANSWER NO. 109:**  To the extent that the allegations in Paragraph 109 allege that HP omitted any material facts, they are insufficiently pled, and Defendant denies the allegations in Paragraph 109. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 109 of the Complaint as to the motives, state of mind, and/or actions of Plaintiff Freund and unidentified members of a proposed "California Subclass" and, therefore, denies them.

**ANSWER NO. 110:**  Denied.

**ANSWER NO. 111:**  Denied.

**ANSWER NO. 112:**  Denied.

**ANSWER NO. 113:**  Denied.

**ANSWER NO. 114:**  Paragraph 114 of the Complaint purports to characterize a statute that speaks for itself, and no response is required.  Except as expressly admitted, the remaining allegations in Paragraph 114 contain conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 114 of the Complaint.

**ANSWER NO. 115:**  Defendant contends that all allegations contained in Paragraph 115 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant denies the allegations in Paragraph 115 of the Complaint.

**ANSWER NO. 116:**  Defendant contends that all allegations contained in Paragraph 116 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 116 of the Complaint and, therefore, denies them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**COUNT V**
**VIOLATIONS OF MINNESOTA'S DECEPTIVE TRADE PRACTICES ACT,**
**Minn. Stat. § 325D.44, *et seq.***
**(On behalf of Plaintiff McMath and Minnesota Subclass Members)**

**ANSWER NO. 117:**  No responsive pleading is required for the allegations in Paragraph 117 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**ANSWER NO. 118:**  Denied.

**ANSWER NO. 119:**  Denied.

**ANSWER NO. 120:**  Denied.

**ANSWER NO. 121:**  Denied.

**ANSWER NO. 122:**  Denied.

**ANSWER NO. 123:**  Defendant contends that all allegations contained in Paragraph 123 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 123 of the Complaint and, therefore, denies them.

**COUNT VI**
**VIOLATIONS OF MINNESOTA'S FALSE ADVERTISING LAW,**
**MINN. STAT. § 325F.67, *ET SEQ.***
**(ON BEHALF OF PLAINTIFF MCMATH & THE MINNESOTA SUBCLASS)**

**ANSWER NO. 124:**  No responsive pleading is required for the allegations in Paragraph 124 of the Complaint.  Defendant hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**ANSWER NO. 125:**  Denied.

**ANSWER NO. 126:**  Denied.

**ANSWER NO. 127:**  Denied.

**ANSWER NO. 128:**  Denied.

**ANSWER NO. 129:**  To the extent that the allegations of Paragraph 129 allege that HP failed to disclose information about or falsely advertised the convenience or functionality of the All-in-One Printers at issue in this case, Defendant denies the allegations of Paragraph 129.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

Defendant lacks sufficient information to admit or deny allegations in Paragraph 129 as to the motives, state of mind, and/or actions of unidentified "consumers" and, therefore, denies them. Defendant denies the remaining allegations in Paragraph 129 of the Complaint.

**ANSWER NO. 130:**  Denied.

**ANSWER NO. 131:**  To the extent that the allegations of Paragraph 131 allege that HP omitted any material facts, they are insufficiently pled and Defendant denies them. Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 131 of the Complaint concerning the motives, state of mind, and/or actions of Plaintiff McMath or unidentified members of a proposed "Minnesota Subclass" and, therefore, denies them.

**ANSWER NO. 132:**  Denied.

**ANSWER NO. 133:**  Denied.

**ANSWER NO. 134:**  Denied.

**ANSWER NO. 135:**  Denied.

**ANSWER NO. 136:**  Defendant contends that all allegations contained in Paragraph 136 of the Complaint constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 136 of the Complaint and, therefore, denies them.

**AFFIRMATIVE DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery, and has not completed its preparation for trial.  The defenses asserted herein are based on Defendant's present knowledge, information, and belief, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  In addition, Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses.  Defendant therefore expressly reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that Defendant bears the burden of proof or persuasion as to any one of these

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

defenses, Defendant asserts the following separate and independent defenses to the causes of action in the Complaint. The labeling of these defenses as "Affirmative Defenses" is not a concession that they are legally affirmative defenses for which Defendant carries any burden of proof or persuasion.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.     Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, by any and all applicable statutes of limitations.  Specifically, the statutes of limitations for fraudulent omission (Count I), violation of the California Consumer Legal Remedies Act (Count II), and violation of the California False Advertising Law (Count IV) are three years; the statute of limitations for violation of the California Unfair Competition Law (Count III) is four years; and the statutes of limitations for the Minnesota statutory claims (Counts V and VI) are six years.  Any alleged violation of those laws outside those time periods are barred.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate/Avoidable Consequences)

2.     Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because Plaintiffs and/or the others they seek to represent have not appropriately or adequately mitigated their alleged harm, if any.  For instance, HP understands that to the extent there any of its printers suffer from the alleged defects (and it does not agree that any of the at-issue printers suffer from those alleged defects), there are obvious steps that can be taken to bypass any error codes, including clearing the error code or restarting the printer. Further, the damages and the sought-after penalties, if any, must be denied or reduced because Plaintiffs and the others they seek to represent have failed to take advantage of any preventative measures to otherwise avoid harm.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

3.       Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.  Plaintiffs' printers do not suffer from the defects alleged absent any after-market alterations.  To the extent Plaintiffs claims have any validity, it may have been due to Plaintiff's tampering with their printers.

**FOURTH AFFIRMATIVE DEFENSE**

**(Justification)**

4.       Defendant alleges that it engaged in conduct that was justified under the law, and that Defendant always acted in full compliance with its statutory obligations by satisfactorily advertising the capabilities of its All-in-One Printers, and therefore is not liable for any purported injuries or claims which Plaintiff now asserts.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5.       Defendant is informed and believes, and based upon such information and belief avers, that the Complaint, and each and every claim therein, is barred by the doctrine of laches, in that Plaintiffs unreasonably delayed bringing the action.  For example, the basis for Plaintiffs' claims allegedly stems from an October 2018 post on HP's community website.  Moreover, Plaintiff McMath alleges he purchased his at-issue printer in September 2019.  Plaintiffs unreasonably delayed in bringing their claim until June 27, 2022.  Such delay may have led to the loss of relevant evidence, including documents and Plaintiffs' memories related to their contemporaneous interpretation of HP's advertising of the at-issue printers.

**SIXTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

6.       Defendant is informed and believes, and based upon such information and belief avers, that the Complaint, and each and every claim therein, is barred for the reason that, by their actions, including, without limitation, the use of their printers without complaint to HP for almost

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

three years for Plaintiff McMath and for one year for Plaintiff Freund, Plaintiffs are estopped from asserting Plaintiffs' claims and/or the claims of some or all of the putative class members.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

7.     Plaintiffs' request and/or the requests of some or all of the putative class members for damages is barred because the damages they seek would result in them receiving more money than they are entitled to, because, among other things, the products that Plaintiffs and the putative class members purchased was worth the purchase price paid.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.  Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## JURY DEMAND

HP demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Court denies Plaintiffs' request to certify this action as a class action;

2.     That Plaintiffs take nothing by reason of the Complaint and that the Complaint be dismissed in its entirety with prejudice;

3.     That judgment be entered in favor of Defendant and against Plaintiffs on all claims alleged in the Complaint;

4.     That Defendant be awarded its reasonable costs of suit incurred herein;

5.     That Defendant be awarded its reasonable attorneys' fees incurred in defending this action pursuant to applicable law, and/or any other applicable statutory attorney fee provision(s); and

6.     That the Court award Defendant such other and further relief as the Court deems just and proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

1

2

Dated: November 22, 2023                    MORGAN, LEWIS & BOCKIUS LLP

3

4                                          By  /s/ *Molly Moriarty Lane*
                                               Molly Moriarty Lane
5                                              Phillip J. Wiese
                                               Christina Chen
6
                                           *Attorneys for Defendant*
7                                          *HP Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

DEFENDANT'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT